1  JULIE A. DUNNE, Bar No. 160544
   LARA K. STRAUSS, Bar No. 222866
2  JOSHUA LEVINE, Bar No. 239563
   LITTLER MENDELSON
3  A Professional Corporation
   501 W. Broadway
4  Suite 900
   San Diego, CA 92101.3577
5  Telephone:   619.232.0441

6  Attorneys for Defendant

7  NORDSTROM, INC.

8

9

10

**FILED**

**10 DEC 28 PM 1:33**

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              **DEPUTY**

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GINO MARAVENTANO,<br><br>          Plaintiff,<br><br>     v.<br><br>NORDSTROM, INC., a Washington Corporation; and DOES 1 through 10, inclusive,<br><br>          Defendant | Case No. **'10 CV 2671  W     WMc**<br><br>(San Diego Superior Court Case No. 37-2010-00060965-CU-OE-NC)<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446** |

20      TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE SOUTHERN

21  DISTRICT OF CALIFORNIA:

22      PLEASE TAKE NOTICE that Defendant Nordstrom, Inc. ("Defendant" or "Nordstrom")

23  hereby removes this action from the Superior Court in the State of California for the County of San

24  Diego, North County to the United States District Court for the Southern District of California.

25  Nordstrom bases removal on 28 United States Code sections 1332(d) (the Class Action Fairness

26  Act), 1441 and 1446 on the following grounds:

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL
Firmwide:98912768.1 058713.1027                    1.

**PLEADINGS, PROCESS AND ORDERS**

1.    On or about October 20, 2010, Plaintiff Gino Maraventano ("Plaintiff") filed a putative class action complaint in the Superior Court of the State of California for the County of Sacramento entitled *Gino Maraventano v. Nordstrom, Inc., a Washington Corporation; and DOES 1 through 10, inclusive,* Case No. 37-2010-00060965 (referred to as "the Complaint").

2.    Plaintiff's Complaint asserts four causes of action for: (1) violation of Labor Code section 1197's minimum wage obligations; (2) violation of Labor Code sections 201, 202 and 203 for failure to timely pay wages at separation; (3) violation of Labor Code section 226 for failure to provide accurate itemized wage statements; and (4) unfair business practices in violation of California Business and Professions Code section 17200. (*See generally* Exhibit A, Complaint ("Complaint").

3.    In addition to his own claims, Plaintiff generally seeks to represent a class of "all current and former employees that worked for Defendant as commissioned salespeople or in a substantially similar position under a different title, within the state of California, who were not paid the state mandated minimum wage for all hours worked within a four-year period prior to the filing of this Complaint through the final disposition of this action. . . ." (Complaint, ¶ 11).

4.    The primary factual basis for Plaintiff's claims is an assertion that Nordstrom "maintained a policy whereby Plaintiff and Class Members were not paid for hours spent on what Defendant termed 'stocking time' or 'stocking duties' unless they failed to meet their minimum commission draw. This 'stocking time' was spent off the sales floor, and performed prior to the store opening, during certain shifts, and/or after a sales shift. Defendant did not, and would not, pay Plaintiff and Class Members any compensation for 'stocking time' if the employee's minimum draw was reached." (Complaint, ¶ 19-22, 27.)

5.    True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Reassignment, Clerk's Certificate of Service By Mail, Notice to Litigants/ADR Information Packet and Stipulation to Alternative Dispute Resolution Process, are attached hereto as Exhibit A. (Declaration of Lara K. Strauss ("Strauss Decl."), ¶ 2.)

ER MENDELSON
SIONAL CORPORATION
W Broadway
Suite 900
CA 92101.3577
732.0441

1      6.    Plaintiff served Nordstrom with the documents attached as Exhibit A on November

2  29, 2010 through CT Corporation, Nordstrom's agent for service of process.  A true and correct copy

3  of CT Corporation's Service of Process Transmittal to Defendant is attached hereto as Exhibit B.

4  (Strauss Decl., ¶ 3.)

5      7.    Nordstrom did not answer Plaintiff's Complaint in San Diego County Superior Court

6  prior to removal and is not aware of any further proceedings or filings regarding this action in the

7  San Diego County Superior Court.  (Strauss Decl., ¶ 4.)

8             **STATEMENT OF JURISDICTION AND VENUE**

9      8.    This Court has original jurisdiction over this action under the Class Action Fairness

10  Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).  In relevant part, CAFA grants district courts

11  original jurisdiction over civil class actions filed under federal or state law in which any member of a

12  class of plaintiffs is a citizen of a state different from any defendant, the aggregate number of

13  proposed plaintiffs is 100 or greater, and where the amount in controversy for the putative class

14  members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.

15  *Id.*  The Act authorizes removal of such actions pursuant to United States Code, title 28, section

16  1446.  For the reasons detailed below, this case meets all of CAFA's requirements for removal and is

17  timely and properly removed through this notice.

18      9.    Venue is proper in this Court because it covers the district where the state court action

19  is pending.  *See* 28 U.S.C. § 1441(a).

20  **PUTATIVE CLASS ACTION UNDER STATE LAW AND ALLEGED CLASS SIZE**

21      10.    CAFA defines a "class action" as any civil action filed under Federal Rule of Civil

22  Procedure 23 or any similar state statute.  28 U.S.C. § 1332(d)(1)(B).  Plaintiff has pled this action as

23  a class action.  (Complaint, Caption and ¶¶ 3, 11-19.)

