| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **SOUTHERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| GINO MARAVENTANO and NEESHA KURJI,<br><br>                         Plaintiffs,<br><br>  v.<br><br>NORDSTROM, INC., a Washington corporation; and DOES 1-100, inclusive,<br><br>                        Defendants. | CASE NOS. 10cv2671 JM (WMC)<br>               11cv2609 JM (WMC)<br><br>ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION TO FILE UNDER SEAL PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES, AND DECLARATIONS AND EXHIBITS OF MATTHEW ARCHBOLD, KATHRYN LEE BOYD, AND MAXIM VAYNEROV |
| GINA BALASANYAN and NUNE NALBANDIAN, on behalf of themselves and all others similarly situated,<br><br>                         Plaintiffs,<br><br>  v.<br><br>NORDSTROM, INC., a Washington corporation; and DOES 1-100, inclusive,<br><br>                        Defendants. | |

On May 23, 2014, Plaintiffs filed an *ex parte* application to file under seal Plaintiffs' motion for preliminary approval of class action settlement, conditional certification of class for settlement purposes, and declarations and exhibits of Matthew Archbold, Kathryn Lee Boyd, and Maxim Vaynerov. (Dkt. No. 150.) For the reasons set forth below, Plaintiffs' *ex parte* application is DENIED WITHOUT PREJUDICE.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 597 & n. 7 (1978)). Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003); see also Kamakana, 447 F.3d at 1178–79. Generally, "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action." Kamakana, 447 F.3d at 1179 (internal quotations omitted). Thus, a particularized showing under the "good cause" standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." Id. (citing Foltz, 331 F.3d at 1135, 1138)(citations and internal quotations omitted).

In their *ex parte* application to seal, Plaintiffs argue good cause exists to file the entirety of the motion for preliminary approval of class action settlement, as well as all of the attached declarations and exhibits, under seal. Plaintiffs contend good cause exists because the motion and supporting documents disclose the terms of the stipulated class settlement, including "confidential material relating to the terms of the Agreement" and "confidential settlement negotiations that form the basis of the Stipulated Settlement." (Dkt. No. 150 at 2). As support for this

proposition, Plaintiffs rely upon <u>Prosurance Group, Inc. v. Liberty Mutual Group, Inc.</u>, 2011 WL 704456, at *2 (N.D. Cal. Feb. 18, 2011), in which the court held that good cause existed to seal certain documents associated with the defendants' motion to determine good faith settlement that discussed or disclosed the terms of the confidential settlement agreement. Notably, <u>Prosurance Group</u> did not involve a class action settlement subject to both preliminary and final approval by the court. Moreover, the court in <u>Prosurance Group</u> found that sealing the defendants' motion to determine good faith settlement and the plaintiff's statement of non-opposition in their entirety was not justified given that only portions of the documents addressed the settlement or confidential information. Accordingly, the court required the defendants to file redacted versions of these documents "narrowly tailored to omit only sealable material" and fully sealed only those documents that consisted either entirely or substantially of confidential material relating to the terms of the settlement.

Similarly, Plaintiffs in this case seek to seal the entirety of their motion for preliminary approval of settlement as well as all of the attached documents. Plaintiffs generally allege that these documents contain confidential materials, but do not give any further insight into what aspects of these documents may be considered confidential. Given the nature of a motion for preliminary approval of class action settlement, Plaintiffs' broad allegation that the motion and its supporting documents pertain to the terms of the settlement does not on its own constitute good cause for sealing them entirely. Under the circumstances, Plaintiffs simply have not made a particularized showing of good cause to justify sealing the entirety of Plaintiffs' filings related to the motion for preliminary approval of class action settlement.

Accordingly, Plaintiffs' *ex parte* application is DENIED WITHOUT PREJUDICE to Plaintiffs filing further application to seal. Any further application must be separately filed and narrowly tailored to identify those specific records

Plaintiffs wish to seal (for example, employee records) and their reasons for doing so.

**IT IS SO ORDERED.**

DATED: May 27, 2014

                                              Hon. Jeffrey T. Miller
                                              United States District Judge