24      11.    Plaintiff also specifically alleges that there in excess 10,000 putative class members,

25  which, on its face demonstrates that the potential class exceeds the minimum number required for

26  CAFA jurisdiction.  (Complaint, ¶ 13(a).)  Nordstrom does not concede the class size as pled, but the

27  Court looks to Plaintiff's allegations and claimed damages for purposes of removal.  *See Schiller v.*

28  *David's Bridal, Inc.*, 2010 U.S. Dist. LEXIS 81128, *6 (E.D. Cal. 2010) *citing Kenneth Rothschild*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL
Firmwide:98912768.1 058713.1027

3.

1   *Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (recognizing that

2   the ultimate inquiry is what is put "in controversy" by the plaintiff's complaint, not what a defendant

3   will actually owe); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D.

4   Cal. 2009) (stating that "a removing defendant is not obligated to 'research, state, and prove the

5   plaintiff's claims for damages'" and so would not concede plaintiff's allegations through removal)

6   (citations omitted).   Regardless, the Declaration of Janis Walsh establishes that the class size is

7   above the CAFA threshold.

8                                             **CITIZENSHIP**

9          12.    During all relevant times, Plaintiff resided and worked in the State of California.

10   (Complaint, ¶¶ 3, 18.)  Plaintiff is therefore a citizen of the State of California.  *See* 28 U.S.C. §

11   1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *State Farm Mut.*

12   *Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (recognizing that residence is prima facie

13   evidence of domicile for purposes of determining citizenship).

14          13.    Additionally, the Complaint alleges that the potential class includes all commissioned

15   salespeople or individuals in similarly-titled persons who worked for Nordstrom "within the state of

16   California" at any time on or after October 20, 2006.  (Complaint, ¶ 11.)  By definition, Plaintiff's

17   proposed class includes individuals employed in, and thus residents of, the State of California.  *Id.*

18   Plaintiff's proposed class therefore consists of citizens of California similar to Plaintiff.  *See Dist. of*

19   *Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (noting that while residence alone is not the

20   equivalent of citizenship, the place where a person lives is properly taken as their domicile "until

21   facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 520.

22          14.    A corporation is deemed to be a citizen of the state in which it has been incorporated

23   and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal

24   place of business refers to its nerve center or, in other words, the location where the corporation's

25   high level officers direct, control, and coordinate the corporation's activities.  *See Hertz Corp. v.*

26   *Friend*, 559 U.S. __, 130 S.Ct. 1181, 1186, 1192-94 (2010).  Except in unusual circumstances, a

27   corporation's corporate headquarters is its nerve center.  *Id.*  Nordstrom is incorporated in the State

28   of Washington, and its executive and administrative offices are located in Seattle, Washington.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL                                    4.
Firmwide:98912768.1 058713.1027

1   (Declaration of Janis Walsh ("Walsh Decl."), ¶ 2.) Thus, Nordstrom was at the time of the filing of

2   this action, and remains, a citizen of the State of Washington.

3       15.     Defendant Does 1 through 10, inclusive, are fictitious. Under United States Code,

4   title 28, section 1441(a), courts must disregard the citizenship of defendants sued under fictitious

5   names for the purpose of determining diversity jurisdiction. *McCabe v. Gen. Foods Corp.*, 811 F.2d

6   1336, 1339 (9th Cir. 1987). Defendants sued under fictitious names therefore cannot destroy

7   diversity of citizenship between the parties. *See id.*

8       16.     CAFA's diversity requirement is satisfied by the fact that Plaintiff and the putative

9   class members are citizens of a different state from Nordstrom.

10                          **AMOUNT IN CONTROVERSY**

11      17.     CAFA authorizes the removal of class actions where, in addition to the other factors

12  outlined above, the amount in controversy for all class members in the aggregate exceeds $5 million.

13  28 U.S.C. § 1332(d).

14      18.     Plaintiff's Complaint is silent as to the total amount in controversy. The failure of the

15  Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff,

16  however, does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.

17  Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the

18  failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any

19  plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its

20  claim"). Where, as here, the amount in controversy is not set forth in the state court complaint,

21  Defendants need only establish by a preponderance of the evidence that Plaintiff's claims put more

22  than the jurisdictional minimum at issue. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699

23  (9th Cir. 2007); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997);

24  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

25      19.     Although Defendant denies Plaintiff's claims of wrongdoing and denies that Plaintiff

26  and/or the putative class are entitled to any relief, the Court must look to the allegations of Plaintiff's

27  Complaint to determine the amount in controversy. *See Schiller*, 2010 U.S. Dist. LEXIS 81128, *6,

28  *27-28 (recognizing that the ultimate or provable amount of damages is not what is considered

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL
Firmwide:98912768.1 058713.1027                    5.

1    when determining the amount in controversy, but rather the amount put in controversy by the

2    plaintiff's complaint and holding plaintiff established $5 million amount in controversy for purposes

3    of the CAFA) *citing Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394,

4    399 (2d Cir. 2003).

5        20.    Plaintiff's allegations combined with the numbers set forth below establish that the

6    amount in controversy exceeds $5 million.  Specifically:

7        a.    As of each of the following dates, Nordstrom employed the following number of

8    salespeople or individuals in similar positions earning commissions only, not an hourly or salaried

9    wages, through a commissioned draw plan ("California Commissioned Employees")[1]:

10            (i)    over 2,000 California Commissioned Employees as of February 1, 2007;

11            (ii)    over 2,000 California Commissioned Employees as of February 1, 2008;

12            (iii)    over 2,000 California Commissioned Employees as of February 1, 2009; and

13            (iv)    over 2,000 California Commissioned Employees as of February 1, 2010

14    (Walsh Decl., ¶ 3.)

15            During the period from October 20, 2007 through October 30, 2010, Nordstrom had over

16    1,500 California Commissioned Employees separate their employment.  (Walsh Decl., ¶ 4.)

17        b.    Plaintiff's first claim alleges he and putative class members "were not paid for

18    *hours* spent on Defendants called 'stocking time' or 'stocking duties.'"    (Complaint, ¶ 19)

19    (Emphasis added.)   Plaintiff seeks minimum wages for the hours that California Commissioned

20    Employees spent on "stocking time" each day during workweeks when they earned commissions (as

21    opposed to workweeks when their commissions did not exceed a set minimum draw and they were

22    instead paid through the minimum draw). (Complaint, ¶ 19.)   Plaintiff does not specify in his

23    Complaint exactly how many hours he and other California Commissioned Employees spent on

24    "stocking time" each day, but it is clear that he intends to plead multiple hours.  Plaintiff seeks to

25    ---

[1] Plaintiff's Complaint alleges a putative class of all commissioned salespeople without restriction.
However, the alleged purported minimum wage violation could only have impacted employees
earning commissions only or commissions plus draw, not individuals earning a set hourly or salaried
wage.  Nordstrom assumes that limitation for purposes of evaluating the amount in controversy.
Should Plaintiff attempt to pursue the litigation without this restriction, it will only increase the
amount in controversy.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE OF REMOVAL                         6.
Firmwide:98912768.1 058713.1027

1    recover unpaid wages for the alleged "stocking time" at the applicable California minimum wage

2    rate. (Complaint, ¶ 29.)  Through Plaintiff's fourth claim under California Business and Professions

3    Code section 17200, Plaintiff seeks to recover these unpaid wages dating back four years to October

4    20, 2006. (Complaint, ¶¶ 11, 40.); *see also* Cal. Civ. Code § 338 (three year statute of limitations);

5    Cal. Bus. & Prof. Code § 17203 (four year statute of limitations).   Assuming that Nordstrom

6    California Commissioned Employees worked two hours of unpaid "stocking time" during each

7    workweek, the total amount placed in controversy for this claim can be calculated as follows:

| Calendar Year | Unpaid "Stocking Time" Per Workweek | No. of CA Commissioned Employees as of February 1 | CA Minimum Wage | No. of Workweeks Per Year** | Total |
|---|---|---|---|---|---|
| 2006 (Oct. 20-Dec. 31 only) | 2 hours | 2,000 | $6.75 | 2 | $81,000 |
| 2007 | 2 hours | 2,000 | $7.50 | 43 | $1,290,000 |
| 2008 | 2 hours | 2,000 | $8.00 | 43 | $1,376,000 |
| 2009 | 2 hours | 2,000 | $8.00 | 43 | $1,376,000 |
| 2010 (Jan 1 through Nov. 30, 2010 only) | 2 hours | 2,000 | $8.00 | 39 | $1,248,000 |
| | | | | **Grand Total** | **$5,371,000** |

** This analysis assumes that there were 9 workweeks in each year that employees either were off of work due to vacation and/or earned a draw due to low sales and so would not have experienced the alleged violation.

20          c.     In his second claim, Plaintiff alleges that Nordstrom failed to pay putative class

21    members all wages owed at the time of separation in violation of California Labor Code sections 201

22    through 202 because it failed to pay minimum wage for stocking time for California Commissioned

23    Employees on workweeks when they earned commissions, not their minimum draw.  (Complaint, ¶¶

24    30-33.)  As a result, Plaintiff seeks 30 days' waiting time penalties under California Labor Code

25    section 203 for himself and other putative class members.  (Complaint, ¶ 33.).  The statute of

26    limitations for this claim is three years and so the claim reaches back to October 20, 2007. *Pineda v.*

27    *Bank of America, N.A.*, 50 Cal. 4th 1389 (2010). 30 days of waiting time penalties at eight hours per

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1    day at the $8.00 California minimum wage rate in effect since January 1, 2008 equals $1,920.  As

2    noted above, from October 20, 2007 through the end of October 2010, over 1,500 California

3    Commissioned Employees separated from Nordstrom.  (Walsh Decl., ¶ 4.)  Waiting time penalties

4    for 1,500 employees at the California minimum wage rate puts at least another $2,880,000 in

5    controversy.

6            e.       Plaintiff's third claim alleges that Nordstrom failed to provide accurate and

7    complete, itemized wage statements under California Labor Code Section 226 because it failed to

8    pay employees minimum wage for stocking time.  (Complaint, ¶¶ 34-36.)  Section 226(e) allows an

9    employee to recover the greater of actual damages caused by a wage statement violation or $50 in

10   penalties for the first violation and $100 in penalties for subsequent violations with a $4,000

11   maximum per employee cap on penalties and subject to a one-year statute of limitations.  *See* Cal.

12   Lab. Code § 226(e).  Assuming that penalties can be collected over just one year and assuming one

13   pay period for a year at $50 and an additional 23 pay periods at $100 for the remainder of the year

14   would total $2,350 per employee for one year.   That amount times just 500 of Nordstrom's

15   California Commissioned Employees, puts another $1,150,000 in penalties in controversy.

16           f.       Plaintiff also seeks attorneys' fees, which the Court should consider and include

17   in the amount in controversy since the California Labor Code allows such recovery.  (Complaint,

18   Prayer For Relief); *see* Cal. Lab. Code § 218.5; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

19   (9th Cir. 1998) (recognizing that attorneys' fees provided by statute are properly included in

20   evaluating the amount in controversy).  Attorneys' fees in awards in California wage-hour class

21   actions can total hundreds of thousands of dollars.  *See, e.g., McGuigan v. City of San Diego*, 183

22   Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Pellegrino*

23   *v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in

24   attorneys' fees in exemption misclassification class case, but reversing as to multiplier); *Vasquez v.*

25   *California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims

26   involving failure to pay wages, liquidated damages, penalties and waiting time penalties); *Amaral v.*

27   *Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $757,000 in

28   attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL                                        8.
Firmwide:98912768.1 058713.1027

1  violations of a living wage ordinance, the California Labor Code as well as unfair competition and

2  contract claims).  The Court should therefore consider attorneys' fees of at least $450,000 as part of

3  the amount in controversy.

4         g.    In sum, Plaintiff's claim for failure to pay minimum wage for stocking time

5  combined with penalties under California Labor Code sections 203 and 226 and $450,000 in

6  attorneys' fees exceeds $9 million.

7      21.    Accordingly, although Nordstrom denies Plaintiff's claims of wrongdoing and denies

8  that Plaintiff and the putative class are entitled to any monies, the facial allegations in Plaintiff's

9  Complaint establish that the total amount of monetary relief sought by the putative class members

10  significantly exceeds CAFA's $5 million threshold.

11  **TIMELINESS OF REMOVAL**

12      20.    This Notice of Removal is timely as Nordstrom filed it within thirty (30) days of

13  service of the Complaint.  (Ex. B.)

14  **NOTICE TO PLAINTIFF**

15      22.    Contemporaneously with the filing of this Notice of Removal in the United States

16  District Court for the Southern District of California, counsel for Nordstrom is serving written notice

17  of the filing on Plaintiff's counsel of record:  Matthew Archbold and David Deason of Deason &

18  Archbold, 3300 Irvine Ave., Suite 245, Newport Beach, California 92660 and Steven Barnhill and

19  Maxim Vaynerov, Barnhill & Vanerov, 8200 Wilshire Boulevard, Suite 400, Beverly Hills,

20  California 90211.  In addition, a copy of the Notice of Removal will be filed with the Clerk of the

21  Court for the San Diego Superior Court.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL
Firmwide:98912768.1 058713.1027

9.

1    Because Nordstrom has demonstrated satisfaction of all CAFA requirements and has and/or

2    will provide proper notice of removal, Nordstrom requests the above-entitled action be removed

3    from the San Diego Superior Court to the Southern District of California.

4

5    Dated: December 2̸0̸ , 2010

6

7    JULIE A. DUNNE
     LARA K. STRAUSS
8    JOSHUA LEVINE
     LITTLER MENDELSON
9    A Professional Corporation
     Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL                                    10.
Firmwide:98912768.1 058713.1027

**EXHIBIT A**

11-29-10
2:55 pm

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NORDSTROM, INC., a Washington Corporation; and
DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GINO MARAVENTANO

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SAN DIEGO, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego County Superior Court

North County Regional Center
325 South Metro; Vista, CA 92081

**CASE NUMBER:**
*(Número del Caso):*

**37-2010-00060965-CU-OE-NC**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew F. Archbold; 3300 Irvine Avenue, Suite 245; Newport Beach, CA 92660; 949-794-9560

**DATE:** OCT 20 2010
*(Fecha)*

Clerk, by **M.L. BATES** , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Nordstrom, Inc, a Washington Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   Matthew F. Archbold (CA SBN 210369)
    e-mail: matthew@yourlaborlawyers.com
2   David D. Deason (SBN 207733)
    e-mail: david@yourlaborlawyers.com
3   DEASON & ARCHBOLD
    3300 Irvine Avenue, Suite 245
4   Newport Beach, CA 92660
    Telephone: (949) 794-9560
5   Facsimile: (949) 794-9517

6   BARNHILL & VAYNEROV LLP
    Steven M. Barnhill, Bar No. 123000
7   Maxim Vaynerov, Bar No. 177520
    8200 Wilshire Boulevard, Suite 400
8   Beverly Hills, California 90211
    Telephone: (310) 943-8989
9

Attorneys for Individual and Representative Plaintiff

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO – NORTH COUNTY REGIONAL CENTER

| | |
|---|---|
| GINO MARAVENTANO, | Case No.: **37-2010-00060965-CU-OE-NC** |
| Plaintiff, | [CLASS ACTION PURSUANT TO |
| vs. | CODE OF CIVIL PROCEDURE § 382] |
| NORDSTROM, INC., a Washington Corporation; and | **COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |
| DOES 1 through 10, inclusive, | |
| Defendants. | 1. Violation of Labor Code Section 1197; |
| | 2. Violation of Labor Code Sections 201, 202 & 203; |
| | 3. Violation of Labor Code Section 226; and |
| | 4. Violation of Business and Professions Code §17200, et seq. |

## JURISDICTION

1. This Court has jurisdiction over this action as the controversy arises under the laws of the State of California.

## VENUE

2. Venue is proper in the San Diego County Superior Court because a substantial part of the acts, events, or omissions giving rise to the action occurred in this County, and Defendant resides and/or operates a place of business within the County of San Diego.

## PARTIES

3. Individual and representative Plaintiff, Gino Maraventano (hereinafter "MARAVENTANO"), is a resident of San Diego County, in the State of California. He was employed by Defendant from approximately April, 2003 through June, 2009. Plaintiff brings his claims on behalf of himself and the California class, as set forth below.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant NORDSTROM, INC. (hereinafter "NORDSTROM" or "Defendant") was and is a Washington corporation doing business under and by virtue of the laws of the State of California.

6. Each of the DOES 1 through 10, inclusive, is so named because Plaintiff does not know their true names and/or capacities at this time. Plaintiff will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

7. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that each defendant was an agent, employee, partner, joint enterprise, and/or alter ego of or with each of the other remaining defendants, and in doing the things herein alleged were acting within the scope and course of such agency and/or employment. Upon information and belief, each of

1

1  the fictitiously named defendants are responsible in some manner for the

2  occurrences herein alleged, and Plaintiff's injuries as herein alleged, as well as the

3  injuries of the putative class, were proximately caused by such defendants.

4      8.    The defendants, and each of them, save and except Defendant

5  NORDSTROM, which is being sued as an entity, are sued in their individual and

6  official capacities.

7      9.    The acts of defendants were in accordance with, and represent the

8  official policies of NORDSTROM, or those whose edicts or acts may fairly be said

9  to represent official policies hereinafter set forth.

10      10.    Each defendant herein willfully committed, ordered, directed,

11  supervised, allowed, planned, ratified, concealed, organized or otherwise

12  participated in the unlawful acts complained of herein.

13  **CLASS ACTION ALLEGATIONS**

14      11.    Plaintiff brings this action as a class action pursuant CCP § 382 on

15  behalf of all current and former employees that worked for Defendant as

16  commissioned salespeople or in a substantially similar position under a different

17  title, within the state of California, who were not paid the state mandated minimum

18  wage for all hours worked within the four-year period prior to the filing of this

19  Complaint through the final disposition of this action ("Class Members"). Such

20  persons have been denied their minimum wages for all hours worked in violation

21  of the California Labor Code.

22      12.    Defendant's failure to pay Plaintiff and Class Members all of their

23  state mandated minimum wages for all hours worked, violates California Labor

24  Code Section 1197. Defendant's failure to pay Plaintiff and Class Members all of

25  their unpaid minimum wages in a timely manner upon resignation or termination

26  for such hours worked also violated California Labor Code Section 203.

27  Defendant's failure to properly record the hours worked and rates of pay for

28  Plaintiff and Class Members also violated California Labor Code Section 226.

2

1    Defendant's failure to properly compensate Plaintiff and Class Members in

2    accordance the California Labor Code constitutes an unlawful business practice in

3    violation of California Business and Professions Code Section 17200 *et seq.*

4        13.    There is a well defined community of interest in the litigation and the

5    class is easily ascertainable:

6            a.    Numerosity:  Plaintiff is informed and believes, and thereon

7    alleges, that the proposed Class is so numerous as to make joinder impracticable.

8    Plaintiff is informed and believes, and thereon alleges, that the total number of

9    putative class members, as defined above, exceeds 10,000 and that such persons

10   are located in all parts of the state of California and throughout the various United

11   States.

12           b.    Common questions predominate:  This action is maintainable by

13   Plaintiff under CCP, Section 382 as a class action because the questions of law and

14   fact common to the class predominate over any questions affecting individual

15   members and, on balance, a class action is superior to other methods available for

16   adjudicating the controversy. The rights which are the subject of this action are

17   common to all Class Members who worked for Defendant within California, and

18   Plaintiff's claims, as hereinafter set forth, are typical of the claims of all Class

19   Members including, but not limited to:

20           i)    Whether Defendant failed to properly compensate Plaintiff and

21   Class Members the state mandated minimum wage for all hours worked in

22   violation of the California state wage and hour laws;

23           ii)    Whether Defendant failed to properly record and keep adequate

24   records of all of the hours worked by Plaintiff and Class Members, and whether

25   Defendant provided a proper itemized statement of minimum wages earned and

26   hours worked, as required under state law; and

27           iii)    Whether Plaintiff and Class Members are entitled waiting time

28   penalties pursuant to Cal. Labor Code Section 203.

3

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

c.     Typicality:  Plaintiff's claims, as well as Defendant's defenses to such claims, are typical of the claims and defenses of the putative class. Plaintiff and Class Members all sustained damages arising out of Defendant's common practices of requiring its Commissioned Salespeople and other employees who worked in a substantially similar position under a different title, to work certain hours without paying the state mandated minimum wage for all such hours worked; and failing to provide and accurate itemized statement of wages earned, hours worked and rates of pay for each Commissioned Salesperson.  Plaintiff had the same, or substantially similar, duties and job responsibilities, and was compensated under the same policy as Class Members.

d.     Adequacy:  Plaintiff is an adequate representative of the class in that his claims are typical of each class member and he has no interests antagonistic to or in conflict with the interests of other Class Members.  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member.  Moreover, to represent his interests and the interests of the proposed class, Plaintiff has retained counsel experienced in nationwide, and statewide, wage and hour collective and class action litigation.

e.     Superiority:   Class action adjudication is superior to other available methods because a class action will achieve economies of time, effort, and expense as compared to separate lawsuits, and avoid inconsistent outcomes, because the same issues can be adjudicated in the same manner for the entire class. Plaintiff is currently unaware of any pending litigation commenced by any other class member involving the same issues in this Complaint.  Further, it is desirable to concentrate the litigation of such claims in this forum, and there are no difficulties likely to be encountered in the management of the class action.

f.     Public Policy Consideration:  Employers throughout the state violate wage and hour laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are

4

1   "stocking duties" unless they failed to meet their minimum commission draw.

2   This "stocking time" was spent off the sales floor, and performed prior to the store

3   opening, during certain shifts, and/or after a sales shift.  Defendant did not, and

4   would not, pay Plaintiff and Class Members any compensation for "stocking time"

5   if the employee's minimum draw was reached.

6          20.   Throughout Plaintiff's employment, and because of Defendant's

7   failure to pay minimum wages due for all hours worked performing stocking

8   duties, Defendant did not accurately reflect all of Plaintiff and Class Members'

9   hours worked and rates of compensation on their pay stubs.

10         21.   After Plaintiff's employment with Defendant ended, he was not paid

11   for his unpaid minimum wages, and remains uncompensated.

12         22.   Defendant knew or should have known that Plaintiff and Class

13   Members were not paid minimum wages for all hours worked in that Defendant, or

14   its agents, officers and employees, required Plaintiff to work such hours and were

15   responsible for establishing the policies that prohibited Plaintiff, and the other

16   Class Members, from receiving minimum wage compensation for all of their hours

17   worked performing "stocking duties".  Defendant knowingly accepted the benefits

18   of Plaintiff's labor, and the labor of Class Members, without providing lawful

19   compensation.

20         23.   Plaintiff is informed and believes, and thereon alleges, that at all times

21   set forth herein, Defendant was advised by skilled lawyers and other professionals,

22   employees and advisors knowledgeable about California employment and wage

23   laws.  Plaintiff is further informed and believes, and thereon alleges, that at all

24   times relevant to this Complaint, Defendant knew or should have known that

25   Plaintiff and other Commissioned Salespeople were not being properly

26   compensated minimum wage for all of their hours worked under California law.

27         24.   These actions by Defendant amount to blatant and willful violations of

28   the California labor code.  Therefore, Plaintiff is informed and believes, and

6

1    thereon allege, that at all times relevant herein, Defendant knew that it had a duty

2    to pay Plaintiff and Class Members minimum wage for each and every hour

3    worked.

4        25.    Plaintiff is informed and believes that Defendant willfully, knowingly

5    and intentionally failed to comply with California law all in order to increase

6    Defendant's profits.

7    **FIRST CAUSE OF ACTION**

8    **VIOLATION OF CALIFORNIA LABOR CODE § 1197**

9        26.    Plaintiff reasserts and realleges paragraphs 1 through 25, inclusive, as

10   though fully set forth and incorporate said paragraphs herein by reference.

11       27.    Due to Defendant's policy whereby Plaintiff and Class Members were

12   not paid for hours spent on what Defendant termed "stocking time" or "stocking

13   duties" unless they failed to meet their minimum commission draw. Plaintiff and

14   Class Members were not paid minimum wage for each and every hour they worked

15   for Defendant.

16       28.    The Defendant's conduct described in this Complaint violates the

17   provisions of California Labor Code § 1197 which provides that the payment of a

18   wage less than the minimum so fixed is unlawful.

19       29.    Defendant has failed, and continues to fail, to pay Plaintiff and Class

20   Members their minimum wages due. Therefore, Plaintiff and Class Members are

21   entitled to recover the unpaid balance of minimum wage compensation Defendant

22   owes, plus interest on that amount, liquidated damages, reasonable attorney's fees,

23   and costs of this suit pursuant to California Labor Code § 1194(a) and §1194.2.

24   **SECOND CAUSE OF ACTION**

25   **VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 AND 203**

26       30.    Plaintiff reasserts and realleges paragraphs 1 through 29, inclusive, as

27   though fully set forth and incorporates said paragraphs herein by reference.

28   //

7

31.    The Defendant's conduct, as described in this Complaint, violates the provisions of California Labor Code § 203 which provides that "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days . . . . Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

32.    Defendant's failure to pay Plaintiff and/or any Class Members their minimum wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ, violated California Labor Code Section 201 and/or Section 202.

33.    Therefore, Plaintiff and/or any Class Members who are no longer employed by Defendant are entitled to recover from Defendant the statutory penalty for each day that they were not paid at their regular rate of pay up to a thirty (30) day maximum pursuant to California Labor Code § 203.

### THIRD CAUSE OF ACTION

### WILLFUL VIOLATION OF CALIFORNIA LABOR CODE § 226

34.    Plaintiff reasserts and realleges paragraphs 1 through 33, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

35.    Defendant either recklessly or knowingly and intentionally failed to provide Plaintiff and Class Members an accurate itemized statement of all minimum wages earned and all hours worked, as required under state law for each workday and each workweek.

36.    Therefore, Plaintiff and Class Members are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code § 226(a) or an aggregate penalty not exceeding

8

1    four thousand dollars ($4000), and an award of costs and reasonable attorney's fees

2    pursuant to Labor Code § 226(e).

### FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

### CODE SECTIONS 17200 *et seq*

### UNFAIR BUSINESS PRACTICES

7    37.    Plaintiff reasserts and realleges paragraphs 1 through 36, inclusive, as

8    though fully set forth and incorporates said paragraphs herein by reference.

9    38.    Plaintiff brings this cause of action on behalf of all current and former

10   employees that worked for Defendant as "Commissioned Salespeople," or in a

11   substantially similar position under a different title, within the state of California

12   and who were not paid the state mandated minimum wage for all hours worked

13   within the four-year period prior to the filing of this Complaint through the final

14   disposition of this action.

15   39.    Defendant's failure to pay the legally mandated wages as discussed

16   above in violation of California law constitutes an unlawful business act and

17   practice in violation of Business and Professions Code §17200 *et seq.*

18   40.    Pursuant to Business and Professions Code Section 17200 *et seq.,*

19   Plaintiff and Class Members employed by Defendant are entitled to restitution of

20   their uncompensated minimum wages accrued, which have been withheld and

21   retained by Defendant during a period that commences four years prior to the filing

22   of this action; a permanent injunction requiring Defendant to properly compensate

23   "Commissioned Salespeople" for all of their minimum wages due; an award of

24   attorney fees pursuant to Code of Civil Procedure § 1021.5 and other applicable

25   law; and costs.

### PRAYER FOR RELIEF

### Certification

28   1.    That this action be certified as a Class pursuant to CCP, Section 382;

9

1      2.     That Plaintiff be appointed as the representative of the Class; and

2      3.     That Counsel for Plaintiff be appointed as Counsel for the Class.

3      WHEREFORE, Plaintiff and Class Members pray for relief against

4 Defendant as follows:

As to the First Cause of Action

6      1.     For general unpaid wages at minimum wage rates, and such general

7 and special damages as may be appropriate;

8      2.     For reasonable attorney's fees pursuant to California Labor Code §

9 1194(a);

10     3.     For pre-judgment interest on any unpaid minimum wage

11 compensation due from the day such amounts were due;

12     4.     For liquidated damages pursuant to California Labor Code § 1194.2(a)

13 in an amount equal to the minimum wages unpaid and interest on that amount;

14     5.     For costs of suit incurred herein; and

15     6.     For such other and further relief as the Court may deem appropriate.

As to the Second Cause of Action

17     1.     For all actual, consequential, and incidental losses and damages,

18 according to proof;

19     2.     For statutory penalties pursuant to California Labor Code § 203;

20     3.     For reasonable attorney's fees;

21     4.     For costs of suit incurred herein; and

22     5.     For such other and further relief as the Court may deem appropriate.

As to the Third Cause of Action

24     1.     For all actual, consequential, and incidental losses and damages,

25 according to proof;

26     2.     For statutory penalties pursuant to California Labor Code § 226(e);

27     3.     For reasonable attorney's fees pursuant to California Labor Code §

28 226(e);

10

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem appropriate.

<u>As to the Fourth Cause of Action</u>

1.     For all actual, consequential, and incidental losses and damages, according to proof;

2.     For restitution of uncompensated overtime and accrued interest to all Class Members employed by Defendants in California;

3.     For a permanent injunction requiring Defendants to properly compensate all Class Members employed by Defendants in California for all of their minimum wages due;

4.     For reasonable attorney's fees, pursuant to Code of Civil Procedure § 1021.5;

5.     For costs of suit incurred herein; and

6.     For such other and further relief as the Court may deem appropriate.

DATED: October 18, 2010                    DEASON & ARCHBOLD

By: _____
        Matthew F. Archbold
        Attorneys for Plaintiff

11

1

2 ## **DEMAND FOR JURY TRIAL**

3     Plaintiff hereby demands a jury trial as provided California Code of Civil

4 Procedure, section 592.

5 DATED: October 18, 2010                    DEASON & ARCHBOLD

6

7                                    By:_____

8                                           Matthew F. Archbold
                                            Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew F. Archbold (SBN 210369)<br>DEASON & ARCHBOLD<br>3300 Irvine Avenue, Suite 245<br>Newport Beach, CA 92660<br>TELEPHONE NO.: 949-794-9560  FAX NO.: 949-794-9517<br>ATTORNEY FOR *(Name):* Plaintiff, Gino Maraventano | 2010 OCT 20 AM 10:07<br>CLERK<br>SAN DIEGO, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 325 South Metro
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Regional Center

CASE NAME:
Maraventano vs. Nordstrom, Inc.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2010-00060965-CU-OE-NC |
|---|---|---|
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | Real Property<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>Enforcement of Judgment<br>[ ] Enforcement of judgment (20) |
| Non-PI/PD/WD (Other) Tort<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | Unlawful Detainer<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>Judicial Review<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | Miscellaneous Civil Complaint<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>Miscellaneous Civil Petition<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| Employment<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve  in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Four
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 18, 2010
Matthew F. Archbold
_____  ▶ _____
(TYPE OR PRINT NAME)  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:     325 S. Melrose<br>MAILING ADDRESS:  325 S. Melrose<br>CITY AND ZIP CODE:   Vista, CA 92081<br>BRANCH NAME:        North County<br>TELEPHONE NUMBER: (760) 201-8027 | |
| **PLAINTIFF(S) / PETITIONER(S):**     Gino Maraventano | |
| **DEFENDANT(S) / RESPONDENT(S):** Nordstrom Inc | |
| MARAVENTANO VS. NORDSTROM INC | |

| | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | **CASE NUMBER:**<br>37-2010-00060965-CU-OE-NC |

**Judge:** Jacqueline M. Stern                                        **Department:** N-27

**COMPLAINT/PETITION FILED:** 10/20/2010

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT)

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose<br>MAILING ADDRESS: 325 S. Melrose<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County<br>TELEPHONE NUMBER: (760) 201-8029 | |

| PLAINTIFF: Gino Maraventano |
|---|
| DEFENDANT: Nordstrom Inc |
| Short Title: Maraventano vs. Nordstrom Inc |

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER:<br>37-2010-00060965-CU-OE-NC |
|---|---|

Filed : 10/20/2010

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED**

to Judge Robert P Dahlquist, in Department N-29

due to the following reason:    170.6

All subsequent documents filed in this case must include the name of the new Judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

North County
325 S. Melrose
Vista, CA 92081

SHORT TITLE: Maraventano vs. Nordstrom Inc

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2010-00060965-CU-OE-NC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at Vista, California on 11/02/2010. The mailing occurred at Sacramento on 11/03/2010.

Clerk of the Court, by: _____J. Bako_____ , Deputy

MATTHEW F ARCHBOLD
DEASON & ARCHBOLD
3300 IRVINE AVENUE # SUITE 245
NEWPORT BEACH, CA 92660

STEVEN M BARNHILL
BARNHILL & VAYNEROV LLP
8200 WILSHIRE BOULEVARD # SUITE 400
BEVERLY HILLS, CA 90211

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2010-00060965-CU-OE-NC    CASE TITLE: Maraventano vs. Nordstrom Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (760) 726-4900.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |

**PLAINTIFF(S):** Gino Maraventano

**DEFENDANT(S):** Nordstrom Inc

**SHORT TITLE:** MARAVENTANO VS. NORDSTROM INC

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2010-00060965-CU-OE-NC |
|---|---|

Judge: Jacqueline M. Stern                                    Department: N-27

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____      _____
Name of Plaintiff                      Name of Defendant

_____      _____
Signature                              Signature

_____      _____
Name of Plaintiff's Attorney           Name of Defendant's Attorney

_____      _____
Signature                              Signature

(Attach another sheet if additional names are necessary) It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 10/20/2010

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

3

 **CT Corporation**

**Service of Process
Transmittal**
11/29/2010
CT Log Number 517667486

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:** Pat Jones
Nordstrom, Inc.
1700 - 7th Avenue, Suite 700
Seattle, WA 98101-4407

**RE:** **Process Served in California**

**FOR:** Nordstrom, Inc. (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gino Maraventano, Pltf. vs. Nordstrom, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand for Jury Trial, Cover Sheet, Instructions, Notice(s), Certificate of Service, Stipulation Form |
| **COURT/AGENCY:** | San Diego County, Superior Court, CA<br>Case # 37201000060965CUOENC |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay minimum wages due and provide accurate itemized statement |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/29/2010 at 14:55 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Matthew F. Archbold<br>Desaon & Archbold<br>3300 Irvine Avenue<br>Suite 245<br>Newport Beach, CA 92660<br>949-794-9560 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 796496670808 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

**JS 44** (Rev. 12/07) (CAND Rev 1/10)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
GINO MARAVENTANO

**DEFENDANTS**
NORDSTROM, INC.

FILED

**(b)** County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant KING COUNTY, WASH.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

'10 DEC 28 PM 1: 32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Deason & Archbold 3300 Irvine Ave, Suite 245 Newport
Beach CA (949) 794.9560
Barnhill & Vanerov 8200 Wilshire Blvd, Ste 400 Beverly
Hills, CA (310) 943.8989

Attorneys (If Known)
Littler Mendelson P.C.
501 W. Broadway, Ste 900
San Diego, CA 92101 (619) 232.0441

'10 CV 2671 W WMC

BY: ~TD DEPUTY

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus — Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332(d) 1441 and 1446
Brief description of cause:
Wage and hour putative class action brought under California law

**VII. REQUESTED IN COMPLAINT:**
- [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
(PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".)

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA

SIGNATURE OF ATTORNEY OF RECORD

RECEIVED
DEC 28 2010
SOUTHERN DISTRICT OF CALIFORNIA
BY CR $350.00 716 DEPUTY

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. On December 28, 2010, I served the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446**

**DECLARATION OF LARA K. STRAUSS REGARDING NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION**

**DECLARATION OF JANIS WALSH IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446**

**CIVIL COVER SHEET**

**DEFENDANT NORDSTROM INC.'S NOTICE OF RELATED CASES**

**DEFENDANT NORDSTROM, INC.'S NOTICE OF PARTIES WITH FINANCIAL INTEREST**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 619.232.4302. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Diego, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:99382258.1 058713.1027

PROOF OF SERVICE

1  ☐  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Matthew F. Archbold
David D. Deason
DEASON & ARCHBOLD
3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
Tel: (949) 794-9560

Steven M. Barnhill
Maxim Vaynerov
BARNHILL & VAYNEROV LLP
8200 Wilshire Blvd. Suite 400
Beverly Hills, CA 90211
Tel: (310) 943-8989

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 28, 2010, at San Diego, California.

_Pamela Gomez_

Pamela Gomez

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:99382258.1 058713.1027

2.

PROOF OF SERVICE

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS021626
Cashier ID: nsiefken
Transaction Date: 12/28/2010
Payer Name: NATIONAL LEGAL INC
----------------------------------
CIVIL FILING FEE
 For: GINO MARAV VS NORDSTOM
 Case/Party: D-CAS-3-10-CV-002671-001
 Amount:      $350.00
----------------------------------
CHECK
 Check/Money Order Num: 137176
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.