1
2
3
4
5
6
7
8                          UNITED STATES DISTRCIT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10   GINO MARAVENTANO; and          Master Case No. 10cv2671 JM (JLB)
     NEESHA KURJI,
11
              Plaintiffs,           **STIPULATION AND SETTLEMENT**
12                                  **AGREEMENT OF CLASS ACTION**
     v.                             **CLAIMS**
13
     NORDSTROM, INC., a Washington
14   Corporation; and DOES 1 through
     10, inclusive,
15
              Defendants.
16

17   _____

18   GINA BALASANYAN, an
     individual, and
19   NUNE NALBANDIAN, an
     individual, on behalf of themselves
20   and all others similarly situated,

21            Plaintiffs,

22   v.

23   NORDSTROM, INC., a Washington
     Corporation; and DOES 1 through
24   10, inclusive,

25            Defendants.
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

This Stipulation and Settlement Agreement of Class Action Claims is made between plaintiffs Gino Maraventano, Neesha Kurji, Gina Balasanyan and Nune Nalbandian (collectively herein "Named Plaintiffs") on behalf of themselves and each of the other "Settlement Class Members" as defined herein, on the one hand, and Nordstrom, Inc., ("Nordstrom" or "Defendant") on the other hand, in the consolidated class actions pending in the United States District Court, for the Southern District of California, Consolidated Case No. 10cv2671 JM(JLB), including <u>Maraventano, et al. v. Nordstrom, Inc.</u>, United States District Court for the Southern District of California (Case No. 10cv2671 JM(JLB)), and <u>Balasanyan, et al. v. Nordstrom, Inc.</u>, United States District Court for the Southern District of California (Case No. 11cv2609 JM(JLB)).  This Agreement is subject to the approval of the District Court.

# I.
# DEFINITIONS

**A.**  **Action or Class Action:** The consolidated proceeding pending in the United States District Court for the Southern District of California ("District Court"), consolidated Case No. 10cv2671 JM(JLB). This Action is the consolidated action of <u>Maraventano, et al. v. Nordstrom, Inc.</u>, United States District Court for the Southern District of California    (Case No. 10cv2671 JM(JLB)) ("Maraventano Action"), and <u>Balasanyan, et al. v. Nordstrom, Inc.</u>, United States District Court for the Southern District of California (Case No. 11cv2609 JM(JLB) ("Balasanyan Action")).

**B.**  **Agreement or Settlement Agreement:** The settlement agreement reflected in this document.

**C.**  **Claim Form:** The form attached as Exhibit 2 to this Settlement Agreement.

**D.**  **Claims Administrator:** Rust Consulting, Inc., 777 South Figueroa Street, Suite 4600, Los Angeles, CA 90017.

**E.**  **Claims Administrator Costs:** The total costs for claims administration by the Claims Administrator.  The Claims Administrator Costs shall be paid entirely from the Gross Monetary Settlement Fund.

**F.**  **Claims or Class Action Claims:** The claims alleged, or that could have been alleged, by the Named Plaintiffs, on behalf of themselves and Settlement Class Members, based on the facts alleged in their complaints, including for: (1) alleged violations of California minimum wage law (including, without limitation, under California Labor Code sections 1194 and 1197; (2) alleged violations of California  Labor Code sections 201-203 for failing to pay all

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

wages due upon separation; (3) alleged violations of California Labor Code section 226 for failure to provide accurate and complete wage statements; (4) alleged violations of California Business and Professions Code section 17200 *et seq.* based on an alleged failure to pay draw commission employees minimum wage or another contractually agreed wage for all hours worked; (5) breach of contract based on an alleged failure to pay draw commission employees for all hours worked; (6) declaratory relief based on an alleged failure to pay draw commission employees for all hours worked; (7) any claims under the Private Attorney General Act, California Labor Code section 2698 *et seq.* ("PAGA") based on an alleged failure to pay draw commission employees minimum wage for all hours worked; (8) any other claims that were or could have been brought based on the factual allegations and claims in the First Amended Complaint filed in the Maraventano action or Second Amended Complaint filed in the Balasanyan action, attached as Exhibits 6 and 7, respectively; and (9) any claim that Nordstrom is liable for the attorneys' fees, costs or other expenses incurred to prosecute this action, including fees incurred for the services of Barnhill & Vaynerov, LLP, Deason & Archbold, and Schwarcz, Rimberg, Boyd & Rader LLP.

**G.**    **Class Counsel:** Collectively Deason & Archbold, Barnhill & Vaynerov LLP, and Schwarcz, Rimberg, Boyd & Rader, LLP.

**H.**    **Complete And General Release By Named Plaintiffs:** An irrevocable and unconditional release of the Released Parties from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities of any kind or nature whatsoever, both at law and equity, known or unknown, suspected or unsuspected, arising from conduct occurring on or before the Effective Date. This provision is intended by the parties to be all encompassing and to act as a full and total release of any claim, whether specifically enumerated herein or not, that Named Plaintiffs might have or have had, that exists or ever has existed on or to the date this Agreement is signed. The parties understand the word "claim" or "claims" to include without limitation all actions, claims and grievances, whether actual or potential, known or unknown, related, incidental to or arising out of any act or omission committed or omitted by the Released Parties through the date Named Plaintiffs sign this Agreement and/or arising out of Named Plaintiffs' employment relationship with Nordstrom and/or the cessation thereof, including but not limited to claims for breach of contract, discrimination, harassment, wrongful termination and any similar claims. This release includes a California Civil Code section 1542 Waiver.

**I.**    **Cost Payment:** The costs the District Court orders Nordstrom to pay Class Counsel, not to exceed fifty thousand dollars ($50,000.00) by agreement of the parties.

**J.**    **District Court:** The United States District Court for the State of California, Southern District.

**K.**    **Draw Commission Salespeople/Salesperson:** California Nordstrom employees paid pursuant to Nordstrom's draw commission pay plan. This term does not include, for example, Nordstrom employees paid solely on an hourly

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

3.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

basis or employees paid on an hourly plus commission basis.

**L.**   **Draw Commission Position:**   California positions paid pursuant to Nordstrom's draw commission pay plan.  Draw Commission Positions do not include, for example, positions paid solely on an hourly basis or paid on hourly plus commission basis.

**M.**   **Effective Date:** The date by which this Settlement is finally approved as provided herein and the District Court's Final Judgment and Order of Dismissal with Prejudice ("Final Judgment" or "Judgment") becomes final. For purposes of this Agreement, the Final Judgment "becomes final" upon the latter of: (i) the date on which the District Court's Final Judgment and Order of Dismissal with Prejudice is signed; (ii) if an objection and/or motion to intervene in this Action is filed, the day after the last date by which a notice of appeal to the United States Court of Appeal for the Ninth Circuit of the Judgment or of an order denying a motion to intervene in this Action may be timely filed, and none is filed; (iii) if an appeal is filed, and the appeal is finally disposed of by ruling, dismissal, denial, or otherwise, the day after the last date for filing a request for further review of the Ninth Circuit Court of Appeal's decision passes, and no further review is requested;  (iv) if an appeal is filed and there is a final disposition by ruling, dismissal, denial, or otherwise by the Ninth Circuit Court of Appeal, and further review of the Ninth Circuit Court of Appeal's decision is requested, the day after the request for review is denied with prejudice and/or no further review of the judgment can be requested; or (v) if review is accepted, the day the United States Supreme Court affirms the Settlement.

**N.**   **Fees Payment:** The attorneys' fees the District Court orders Nordstrom to pay Class Counsel, collectively not to exceed two million and three hundred thousand dollars ($2,300,000.00) by agreement of the parties, with the requested allocation of $661,250.00 to Deason & Archbold; $661,250.00 to Barnhill & Vaynerov LLP; and $977,500.00 to Schwarcz, Rimberg, Boyd & Rader LLP.

**O.**   **Final Judgment:**   The final order entered by the District Court finally approving this Settlement Agreement and dismissing the Action, which will be in substantially the same form as The Final Judgment and Order of Dismissal with Prejudice, attached hereto as Exhibit 5.

**P.**   **Gross Monetary Settlement Fund:** The maximum potential value of the Gross Monetary Settlement Fund under this Agreement is $2,700,000.00.

**Q.**   **Incentive Awards:**   The amount the District Court awards to Gino Maraventano, Neesha Kurji, Gina Balasanyan and Nune Nalbandian collectively for being the named plaintiffs in this lawsuit, not to exceed fifty thousand dollars ($50,000.00), with the requested allocation of twelve thousand five hundred dollars ($12,500.00) per Named Plaintiff by agreement of the parties.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

**R.** **Individual Monetary Settlement Amount:** The Initial Workweek Amount multiplied by each Participating Settlement Class Member's number of Workweeks.

**S.** **Initial Workweek Amount:** The Monetary Settlement Amount divided by the total number of Workweeks for all Settlement Class Members.

**T.** **Monetary Settlement Amount:** The Gross Monetary Settlement Fund minus the Incentive Awards, Claims Administrator Costs, payroll taxes as applicable, and Private Attorney General Act penalties to be paid to the California Labor & Workforce Development Agency ("LWDA").

**U.** **Named Plaintiffs:** Plaintiffs Gino Maraventano, Neesha Kurji, Gina Balasanyan and Nune Nalbandian.

**V.** **Mailed Notice or Notice:** The Notice of Pendency and Settlement of Class Action; Settlement Hearing; and Claim, Consent, and Exclusion Procedures, attached hereto as Exhibit 1.

**W.** **Monetary Payout Deficiency:** The amount remaining in the Gross Monetary Settlement Fund, if any, below the one million three hundred and fifty thousand dollar ($1,350,000.00) floor — *i.e.,* 50% of the Gross Monetary Settlement Fund — after deducting the sum of the Individual Monetary Settlement Amounts, the Incentive Awards, Claims Administrator Costs, payroll taxes as applicable, and Private Attorney General Act penalties.

**X.** **Participating Settlement Class Members:** All Settlement Class Members who submit a timely Claim Form that is approved for payment under the terms of this Settlement Agreement.

**Y.** **Preliminary Approval Order:** The District Court's order preliminarily approving the proposed Settlement, which will be entered in substantially the same form as the Preliminary Approval Order attached hereto as Exhibit 4.

**Z.** **Released Claims:** The claims that Settlement Class Members are releasing in exchange for the consideration provided by this Agreement. These claims include all Class Action Claims whether arising at law, in contract or in equity, and whether for economic damages, non-economic damages, restitution, injunctive relief, penalties or liquidated damages. This release includes a California Civil Code section 1542 Waiver which applies only to the Class Action Claims in this case. This release of claims does not apply to minimum wage claims for non-draw commission salespeople, such as those in Nguyen vs. Nordstrom, Inc., Superior Court of California, Orange County, Case No. 30-2011-00484903-CU-OE-CXC.

**AA.** **Released Parties:** Nordstrom and each of its past, present and future officers, directors shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company sponsored employee benefit

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

5.

plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents.

**BB.** **Settlement Class:** All persons employed by Nordstrom in a draw commission position within the state of California at any time from October 20, 2006 through the date the District Court grants preliminary approval of this Settlement Agreement.

**CC.** **Settlement Class Period:** The time period from October 20, 2006 through the date the District Court preliminarily approves this Agreement.

**DD.** **Settlement Class Members:** All persons employed by Nordstrom in a Draw Commission Position within the state of California at any time from October 20, 2006 through the date the District Court grants preliminary approval of this Settlement Agreement and who do not properly elect to opt out of this Settlement.

**EE.** **Supplemental Monetary Award:** The supplemental monetary award to be paid to Participating Settlement Class Members in the event there is a Monetary Payout Deficiency.  The amount will be calculated by multiplying the Supplemental Monetary Workweek Amount by the total number of Workweeks for each Participating Settlement Class member.

**FF.** **Supplemental Monetary Workweek Amount:**  The Monetary Payout Deficiency divided by the total number of Workweeks for all Participating Settlement Class Members.

**GG.** **Supplemental Voucher Award:** The supplemental voucher award to be paid to Participating Settlement Class Members in the event there is a Voucher Award Deficiency.  The amount will be calculated by dividing the Voucher Award Deficiency by the total number of Participating Settlement Class Members eligible for a voucher payment from Voucher Payout Fund "A" and "B".  The Supplemental Voucher Award, if applicable, will then be added to the face value of Participating Settlement Class Members' voucher.

**HH.** **Total Settlement Package:** The total maximum value of this Settlement that Nordstrom will distribute under the terms of this Settlement, which is seven million six hundred and fifty thousand dollars ($7,650,000), comprised of: (1) the Gross Monetary Settlement Fund; (2) the total Voucher Award: (3) the Fees Payment; and (4) the Cost Payment.  The Total Settlement Package has a maximum potential value of $7,650,000.00.

**II.** **Voucher Award:** Consists of vouchers that may be used to purchase merchandise at Nordstrom, Inc. full-line stores in California pursuant to the terms and conditions listed on the sample voucher attached as Exhibit 3. The total amount of Voucher Awards shall not exceed two million six hundred thousand dollars ($2,600,000.00) and shall be divided into two payout funds— Voucher Payout Fund "A" and Voucher Payout Fund "B".  The Voucher Awards shall be used as compensation for liquidated damages and/or penalties.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**JJ.** **Voucher Award Deficiency:** The voucher amount remaining, if any, below one million three hundred thousand dollars ($1,300,000.00) (*i.e.*, 50% of the Voucher Award), which shall be added to the individual voucher awards of Participating Settlement Class Members eligible for a voucher payment from Voucher Payout Fund "A" or "B" on a pro-rata per person basis, if applicable.

**KK.** **Voucher Award Deficiency Amount:** The Voucher Award Deficiency divided by the total number of Participating Settlement Class Members eligible for a voucher payment from either Voucher Payout Fund "A" and "B".

**LL.** **Voucher Payout Fund "A":** 87.34% of the Voucher Award — i.e., potential voucher awards totaling two million two hundred seventy thousand eight hundred and forty dollars ($2,270,840) in face value — which shall be divided on a pro-rata per person basis amongst all Settlement Class Members employed for less than three years in a draw commission position between October 20, 2006 through the date the District Court grants preliminary approval of this Settlement Agreement.

**MM.** **Voucher Payout Fund "B":** 12.66% of the Voucher Award — i.e., potential voucher awards totaling three hundred twenty-nine thousand one hundred and sixty dollars ($329,160) in face value — which shall be divided on a pro-rata per person basis amongst all Settlement Class Members employed for three years or more in a draw commission position between October 20, 2006 through the date the District Court grants preliminary approval of this Settlement Agreement.

**NN.** **Workweeks:** The total number of weeks from October 20, 2006 through the date the District Court grants preliminary approval of this Settlement Agreement that a Settlement Class Member was employed by Nordstrom in a Draw Commission Position and did not receive misdraw. Because Nordstrom pays its Draw Commission Salespeople on a bi-monthly basis, "Workweeks" calculated for purposes of this Settlement shall be the number of 7-day periods or fraction thereof during pay periods in which a Settlement Class Member was employed in a Draw Commission Position and did not receive misdraw. For example, an employee working in a Draw Commission Sales position for a pay period consisting of 15 calendar days would have worked 2.1429 Workweeks.

**OO.** **1542 Waiver:** An express waiver, to the fullest extent permitted by law, of the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

7.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.
## RECITALS AND BACKGROUND

**A.    Procedural History.**

Gino Maraventano filed this action on October 20, 2010 and filed an Amended Complaint on January 25, 2011, adding Neesha Kurji as a named Plaintiff. Maraventano and Kurji are both former Nordstrom Draw Commission Salespeople. Their Amended Complaint alleges claims for: (1) unpaid minimum wages under California Labor Code section 1197: (2) separation pay penalties under California Labor Code sections 201-203; (3) wage statement penalties under California Labor Code section 226; and (4) unfair business practices under California Business and Professions Code section 17200 *et seq.*  Based on these claims, the Maraventano Plaintiff's seek recovery for unpaid wages, penalties, liquidated damages as well as attorneys' fees and costs on behalf of a class of all Draw Commission Salespeople employed by Nordstrom in California from October 20, 2006 to the present.

Gina Balasanyan and Nune Nalbandian are current Nordstrom Draw Commission Salespeople who filed a separate action on April 5, 2011 alleging related claims to those alleged by the Maraventano Plaintiffs.  On March 5, 2012, they filed a Second Amended Complaint ("SAC").  The SAC alleges claims for:  (1) failure to pay minimum wage in violation of California Labor Code sections 1194 and 1197; (2) failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"); (3) breach of contract; (4) declaratory relief under California  Code of Civil Procedure section 1060; (5) unfair business practices in violation of California Business and Professions Code section 17200 *et seq.*; and PAGA penalties.  The SAC requests unpaid wages, penalties, liquidated damages, equitable relief and attorneys' fees and costs on behalf of a proposed class of all Draw Commission Salespeople employed by Nordstrom nationwide from April 5, 2007 to the present.  The Balasanyan Plaintiffs provided written notice by certified mail to the LWDA of the legal claims and theories of this case.  The Balasanyan Plaintiffs further represent and warranty that they

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

8.

1   received notification from the LWDA via a letter dated October 25, 2011 informing

2   them that the LWDA did not intend to intend to investigate the alleged violations,

3   allowing the Balansanyan Plaintiffs to pursue the PAGA claim under California Labor

4   Code section 2699 *et seq.* through this lawsuit.

5   On November 22, 2011, Nordstrom moved to compel the Balasanyan

6   Plaintiffs to proceed in arbitration based on it Dispute Resolution Agreement (the

7   "DRA"), which included an arbitration agreement with a class action waiver.  The

8   motion to compel involved only the Balasanyan Plaintiffs because they are current

9   employees and were employed when the DRA was rolled out in June 2011 and

10  updated in August 2011.  The Maraventano Plaintiffs' employment with Nordstrom

11  had already ceased as of the June 2011 DRA, and thus, the DRA did not apply to

12  them.  Nordstrom also moved, in the alternative, for an order consolidating the

13  Maraventano and Balasanyan actions.

14  In an order dated March 8, 2012 the District Court consolidated the

15  Maraventano Action with the Balasanyan Action (the "March 8 Order").  In addition,

16  the March 8 Order denied Nordstrom's motion to compel arbitration of the

17  Balasanyan Action.  On March 30, 2012, the District Court denied Nordstrom's

18  motion to stay the Balasanyan Action pending Nordstrom's appeal of the March 8

19  Order denying arbitration (the "Appeal").  On August 9, 2012, the United States Court

20  of Appeals for the Ninth Circuit denied Nordstrom's motion to stay the District

21  Court's proceedings pending the Appeal.

22  On December 6, 2013, the United States Court of Appeals for the Ninth

23  Circuit heard oral argument on the Appeal, and took the matter under submission.

24  The Ninth Circuit has been informed of the pendency of this settlement and has stayed

25  its consideration of the Appeal pursuant to its April 3, 2014 Order.

26  On October 8, 2012, Nordstrom filed separate motions for summary

27  judgment in the Maraventano Action and the Balasanyan Action.  Nordstrom's

28  motions sought the dismissal of Named Plaintiffs' cases in their entirety, or in the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

9.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1    alternative, the elimination of certain causes of action.  On December 20, 2012, the

2    District Court granted Nordstrom's motion for summary judgment as to the

3    Balasanyan Action's nationwide FLSA claim, but denied summary judgment as to all

4    other claims (the "December 20 Order").

5          On January 17, 2013, Nordstrom filed motions for reconsideration of the

6    December 20 Order, and for certification of the December 20 Order for interlocutory

7    appeal and to stay proceedings.  On March 6, 2013, the District Court denied both

8    motions.

9          On April 3, 2013, Nordstrom filed a Petition for Writ of Mandamus with

10   the Ninth Circuit Court of Appeals to vacate the December 20 Order.  Nordstrom

11   further requested that the Ninth Circuit direct the District Court to issue a stay of all

12   proceedings pending the resolution of Nordstrom's Petition for Writ of Mandamus.

13   The Ninth Circuit denied Nordstrom's Petition on June 27, 2013.

14         On March 6, 2013, separate motions for class certification were filed in

15   the Maraventano Action and the Balasanyan Action.  The District Court addressed

16   both motions in a joint order issued on August 12, 2013, granting in part and denying

17   in part the Plaintiffs' requests for certification.  The District Court clarified the scope

18   of the certified class after subsequent briefing addressing Plaintiffs' motion seeking

19   approval of a proposed class notice.  As clarified, the class certified by the District

20   Court includes all current and former California Draw Commission Salespeople

21   employed in a draw commission position at any time from October 20, 2006 up until

22   the date of Nordstrom's June 2011 DRA, provided they were first employed in a draw

23   commission position prior to distribution of the June 2011 DRA.  The Court's

24   November 1, 2013 order regarding class notice also specified that the parties add the

25   following language to the notice: "In addition for employees who worked in a draw

26   commission position before June of 2011, separated, and were rehired after June of

27   2011, the period worked after June of 2011 may be excluded from the class."

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

10.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

The certified class covers periods when Class Members (1) worked up to forty (40) minutes before the store opened and/or after the store closed and were compensated under Nordstrom's draw commission plan, and (2) did not receive misdraw.   The District Court denied certification of the Balasanyan Plaintiffs' remaining nationwide claim for breach of contract and also denied the Balasanyan Plaintiffs request for certification of any claims relating to time periods other than the forty (40) minute windows before the store opened and after the store closed that Nordstrom compensated with commissions.   Plaintiffs' remaining claims for separation pay penalties under California Labor Code section 203, alleged wage statement violations under California Labor Code section 226, unfair business practices under Business & Professions Code §17200 *et seq*., and the Private Attorney General Act (Labor Code § 2699) claim were also certified.

On August 28, 2013, Named Plaintiffs filed a Motion for Approval of Notice to Class.   After a hearing and court ordered meet and confer between the parties, the Notice to Class Members was approved on November 1, 2013.   Although the Court approved Plaintiffs' request to mail out a class notice, Plaintiffs have not yet done so due to ongoing settlement negotiations culminating in the present Settlement Agreement.

**B.**   **Investigation In The Class Action.**

The Parties have conducted an extensive investigation of and discovery into the relevant facts and the law during the prosecution of this Action.   Combined, Named Plaintiffs have propounded four (4) sets of requests for production, and nine (9) sets of special interrogatories.   Nordstrom has provided hundreds of pages of written responses and has produced tens of thousands of pages of documents electronically in response to Named Plaintiffs' requests.   These documents include those relating to Nordstrom's commission plans, Nordstrom's compensation policies, Nordstrom's procedures for time and record keeping, payroll practices, merchandise

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

11.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1   sales procedures, returns, and exchanges, sales promotion, hours of operation, the

2   Named Plaintiffs' pay records, Named Plaintiffs' sales transactions, time and payroll

3   records for numerous other class members, sales transaction records for hundreds of

4   other class members, and documents pertaining to merchandise returns included in

5   employee commission calculations.

6            Named Plaintiffs took the depositions of Nordstrom's persons most

7   knowledgeable regarding issues including but not limited to: (1) the wage and hour

8   policies, procedures and practices of Nordstrom with respect to draw commissioned

9   salespersons; (2) the hours worked and work schedules of Plaintiffs and draw

10  commissioned salespersons; (3) the commission plan(s), and/or compensation plan(s)

11  applicable to draw commissioned salespersons; (4) the policies, procedures and

12  practices related to the recording of hours worked by draw commissioned

13  salespersons; (5) Nordstrom's policies, procedures and practices related to when draw

14  commissioned salespersons receive pay for "non-sell" and/or "non-selling" time; (6)

15  Nordstrom's policies, procedures and practices related to the payment of a separate

16  "non-sell rate" to draw commissioned salespersons; (7)   Nordstrom's compensation

17  policies, procedures and practices related to work performed prior to posted store

18  opening, and/or after posted store closing, by draw commissioned salespersons; (8)

19  Nordstrom's policies, procedures and practices related to categorizing and

20  determining activities and/or time worked referred to as "non-sell time" and/or "non-

21  selling time" for draw commissioned salespersons;   and (9) any and all factors

22  considered by Nordstrom in classifying an activity to be performed by its draw

23  commissioned salespersons as a "non-sell" activity.  Nordstrom took the depositions

24  all four Named Plaintiffs, including twice taking the depositions of Plaintiffs Gina

25  Balasanyan and Nune Nalbandian.   Nordstrom also propounded requests for

26  production and special interrogatories.

27           Nordstrom's position is that Named Plaintiffs and all of its draw

28  commission employees wanted to work at Nordstrom as commission salespeople

12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

because the company's draw commission plan allowed them to make more money than they could make in a straight hourly/salaried position.   Nordstrom also guaranteed Named Plaintiffs and all draw commission employees more than minimum wage for all hours worked.  Nordstrom contends that Named Plaintiffs' claims that the company effectively failed to pay them minimum wage for work they performed in the 40 minutes immediately before their store's posted opening time and/or in the 40 minutes immediately after their store's posted closing time (hereafter referred to as "pre-opening and post-closing selling time") are premised on the theory that California employers may pay commissions only for time when the store is open and customers are present, and that premise is patently false.

Nordstrom contends that the Named Plaintiffs' claims for violation of California's minimum wage provisions fail for multiple reasons. First, California law permits employers to satisfy minimum wage obligations for *all* work hours with commissions.  Second, California law plainly states that minimum wage obligations can be satisfied through commissions, and both California courts as well as the Division of Labor Standards Enforcement have endorsed draw commission plans that pay a draw of at least minimum wage for all hours worked without regard to the work duties performed during that time. Third, the activities Named Plaintiffs and other draw commission salespeople completed during pre-opening and post-closing selling time were indisputably sales related, and thus, compensable through commissions. Fourth, Named Plaintiffs and other draw commission salespeople could, and regularly did, complete sales during pre-opening and post-closing selling time, further confirming Nordstrom could compensate its draw commission salespeople for time worked in these windows with commissions.  Finally, pursuant to its lawful draw commission plan, Nordstrom indisputably paid Named Plaintiffs in excess of minimum wage ($9.80 or $10.85) through commissions and its guaranteed minimum draw for all hours worked, including pre-opening and post-closing selling time.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

13.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1  Because of this, Nordstrom believes that Named Plaintiffs' minimum wage claims,

2  and all remaining derivative claims fail.

3           The Named Plaintiffs and their counsel are aware of the defenses and

4  positions of Nordstrom, but believe they would ultimately succeed in the Action.

5  Plaintiffs also disagree with Nordstrom's interpretation of the law, and believe that

6  Nordstrom's method of spreading commission compensation across hours worked

7  when Nordstrom locations are closed to the public and employees are arguably

8  precluded from making a sale constitutes unlawful pay averaging.  Nevertheless, for

9  the purposes of this Settlement only, the Parties stipulate and agree that this Action

10  and this Settlement is a compromise of the Class Action Claims.

11           The Parties hereby stipulate and agree that, for the purposes of this

12  Settlement only, this dispute will be resolved based on the broadest interpretation of

13  the Named Plaintiffs' pending causes of action and class definition as set forth herein

14  and in Plaintiffs' respective operative complaints, attached to the Settlement as

15  Exhibits 6 and 7.  If, for whatever reason, this Settlement does not become final, the

16  matter shall proceed based on the operative complaints in the Action.

17  **C.**      **Benefits of Settlement to the Settlement Class Members.**

18           The Named Plaintiffs and Class Counsel recognize the expense and

19  length of continued proceedings necessary to continue the litigation against Nordstrom

20  through trial and through any possible appeals.   The Named Plaintiffs and Class

21  Counsel have also taken into account the uncertainty and risk of the outcome, of

22  further litigation, and the difficulties and delays inherent in such litigation.   The

23  Named Plaintiffs and Class Counsel have also taken into account the extensive

24  settlement negotiations conducted, which negotiations included numerous informal

25  meetings in 2013 and 2014 as well as two, full-day mediations on December 2, 2013

26  and January 9, 2014.  The Named Plaintiffs and Class Counsel have also taken in to

27  consideration the risks inherent in any further litigation, including, without limitation,

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

14.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

a Motion for Decertification of the Class, a renewed Motion for Summary Judgment, and a (potentially bifurcated) trial.  Based on the foregoing, the Named Plaintiffs and Class Counsel believe the Settlement set forth in this Agreement, is a fair, adequate and reasonable settlement, and is in the best interests of the Settlement Class.

**D.      Nordstrom's Reasons for Settlement.**

Although Nordstrom continues to believe there is no merit to the Named Plaintiffs' claims, the company recognizes  that any further defense of this litigation would be protracted and expensive.  Nordstrom has already expended substantial amounts of time, energy and resources defending against Plaintiffs' claims, and unless this Settlement is made, Nordstrom will be forced to continue to devote substantial time, energy and resources to the defense of this case, potentially for a prolonged period of time.  Nordstrom has also taken into consideration the risk inherent in any further litigation, including trial.  Nordstrom has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the Class Claims.

**E.      Nordstrom's Denial of Wrongdoing.**

Nordstrom has denied and continues to deny each of the claims and contentions alleged by the Named Plaintiffs in this Action.  Nordstrom has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.  Nordstrom also has denied and continues to deny, *inter alia*, the allegations that it: failed to pay minimum wages to draw commission salespeople; engaged in any unlawful, unfair or fraudulent business practices; failed to pay timely wages; failed to provide its employees with accurate and compliant itemized wage statements; or engaged in any wrongful conduct as alleged in the Action.  Nordstrom further denies that Named Plaintiffs or Settlement Class Members were harmed by the conduct alleged in the Action.  Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Agreement, is, may be construed as, or may be used as an admission, concession or indication by or against Nordstrom or any of the Released Parties of any fault, wrongdoing or liability whatsoever.

**F.**     **Named Plaintiffs' Claims.**

Named Plaintiffs claim and continue to claim that Nordstrom's defenses are without merit.   Neither this Agreement nor any documents referred to or contemplated herein, nor any action taken to carry out this Agreement is, may be construed as, or may be used as an admission, concession or indication by or against the Named Plaintiffs, Settlement Class Members, or Class Counsel as to the merits of any claims or defenses asserted, or lack thereof, in the Action.   However, in the event that this Settlement is finally approved by the Court, Named Plaintiffs and Class Counsel will not oppose Nordstrom's efforts to use this Agreement to demonstrate that the Named Plaintiffs and members of the class certified pursuant to this Agreement have resolved and are forever barred from re-litigating the Class Action Claims.

NOW THEREFORE, IT IS HEREBY STIPULATED, by and among the Named Plaintiffs on behalf of themselves, and Settlement Class Members, on the one hand, and by Nordstrom on the other hand, and subject to the approval of the District Court, that the Class Action is hereby compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon the Effective Date the Class Action shall be dismissed with prejudice:

**1.**     **Class Certification.**

As set forth in its August 12, 2013 and November 1, 2013 orders (detailed in Section II.A. above), this Court has certified a class of all persons employed by Nordstrom within the state of California from October 20, 2006 through the present date who were or are paid on a draw commission basis, provided they were first employed prior to distribution of the June 2011 Dispute Resolution Agreement.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

16.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

The causes of action certified by the Court include Named Plaintiffs' claims that Nordstrom: (1) maintained a policy whereby the putative class members were not paid minimum wage for all hours worked before and after the store opening and closing time communicated to the public, unless they failed to meet their minimum commission draw, in violation of Labor Code §1197; (2) did so "willfully," entitling the putative class members to penalties pursuant to Labor Code §203; (3) failed to properly document hours worked at correct rates of pay in violation Labor Code §226; (4) violated Business & Professions Code §17200 *et seq*; and (5) the Private Attorney General Act (Labor Code § 2699). The Parties stipulate and agree that in order for this Settlement to occur, the Court must alter the class definition as follows: All persons who work or have worked for Nordstrom in a draw commission position within the state of California from October 20, 2006 through the date of preliminary approval.

### a. Appointment of Class Representatives

For purposes of this Settlement only, the Parties stipulate that Named Plaintiffs shall continue to represent Settlement Class Members.

### b. Appointment of Class Counsel

For purposes of this Settlement only, the Parties stipulate that the law firms of Deason & Archbold, Barnhill & Vaynerov LLP, and Schwarcz, Rimberg, Boyd & Rader, LLP shall continue as Class Counsel.

### c. Conditional Nature of Stipulation for Certification and Understanding as to Arbitration Rights

The Parties stipulate and agree to the certification of the Settlement Class for purposes of this Settlement only and that by entering into this Settlement, neither Nordstrom nor any current or former employees subject to Nordstrom's June 2011 or August 2011 Dispute Resolution Agreements are waiving the right to seek enforcement of individual arbitration agreements between Nordstrom and any current

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

or former Nordstrom employee.  However, the parties understand and agree that by entering into this Settlement, individual members of the Settlement Class who do not opt out of the Settlement and thus become Settlement Class Members will be releasing all claims and causes of action covered by the Settlement regardless of whether they are parties to an enforceable arbitration agreement.  If the Settlement does not become effective, for whatever reason, or if final approval of the Settlement is not granted, Nordstrom and Members of the Settlement Class may seek to enforce applicable arbitration agreements under the same terms and to the same extent as they otherwise would have been able to do had no settlement discussions taken place and no settlement between the Parties been reached.  The parties further agree that Nordstrom's rights and responsibilities with respect to arbitration agreements applying to Settlement Class Members who elect to opt-out of this Settlement will not be affected by this Settlement.

Nordstrom also reserves the right to contest any issues relating to certification/decertification, liability, damages and/or any other issues in dispute if the settlement is not approved.   Furthermore, the Parties make no concession that any of the Settlement Class Members' claims have or do not have merit.

**2.   Releases**

**a.   Release Of Claims as to all Settlement Class Members.**

As of the Effective Date, Settlement Class Members, including the Named Plaintiffs, release the Released Parties from the Released Claims through the date of the claims, objections and opt out deadline for this settlement. This release of claims does not apply to minimum wage claims for non-draw commission salespeople, such as those in the <u>Nguyen vs. Nordstrom, Inc.</u> case, Superior Court of California, Orange County,  Case No. 30-2011-00484903-CU-OE-CXC.

The Released Claims include a California Civil Code section 1542 Waiver which applies only to the Class Action Claims in this case.  Settlement Class

18.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

**b.      Private Attorneys General Act Claim**

As part of this settlement, Class Members release any and all Private Attorneys General Act ("PAGA") penalty claims under Labor Code § 2699 *et seq.* based on the Released Claims.  The Parties allocate ten thousand dollars ($10,000) from the Gross Monetary Settlement Fund for payment to the LWDA, which amount represents 75% of the total amount allocated to PAGA penalties under this Settlement. The $10,000 will be paid by the Claims Administrator on behalf of Nordstrom to the LWDA as set forth in Labor Code section 2699 *et seq.* to any Private Attorneys General Act penalty claim under Labor Code § 2699 *et seq.*, for penalty claims based on the Released Claims.  The remaining 25% of the amount allocated to PAGA penalties is incorporated into the Voucher Award.  Except as specified above, Nordstrom shall not owe any additional amounts in PAGA penalties with regard to the Released Claims.

**c.      General Release by Named Plaintiffs**

As of the Effective Date, Named Plaintiffs provide the Released Parties with a Complete and General Release.  This release includes a California Civil Code

19.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

section 1542 Waiver.  Named Plaintiffs may hereafter discover facts in addition to or different from those they know or believe to be true with respect to the subject matter of the Complete and General Release, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims covered by the Complete and General Release, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

**3.     Total Settlement Package.**

The term "Total Settlement Package" shall refer to the maximum potential amount, including both cash and vouchers, that Nordstrom will distribute under the terms of this Settlement, which is seven million six hundred and fifty thousand dollars ($7,650,000.00).  The Total Settlement Package will be distributed in accordance with the terms of this Agreement, including paragraphs 5, 6, 7 and 8 below.

**4.     Allocation of Total Settlement Package**

The Total Settlement Package shall be allocated among these elements: (a) the Gross Monetary Settlement Fund (the maximum potential value of the total Gross Monetary Settlement Amount is $2,700,000.00); (b) the Voucher Award to be issued to Participating Settlement Class Members (the maximum potential value of the Voucher Award is $2,600,000.00); (c) the Fees Payment in an amount up to, but not to exceed $2,300,000.00; (d) the Cost Payment in an amount up to, but not to exceed $50,000.00; (e) the Incentive Awards in an amount up to, but not to exceed $12,500.00 per Named Plaintiff; and (f) the Claims Administrator Costs.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

**5.    Plan of Allocation for Voucher Awards**

Within fifteen (15) calendar days after the Effective Date, and solely for the purposes of this Settlement, Nordstrom shall provide the Claims Administrator with Voucher Awards for distribution in accordance with the following eligibility and settlement formula requirements:

a.    Settlement Class Members who submit valid and timely requests for exclusion pursuant to the terms and procedures set forth herein and in the Notice (attached as Exhibit 1 hereto) will not be eligible for a Voucher Award.

b.    All other Settlement Class Members will be eligible to submit a claim for a "Voucher Award."  If a Settlement Class Member submits a timely and properly completed Claim Form (attached hereto as Exhibit 2) then the Settlement Class Member will be a Participating Settlement Class Member.  Nordstrom will issue a Voucher Award to all Participating Settlement Class Members.  Voucher Awards will be in the form of the Voucher attached hereto as Exhibit 3, and will be subject to all of the terms and conditions listed thereon.  The Voucher Award will be divided into two distinct funds: the Voucher Payout Fund "A", and the Voucher Payout Fund "B".

(i)    Voucher Payout Fund "A": The face value of the Voucher Awards to be issued to Participating Settlement Class Members from Voucher Fund "A" will be determined by dividing 87.34% of the Voucher Award — i.e., potential voucher awards totaling two million two hundred seventy thousand eight hundred and forty dollars ($2,270,840) in face value — by the number of Settlement Class Members employed for less than three years in a draw commission position between October 20, 2006 through the date the District Court grants preliminary approval of this Settlement Agreement.  The voucher amount will be rounded to the nearest dollar. Nordstrom shall calculate the face value of the individual Voucher Awards to be issued to Participating Settlement Class Members no later than thirty (30) calendar

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

1  days after preliminary approval of the Settlement and shall inform Class Counsel of

2  the face value of the Voucher Payout Fund "A" awards.

3         (ii)    Voucher Payout Fund "B":   The face value of the Voucher

4  Awards to be issued to Participating Settlement Class Members from Voucher Fund B

5  will be determined by dividing 12.66% of the Voucher Award — i.e., potential

6  voucher awards totaling three hundred and twenty-nine thousand one hundred and

7  sixty dollars ($329,160) in face value — by the number of Settlement Class Members

8  employed for three years or more in a draw commission position between October 20,

9  2006 through the date the District Court grants preliminary approval of this Settlement

10  Agreement.  The voucher amount will be rounded to the nearest dollar.  Nordstrom

11  shall calculate the face value of the individual Voucher Awards to be issued to

12  Participating Settlement Class Members no later than thirty (30) calendar days after

13  preliminary approval of the Settlement and shall inform Class Counsel of the face

14  value of the Voucher Payout Fund "B" awards.

15         This is a claims made settlement.  However, although this Settlement is

16  claims made, the Parties have agreed that Nordstrom will pay at least 50% of the

17  Voucher Award — i.e., one million three hundred thousand dollars ($1,300,000) in

18  merchandise vouchers — to Participating Settlement Class Members.  To the extent a

19  Settlement Class Member does not timely submit a valid Claim Form pursuant to the

20  procedures outlined in paragraph 11(h) below, his or her unclaimed share of the

21  Voucher Award shall be retained by Nordstrom provided that the cumulative total face

22  value of the Voucher Awards actually claimed from Voucher Payout Funds "A" and

23  "B" equal or exceed $1,300,000.

24         If the cumulative total of Voucher Awards actually claimed from

25  Voucher Payout Funds "A" and "B" is less than $1,300,000, the difference between

26  the cumulative total of the Voucher awards actually claimed and $1,300,000 will be

27  the Voucher Award Deficiency.  The Voucher Award Deficiency, if any, will be

28  divided by the cumulative total number of Participating Settlement Class Members

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

22.

eligible for a voucher from either Voucher Payout Fund "A" or "B", which will be the Voucher Award Deficiency Amount.  The Voucher Award Deficiency Amount will then be added equally as a set flat-rate supplemental amount to each individual voucher payment for each Participating Settlement Class Member.  For example, if there is a Voucher Award Deficiency of $200,000 (i.e., only $1,100,000 in vouchers from Voucher Payout Fund "A" and "B" are actually claimed by Participating Class Members) and there are 13,000 total Participating Class Members, then the Voucher Award Deficiency Amount would be $15.38 (i.e., $200,000 / 13,000).  If the Voucher Payout Fund "A" voucher is initially set at $65 (based on dividing $2,270,840 by the total number of Settlement Class Members *eligible* to receive a Voucher Payout Fund "A" voucher) and the Voucher Payout Fund "B" voucher is initially set at $135 (based on dividing $329,160 by the total number of Settlement Class Members *eligible* to receive a Voucher Payout Fund "B" voucher), then the final amount of the voucher delivered to Settlement Class Members eligible for a Voucher Payout Fund "A" voucher would be $80.00 (i.e., $65 + $15.38 rounded to the nearest dollar) and the final amount of the voucher delivered to Settlement Class Members eligible for a Voucher Payout Fund "B" voucher would be $150.00 (i.e., $135 + 15.38 rounded to the nearest dollar).

**6.    Plan of Allocation for the Monetary Settlement Amount to Participating Settlement Class Members.**

Within fifteen (15) calendar days after the Effective Date, and solely for purposes of this Settlement, Nordstrom shall wire the amount of the Monetary Settlement Amount into an account set up by the Claims Administrator for distribution in accordance with the following eligibility and settlement formula requirements:

a.    Excluded from becoming Settlement Class Members are those class members who submit valid and timely requests for exclusion pursuant to the terms and procedures of the Notice of Pendency and Settlement of Class Action;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

Settlement Hearing; and Claim and Exclusion Procedures (attached as <u>Exhibit 1</u> hereto).

b.      All Settlement Class Members will be eligible to submit a claim for a monetary settlement award.  If a Settlement Class Member submits a timely and properly completed Claim Form then the Settlement Class Member will be a "Participating Settlement Class Member."  Nordstrom will pay monetary settlement awards to each Participating Settlement Class Member who worked any Workweek (which, as defined above, does not include workweeks during which Settlement Class Members received misdraw).  Any Participating Settlement Class Members who did not work any Workweeks — i.e., they were employed in a draw commission position during the Settlement Class Period, but received misdraw for each week they worked in a draw commission position — will receive only a voucher under the terms specified above, but no monetary payment.  All other Participating Settlement Class Members will receive a monetary award.  The amount of monetary settlement awards for each Participating Settlement Class Member will be calculated as follows:

First, Nordstrom will divide the Monetary Settlement Amount by the total number of Workweeks.  This calculation will yield the Initial Workweek Amount.  Next, the Initial Workweek Amount is multiplied by each Participating Class Member's total number of Workweeks to arrive at each Participating Settlement Class Member's Individual Monetary Settlement Amount.

This is a claims made settlement. Although this Settlement is claims made, the Parties have agreed that Nordstrom will pay at least 50% of the Gross Monetary Settlement Fund based on the cumulative total of the following amounts: Individual Monetary Settlement Amount payments to Participating Settlement Class Members, Incentive Awards, Claims Administrator Costs, payroll taxes as applicable (see section F.7. below), and Private Attorney General Act penalties.  To the extent a Settlement Class Member does not timely submit a valid Claim Form pursuant to the procedures outlined in paragraph 11(h) below, his or her unclaimed share of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Monetary Settlement Amount shall be retained by Nordstrom provided that at least 50% of the total Gross Monetary Settlement Fund is actually paid.

The Monetary Payout Deficiency is the amount remaining in the Gross Monetary Settlement Fund, if any, below the one million three hundred and fifty thousand dollar ($1,350,000.00) floor — i.e., 50% of the Gross Monetary Settlement Fund — after deducting the sum of the Individual Monetary Settlement Amounts, the Incentive Awards, Claims Administrator Costs, payroll taxes as applicable (see section F.7. below), and Private Attorney General Act penalties.   The Supplemental Monetary Award to be paid to Participating Settlement Class Members, in the event there is a Monetary Payout Deficiency, will be calculated by dividing the Monetary Payout Deficiency by the total number of Workweeks for all Participating Settlement Class Members yielding the Supplemental Monetary Workweek Amount.  Next, the Supplemental Monetary Workweek Amount will be multiplied by the number of Workweeks for each Participating Settlement Class Member yielding the Supplemental Monetary Award for each Participating Settlement Class Member.  This amount shall be added to each Participating Settlement Class Member's original Individual Monetary Settlement Amount for distribution to each Participating Settlement Class Member.

**7.    Taxes.**

The parties agree that the employer payroll taxes arising from the payments made under this settlement will be paid out in the following manner:

a.    Step 1:  The employer payroll taxes will first be paid out of any Fees Payment, Cost Payment and Incentive Awards not approved by the Court.

b.    Step 2:  The remaining balance, if any, of employer payroll taxes will be paid out of any unused Claims Administrator Costs.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

25.

c.  Step 3:  The remaining balance of employer payroll taxes, if any, after the funds in Steps 1 and 2 are exhausted will come from unclaimed cash from the Monetary Settlement Amount above the 50% floor as explained above.

d.  Step 4: The remaining balance of employer payroll taxes, if any, after the funds in Steps 1 through 3 are exhausted will be paid on a prorated basis from the Individual Monetary Settlement Amounts to all Participating Settlement Class Members.  In order to calculate the adjustment to cash payments, the total remaining balance of employer payroll taxes will be divided by the cumulative total number of Workweeks for Participating Settlement Class Members.  That weekly amount will then be multiplied by the individual Workweeks for each Participating Class Member.  The resulting prorated amount will be allocated to employer side payroll taxes and subtracted from the total cash payout amount for each Class Member.

The Parties agree and understand that the Voucher Awards to Participating Settlement Class Members pursuant to this Settlement are made in consideration of Plaintiffs' claims for penalties and interest, and the monetary payments to Participating Settlement Class Members are made in consideration of Plaintiffs' wage claims.

**8.  Fees, Costs, and Incentive Awards.**

Class Counsel shall be entitled to petition the District Court for a Fees Payment of up to two million three hundred thousand dollars ($2,300,000.00) to compensate all attorneys who have represented Named Plaintiffs in this proceeding, including the law firms of Deason & Archbold, Barnhill & Vaynerov LLP, and Schwarcz, Rimberg, Boyd & Rader, LLP.  Nordstrom agrees not to oppose Class Counsel's request for a Fees Payment up to and including this amount.  The requested allocation of fee awards will be as follows:  $661,250.00 to Deason & Archbold; $661,250.00 to Barnhill & Vaynerov LLP; and $977,500.00 to Schwarcz, Rimberg, Boyd & Rader LLP.  The Fees Payment is subject to the approval of the District Court.  Neither Class Counsel nor any counsel for the Named Plaintiffs shall be permitted to petition the Court for, or to accept any additional payments for fees, or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

interest, and the Fees Payment shall be for all claims for attorneys' fees past, present and future incurred in the Action by all attorneys working on behalf of the Named Plaintiffs and Settlement Class Members.

Class Counsel shall also be entitled to petition the District Court for a Cost Award of up to fifty thousand dollars ($50,000.00) to compensate all attorneys who have represented Named Plaintiffs in this proceeding, including the law firms of Deason & Archbold, Barnhill & Vaynerov LLP, and Schwarcz, Rimberg, Boyd & Rader, LLP for costs incurred with respect to such representation.  Class Counsel's petition for costs must be submitted with an application and declaration justifying those costs.  Nordstrom agrees not to oppose Class Counsel's request for costs up to and including $50,000.00 total.  The Cost Award is subject to the approval of the District Court.  Neither Class Counsel nor any counsel for the Named Plaintiffs shall be permitted to petition the Court for, or to accept, any additional payments for costs or interest, and the Cost Award shall be for all claims for costs past, present and future incurred in the Action by all attorneys working on behalf of the Named Plaintiffs and Settlement Class Members.

Within fifteen (15) calendar days after the Effective Date, and solely for purposes of this Settlement, Nordstrom shall wire the amount of the Fees Payment to the Claims Administrator into an account set up by the Claims Administrator for distribution to Class Counsel. Within fifteen (15) calendar days of Nordstrom's delivery of the Fees Payment and Cost Award to the Claims Administrator, the Claims Administrator shall deliver to Class Counsel their respective shares of the Fees Payment as set forth in the Court's Final Judgment.   The delivery of the Fees payment and Cost Award to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm, including Deason & Archbold, Barnhill & Vaynerov LLP, and Schwarcz, Rimberg, Boyd & Rader, LLP, for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of the Named Plaintiffs and Settlement Class Members, and shall relieve

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

Nordstrom, the Claims Administrator, and Nordstrom's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Named Plaintiffs and Settlement Class Members.

Class Counsel may apply for Incentive Awards in an amount not to exceed twelve thousand five hundred dollars ($12,500.00) to be paid to each of the four Named Plaintiffs (for a total of $50,000.00) from the Gross Monetary Settlement Fund for their time and effort spent pursuing the Action, their risk to reputation and of retaliation, and for the important benefits conferred on the Settlement Class Members. Nordstrom agrees not to oppose such an application, so long as it is consistent with the provisions of this Agreement.  Any Incentive Awards shall be paid to Named Plaintiffs by checks mailed to the Named Plaintiffs respective counsel by the Claims Administrator within thirty (30) calendar days of the Effective Date.  The Named Plaintiffs' Incentive Awards will not be taxed wages.  The Named Plaintiffs will receive 1099 forms relating to the Incentive Awards.

**9.  Responsibility of Nordstrom.  Nordstrom shall:**

a.  Pay the Claims Administrator for costs and expenses of administering this Settlement, within fifteen (15) calendar days of the Effective Date;

b.  Pay, or cause the Claims Administrator to pay, the Fees Payment, Cost Award and Incentive Awards within fifteen (15) days after the Effective Date;

c.  Provide, after preliminary approval of this Stipulation, the Claims Administrator with  database reports showing each Settlement Class Member's name, address, social security number, and the total number of Workweeks applied to that Settlement Class Member's employee number during the Class Period within thirty (30) calendar days following entry of an order granting preliminary approval of this Settlement by the Court.  The Claims Administrator shall keep the database reports confidential as between it and Nordstrom and shall not provide them to any other

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

28.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1  persons, including Settlement Class Members, the Named Plaintiffs or Class Counsel.
2  However, in accordance with the terms of a confidentiality agreement executed
3  between the Claims Administrator and Nordstrom, and with authorization from
4  Nordstrom, the Claims Administrator may provide information contained in the
5  database reports to vendors as necessary to facilitate claims administration.

6        d.     Provide, after preliminary approval of this Stipulation, Class
7  Counsel with partial database reports showing each Settlement Class Member's last
8  four digits of their social security number and the total number of Workweeks for each
9  Settlement Class Member's employee number during the Class Period within thirty
10  (30) calendar days following entry of an order granting preliminary approval of this
11  Settlement by the Court.  If there are instances where the last four digits of Settlement
12  Class Members' social security number are the same, Nordstrom shall also provide
13  Class Counsel with the names of those Settlement Class Members.  Class Counsel
14  shall keep the partial database reports confidential, shall not use the information for
15  any purpose other than to administer this settlement, and shall not provide the
16  information to any other persons, including Settlement Class Members and the Named
17  Plaintiffs.

18        d.     Cause the Claims Administrator to pay the Individual Monetary
19  Settlement Amounts, Supplemental Monetary Awards, if any, Voucher Awards, and
20  Supplemental Voucher Awards, if any, to the Participating Settlement Class Members
21  in accordance with the terms of this Settlement Agreement within twenty-one (21)
22  days after the Effective Date;

23        e.     Cause the Claims Administrator to establish a Settlement Account
24  (either a separate checking account or separate ledger entry, at Nordstrom's selection),
25  and make appropriate arrangements to fund any checks written upon the Settlement
26  Account.

27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

**10.    Operation of the Total Settlement Package.**

a.    At no time shall Nordstrom have the obligation to segregate the funds comprising the Total Settlement Package from its other assets, and Nordstrom will retain exclusive authority over, and responsibility for, those funds.

b.    The Claims Administrator will be responsible for calculating and paying from the Monetary Settlement Amount the taxes to be taken from each Participating Settlement Class Member's Individual Monetary Settlement Amount and/or each Participating Settlement Class Member's Supplemental Monetary Award if necessary.

c.    The Claims Administrator will calculate the Individual Monetary Settlement Amounts to be paid to each Participating Settlement Class Member from the Monetary Settlement Amount in accordance with the terms and provisions of this Agreement.

d.    The Claims Administrator shall have the authority and obligation to make payments, credits, and disbursements, including payments and credits in the manner set forth herein, to Participating Settlement Class Member's from the Monetary Settlement Amount calculated in accordance with the methodology set out in this Agreement and orders of the District Court, and shall do so.

e.    To the extent any tax returns must be filed for the Settlement Account pursuant to this Agreement, the Claims Administrator shall cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the Settlement Account.   Such returns shall be consistent with this paragraph.  The Parties do not believe that the Settlement Account will generate any taxable income.   However, if any taxable income is generated by the Settlement Account, in all events the tax returns filed shall reflect that all taxes payable on the taxable income of the Settlement Account, if any, shall be paid by Nordstrom.  Any costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, reasonable expenses of tax attorneys, accountants or

30.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1    other designees retained by the Claims Administrator as required for the preparation
2    and filing of tax returns described in this paragraph) shall be treated as, and
3    considered to be, a cost of administration of the Settlement and shall be paid entirely
4    from the Gross Monetary Settlement Fund.

5              f.      The Claims Administrator shall keep Nordstrom, Nordstrom's
6    counsel and Class Counsel apprised of all distributions from the Total Settlement
7    Package.    The Claims Administrator shall respond to questions from both
8    Nordstrom's counsel and Class Counsel.

9              g.      No person shall have any claim against Nordstrom's counsel, the
10   Named Plaintiffs, the Participating Settlement Class Members, Class Counsel or the
11   Claims Administrator based on distributions and payments made in accordance with
12   this Agreement.

13             h.      The maximum amount Nordstrom can be required to pay under
14   this Settlement for any purpose is the amount of the maximum potential value of the
15   Total Settlement Package.

16             i.      No later than fourteen (14) days prior to the hearing on the Parties'
17   Motion for Final Approval of the Settlement, the Claims Administrator shall provide
18   counsel for the Parties a due diligence declaration, setting forth, *inter alia*, its
19   compliance with the mailing and other administrative obligations required by this
20   Stipulation, as well as the number of claims made, the number of objections made and
21   the number of individuals who opted out of the Settlement Class.

22             j.      Upon completion of administration of the Settlement, the Claims
23   Administrator shall provide written certification, under penalty of perjury, of such
24   completion to the District Court and counsel for all Parties.

25             k.      The Claims Administrator shall be responsible for issuing all
26   required W-2 forms, and other tax forms, to Participating Settlement Class Members
27   and the Named Plaintiffs under this Agreement.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

31.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**11.    Notice/Approval of Settlement and Settlement Implementation.**

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary approval of the Settlement from the District Court, certifying settlement classes, notifying Settlement Class Members, obtaining final District Court approval of the Settlement, and processing the settlement payments:

a.    <u>Preliminary Settlement Hearing</u>.  Named Plaintiffs and Nordstrom have jointly requested a hearing before the District Court for preliminary approval of the Settlement, currently scheduled on June 23, 2014.

b.    <u>Preliminary Approval Order</u>.  In conjunction with this hearing, Named Plaintiffs will submit this Agreement, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement this Settlement.  The Motion for Preliminary Approval, this Agreement and its exhibits shall be submitted under seal.  If and when the District Court preliminarily approves this Settlement, the seal shall be removed.  Simultaneous with the filing of the Stipulation of Settlement and solely for purposes of this Settlement, the Parties will request the District Court to enter the Preliminary Approval Order attached as <u>Exhibit 4</u> hereto, preliminarily approving the proposed Settlement, certifying the Settlement Class and Class Period for settlement purposes only, and setting a date for a Settlement Hearing to determine final approval of the Settlement.  The Order shall provide for notice of the Settlement and related matters to be sent to Settlement Class Members as specified herein.

c.    <u>Notice to Settlement Class Members</u>.  Notice of the Settlement shall be provided to Settlement Class Members using the following procedures:

(1)    <u>Claims Administrator</u>.  Rust Consulting, Inc., 777 South Figueroa Street, Suite 4600, Los Angeles, CA 90017, shall be retained to serve as Claims Administrator.   The Claims Administrator shall be responsible for preparing, printing and mailing the Notice attached as <u>Exhibit 1</u> hereto and the Claim Form attached as <u>Exhibit 2</u> hereto as directed by the Court to the Settlement Class Members; receiving

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1  and reviewing the Claim Forms submitted by Settlement Class Members to determine

2  eligibility for payment as Participating Settlement Class Members and determine the

3  amount of such payments, along with the amount of all payroll tax deductions to be

4  withheld; keeping track of opt outs from the Settlement Class; providing weekly status

5  reports to Nordstrom's counsel and Class Counsel; providing a due diligence

6  declaration for submission to the District Court prior to the hearing on the Parties'

7  Motion for Final Approval of the Settlement; drafting and mailing monetary

8  settlement award checks to Wage Claimants and mailing Voucher Awards to

9  Participating Settlement Class Members; printing and providing Participating

10  Settlement Class Members and the Named Plaintiffs with W-2s and 1099 forms as

11  required under this Agreement and applicable law; and for such other tasks as the

12  Parties mutually agree.  The Parties each represent they do not have any financial

13  interest in Rust Consulting, Inc. or otherwise have a relationship with Rust

14  Consulting, Inc. that could create a conflict of interest.

15  　　　　　Nordstrom shall be responsible for paying over to the Claims

16  Administrator at such times as requested by the Claims Administrator those amounts

17  necessary to enable the Claims Administrator to pay Participating Settlement Class

18  Members amounts not to exceed the Monetary Settlement Amount as set forth above.

19  　　　　　(2)　　Notice By First Class Mail. Within forty-five (45) days after entry

20  of the Preliminary Approval Order as provided herein, the Claims Administrator shall

21  send a copy of the Notice, together with a Claim Form, to all Settlement Class

22  Members via First Class regular U.S. mail, using the most current mailing address

23  information for Settlement Class Members as provided by Nordstrom to the Claims

24  Administrator from Nordstrom's payroll data.  Prior to mailing the Notice, the Claims

25  Administrator shall conduct a National Change of Address Search with respect to all

26  Settlement Class Members who are not current Nordstrom employees.  Any Notices

27  returned to the Claims Administrator as non-delivered on or before the thirtieth (30th)

28  day after the Notice was originally mailed, shall be sent to the forwarding address

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

affixed thereto within three (3) business days of the date the non-delivered notice is returned to the Claims Administrator. If no forwarding address is provided, no re-mailing will occur. In no event will the Claims Administrator re-mail notices to Settlement Class Members whose notice was returned as undeliverable more than thirty (30) days after the original notice mailing date. In the event the procedures in this paragraph are followed and the intended recipient of a Notice still does not receive the Notice, the intended recipient shall remain a Settlement Class Member and will be bound by all terms of the Settlement and any Final Judgment entered by the District Court if the Settlement is approved by the District Court. The re-mailing of a Notice does not restart or extend the Objection/Exclusion Deadline or Claim Deadline.

        d.   <u>Procedure for Objecting to or Requesting Exclusion From Class Action Settlement</u>.

        (1)   <u>Procedure for Objecting</u>. The Mailed Notice shall provide that Settlement Class Members who wish to object to the Settlement must file with the District Court and serve on counsel for the Parties a written statement objecting to the Settlement. Such written statement must be filed with the District Court and served on counsel for the Parties no later than sixty (60) days after the date the Notice was mailed (the "Objection/Exclusion Deadline Date"). No Settlement Class Member shall be entitled to be heard at the final Settlement Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the District Court at the Settlement Hearing, unless written notice of the individual's intention to appear at the Settlement Hearing, and copies of any written objections or briefs, shall have been filed with the District Court and served on counsel for the Parties on or before the Objection/Exclusion Deadline Date. Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

(2)     <u>Procedure for Requesting Exclusion From Settlement Class</u>.  The Mailed Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a written statement requesting exclusion from the Settlement Class on or before the Objection/Exclusion Deadline Date.  Such written request for exclusion must contain the Settlement Class Member's name, address and last four digits of their Social Security number and must be returned by mail to the Claims Administrator at a specified address, and must be postmarked on or before the Objection/Exclusion Deadline Date.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any Settlement Class Member who opts out of the Settlement Class will not be entitled to any recovery under the Settlement, including Voucher Awards or monetary settlement awards, and will not be bound by the Settlement with respect to any claims they may have for monetary damages arising during the Settlement Class Period.   Any Settlement Class Member who opts out of the Settlement Class will not have any right to object to, appeal or comment on the Settlement as it pertains to Settlement Class Members.  Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline Date shall be bound by all terms of the Settlement and any Final Judgment entered in this Class Action if the Settlement is approved by the District Court.

The Claims Administrator shall provide Counsel for Nordstrom "Database Reports" reflecting the social security numbers and the Individual Monetary Settlement Amounts of all Settlement Class Members who opt out of the Settlement Class, within five (5) business days of receipt of such opt-out notices.  Class Counsel shall be provided with a summary report that includes only the number of opt out notices received by the Claims Administrator.

e.     <u>No Solicitations of Settlement Objections or Exclusions.</u>   The Parties agree to use their best efforts to carry out the terms of this Settlement.  At no

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

1   time shall any of the Parties or their counsel seek to solicit or otherwise encourage

2   Settlement Class Members to submit written objections to the Settlement or requests

3   for exclusion from the Settlement Class, or appeal from the District Court's Final

4   Judgment.   Nothing in this paragraph shall affect Class Counsel's duty to render

5   candid advice to, and respond to questions from, Settlement Class Members.

6          f.      Option to Terminate Settlement.  If, before the Settlement Hearing

7   referenced in paragraph 11(g) below, the number of Settlement Class Members who

8   have timely filed valid requests for exclusion from the Settlement Class total is above

9   the threshold percentage set forth in the Parties' Separate Supplemental Agreement,

10  Nordstrom shall have, in its sole discretion, the option to terminate this Settlement.

11  The Parties will make available the Separate Supplemental Agreement if necessary

12  and/or upon Court order.

13         g.      Final Settlement Approval Hearing and Entry of Final Judgment.

14         Upon expiration of the Objection/Exclusion Deadline Date, with the

15  District Court's permission, a Settlement Hearing shall be conducted to determine

16  final approval of the Settlement along with the amount properly payable for (i) Fees

17  Payment and Cost Payment, and (ii) Named Plaintiffs' Incentive Awards.  Upon final

18  approval of the Settlement by the District Court at or after the Settlement Hearing, the

19  Parties shall present a Final Judgment and Order of Dismissal with Prejudice attached

20  as Exhibit 5 hereto to the District Court for its approval.   After entry of the Final

21  Judgment, the District Court shall have continuing jurisdiction solely for the purposes

22  of addressing: (i) settlement administration matters; (ii) enforcement of this Settlement

23  Agreement; and (iii) such post Final Judgment matters as may be appropriate under

24  court rules or as set forth in this Agreement.

25         h.      Procedure for Payment of Settlement Awards.    Except for

26  Settlement Class Members who submit valid and timely requests for exclusion as

27  provided herein, all Settlement Class Members who have submitted a valid and timely

28  Claim Form shall receive an Individual Monetary Settlement Award (provided they

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

36.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

worked any non-misdraw Workweeks) and Voucher Award from Nordstrom, distributed by Nordstrom or through the Claims Administrator.  The Claim Form shall include instructions on how to submit the form, and shall notify Settlement Class Members that the Claim Form must be completed, signed and returned by mail no later than sixty (60) days after the date the Claim Form was mailed (the "Claim Deadline") for a Settlement Class Member to become a Participating Settlement Class Member and be eligible to receive any monetary settlement award and/or Voucher Award.  The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Settlement Class Member has "timely" returned his/her Claim Form on or before the Claim Deadline.  Claim Forms received by the Claims Administrator that have been postmarked after the Claim Deadline shall be disregarded.  For purposes of this Agreement, a Claim Form shall be deemed "valid" only if: (1) the Settlement Class Member has provided on the Claim Form his or her name and last four digits of his/her social security number, (2) the Settlement Class Member has dated and signed the Claim Form; and (3) the name and last four digits of the social security number provided by the Settlement Class Member on the Claim Form match Nordstrom's records as provided to the Claims Administrator.  If a Settlement Class Member's Claim Form is timely (i.e., returned to the Claims Administrator within sixty (60) days of being mailed) but defective as to any of these three requirements, the Settlement Class Member shall be given an opportunity to cure the defect(s).  Any such Claim Form shall be returned to the Settlement Class Member(s), who will be informed of the defect(s).  The Claims Administrator shall mail a deficiency notice and a copy of the defective Claim Form to the Settlement Class Member within three business (3) days of receiving any timely but defective Claim Form.  The Settlement Class Member will be given fourteen (14) calendar days from the date the defective Claim Form and deficiency notice was mailed back to the Settlement Class Member within which to cure the defect(s) and return the Claim Form to the Claims Administrator.  If the revised Claim Form is not postmarked

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

within that fourteen day period, it shall be deemed untimely and the claim will be rejected.  The name and last four digits of the social security number provided by the Settlement Class Member will be deemed to match Nordstrom's records only if: (1) both the first name and the last name and the last four digits of the social security number provided by the Settlement Class Member match Nordstrom's records; or (2) the first name and the last four digits of the social security number provided by the Settlement Class Member match Nordstrom's records and it appears the last name has been changed as a result of a change in marital or domestic partner status.

Although Settlement Class Members who do not submit valid and timely Claim Forms shall not receive a monetary settlement award and/or Voucher Award, such persons shall nonetheless be Settlement Class Members and will be bound by all terms of the Settlement and any Final Judgment entered in this Class Action if the Settlement is approved by the District Court.  After the conclusion of the defect cure period, the Claims Administrator will send a Notice of Denied Claim Form to any Settlement Class Member who had submitted a Claim Form that was not timely and/or not valid, stating the reason the claim was denied. Monetary settlement awards and Voucher Awards for Participating Settlement Class Members shall be paid pursuant to the settlement formula set forth herein within thirty (30) days after the Effective Date. The Claims Administrator's determination of eligibility for, and the amounts of, any monetary settlement awards and Voucher Awards under the terms of this Agreement, shall be conclusive, final and binding on all Parties, including all Participating Settlement Class Members.   Any checks paid to Participating Settlement Class Members shall remain valid and negotiable for ninety (90) days from the date of their issuance ("Check Stale Date") and may thereafter automatically be canceled if not cashed by a Participating Settlement Class Member within that time, at which time the Participating Settlement Class Member's claim will be deemed void and of no further force and effect.  Any funds remaining in the Settlement Account as a result of Participating Settlement Class Member checks not being cashed by the Check Stale

38.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1  Date shall remain the property of Nordstrom and shall be returned to Nordstrom

2  within ten (10) business days of the Check Stale Date.  If applicable, the value of un-

3  cashed checks below the one million three hundred and fifty thousand dollar

4  ($1,350,000.00) floor for monetary payments, will be donated to a charity to be

5  mutually agreed upon by the parties.  Upon completion of administration of the

6  Settlement, the Claims Administrator shall provide written certification, under penalty

7  of perjury, of such completion to the District Court and counsel for all Parties, as

8  provided herein.

9        i     Administration Costs. All of Nordstrom's own legal fees, costs and

10  expenses incurred in this Action shall be borne by Nordstrom. In accordance with

11  paragraph 6, all claims administration expenses will be paid from the Gross Monetary

12  Settlement Fund. The Parties agree to cooperate in the Settlement administration

13  process and to make all reasonable efforts to control and minimize the costs and

14  expenses incurred in administration of the Settlement.

15        j     Nullification of Settlement Agreement.  In the event: (i) the

16  District Court does not enter the Preliminary Approval Order, substantially in the form

17  attached hereto as Exhibit 4; (ii) the District Court does not finally approve the

18  Settlement as provided herein; (iii) the District Court does not enter a Final Judgment

19  Order, substantially in the form attached hereto as Exhibit 5, which becomes final as a

20  result of the occurrence of the Effective Date; or (iv) the Settlement does not become

21  final for any other reason, this Settlement Agreement shall be null and void and any

22  order or judgment entered by the Court in furtherance of this Settlement shall be

23  treated as void *ab initio*.  In such a case, the Parties and any funds to be awarded under

24  this Settlement shall be returned to their respective statuses as of the date and time

25  immediately prior to the execution of this Agreement, and the Parties shall proceed in

26  all respects as if this Settlement Agreement had not been executed, except that any

27  fees already incurred by the Claims Administrator shall be paid for by Nordstrom and

28  shall not be repaid to Nordstrom.  In the event an appeal is filed from the District

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

39.

Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

**12.   Privacy of Documents and Information.**

Settlement Class Members, Named Plaintiffs, and Class Counsel agree that none of the documents and information provided to them by Nordstrom in connection with this Settlement shall be used for any purpose other than administration of this Settlement

**13.   No Effect on Employee Benefits.**

The Incentive Awards, monetary settlement awards, and Voucher Awards paid to the Named Plaintiffs and Participating Settlement Class Members shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (e.g. vacation, holiday pay, retirement plans, etc.) of the respective Named Plaintiffs or Participating Settlement Class Members.  The Parties agree that any Incentive Awards, monetary settlement awards, and Voucher Awards paid to Named Plaintiffs and Participating Settlement Class Members under the terms of this Agreement do not represent any modification of Named Plaintiffs' or Participating Settlement Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Nordstrom. Further, any Incentive Awards, monetary settlement awards, or Voucher Awards hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Nordstrom.

**14.   Publicity.**

The Parties agree that Named Plaintiffs and Class Counsel will not communicate the terms of this Settlement to members of the press or otherwise

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

40.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

publicize the terms of or fact of this Settlement Agreement, including to Verdicts and Settlements.   With the exception of a general description of the case and total settlement amount, with no party identifying information, the Parties and their respective counsel also agree not to publish the terms of the settlement or any related information on their respective websites, for advertising purposes and/or in publication materials generally available to the public.   Named Plaintiffs and Class Counsel further agree that, except as otherwise provided in this Agreement and as required by law, if they are contacted by anyone, including the press, regarding this case they will state only that the matter is resolved.   However, Class Counsel may state in declarations to be submitted to any court regarding their qualifications to represent a class that they were approved as class counsel in this Action.

### 15.   No Admission/Concession By the Released Parties.

Nordstrom and the Released Parties deny any and all claims alleged in this Class Action and deny all wrongdoing whatsoever.   This Agreement is not a concession or admission, and shall not be used against Nordstrom or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession or omission by Nordstrom or any of the Released Parties.   Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

a.   construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

b.   disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the Class Action, or any other

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

41.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

civil, criminal or administrative action or proceeding except for purposes of enforcing this Agreement.   However, the Released Parties may file the Final Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, waiver or other theory of claim preclusion or issue preclusion or similar defense as to the Released Claims, Waiver of Future Claims and/or in defense of any future claim in this or any other proceeding.

### 16.   CIRCULAR 230 DISCLAIMER.

EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

42.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

**17.    Exhibits and Headings.**

The terms of this Agreement include the terms set forth in attached Exhibits 1-7, which are incorporated by this reference as though fully set forth herein. Exhibits 1-5 to this Agreement are an integral part of the Settlement and must be approved substantially as written.  The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

**18.    Interim Stay of Proceedings.**

The Parties agree to hold all proceedings in the Class Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Settlement Hearing to be conducted by the District Court.

**19.    Amendment or Modification.**

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

**20.    Entire Agreement.**

This Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

**21.    Authorization to Enter Into Settlement Agreement.**

Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

**22.    Binding on Successors and Assigns.**

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

**23.    California Law Governs.**

All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

**24.    Counterparts.**

This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**25.    This Settlement is Fair, Adequate and Reasonable.**

The Parties believe this Settlement is fair, adequate and reasonable, and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after extensive negotiations.

**26.    Jurisdiction of the District Court.**

The District Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**27.    Cooperation and Drafting.**

Each of the parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

**28.    Invalidity of Any Provision.**

Before declaring any provision of this Agreement invalid, the District Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

**29.    Named Plaintiffs' Waiver of Right to be Excluded and Object.**

The Named Plaintiffs agree that by signing this Agreement they become bound by the terms herein stated and further agree not to request to be excluded from the Damages Settlement Class and agree not to object to any of the terms of this Agreement.  Noncompliance by the Named Plaintiffs with this paragraph shall be void and of no force or effect.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

Date: _____, 2014        _____
                             GINO MARAVENTANO

Date: _____, 2014        _____
                             NEESHA KURJI

Date: _____, 2014        _____
                             GINA BALASANYAN

45.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

1

2　Date: _____, 2014　　　　　　_____

3　　　　　　　　　　　　　　　　　NUNE NALBANDIAN

4　　　　　　　　　　　　　　　　　NORDSTROM, INC.

5　Date: _____, 2014　　　　　　_____

6　　　　　　　　　　　　　　　　　By: _____

7　　　　　　　　　　　　　　　　　Title:

8　Approved as to form and content.

9　　　　　　　　　　　　　　　　　DEASON & ARCHBOLD

10

11　Date: _____, 2014　　　　　　_____

12　　　　　　　　　　　　　　　　　　Matthew F. Archbold
　　　　　　　　　　　　　　　　　　Attorney for Gino Maraventano &
13　　　　　　　　　　　　　　　　　　Neesha Kurji

14

15　　　　　　　　　　　　　　　　　BARNHILL & VAYNEROV, LLP

16　Date: _____, 2014　　　　　　_____

17　　　　　　　　　　　　　　　　　　Maxim Vaynerov
　　　　　　　　　　　　　　　　　　Attorney for Gino Maraventano &
18　　　　　　　　　　　　　　　　　　Neesha Kurji

19

20　　　　　　　　　　　　　　　　　SCHWARCZ, RIMBERG, BOYD & RADER, LLP

21

22　Date: _____, 2014　　　　　　_____

23　　　　　　　　　　　　　　　　　　Kathryn Lee Boyd
　　　　　　　　　　　　　　　　　　Attorney for Gina Balasanyan and Nune
24　　　　　　　　　　　　　　　　　　Nalbandian

25　　　　　　　　　　　　　　　　　LITTLER MENDELSON, P.C.

26　Date: _____, 2014　　　　　　_____

27　　　　　　　　　　　　　　　　　　Julie A. Dunne
　　　　　　　　　　　　　　　　　　Attorney for Nordstrom, Inc.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1  orders and judgments entered in connection therewith, and the Parties and their

2  counsel hereto submit to the jurisdiction of the Court for purposes of interpreting,

3  implementing and enforcing the settlement embodied in this Agreement and all orders

4  and judgments entered in connection therewith.

5      **27.   Cooperation and Drafting.**

6      Each of the parties has cooperated in the drafting and preparation of this

7  Agreement. Hence, in any construction made to this Agreement, the same shall not be

8  construed against any of the Parties.

9      **28.   Invalidity of Any Provision.**

10      Before declaring any provision of this Agreement invalid, the District

11  Court shall first attempt to construe the provisions valid to the fullest extent possible

12  consistent with applicable precedents so as to define all provisions of this Agreement

13  valid and enforceable.

14      **29.   Named Plaintiffs' Waiver of Right to be Excluded and Object.**

15      The Named Plaintiffs agree that by signing this Agreement they become

16  bound by the terms herein stated and further agree not to request to be excluded from

17  the Damages Settlement Class and agree not to object to any of the terms of this

18  Agreement. Noncompliance by the Named Plaintiffs with this paragraph shall be void

19  and of no force or effect. Any such request for exclusion or objection shall therefore

20  be void and of no force or effect.

21

22  Date: _____, 2014

                        GINO MARAVENTANO

23

24  Date: _____, 2014

25                          NEESHA KURJI

26

27  Date: 5/23, 2014

                        GINA BALASANYAN

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

45.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1  orders and judgments entered in connection therewith, and the Parties and their

2  counsel hereto submit to the jurisdiction of the Court for purposes of interpreting,

3  implementing and enforcing the settlement embodied in this Agreement and all orders

4  and judgments entered in connection therewith.

5      **27.    Cooperation and Drafting.**

6          Each of the parties has cooperated in the drafting and preparation of this

7  Agreement. Hence, in any construction made to this Agreement, the same shall not be

8  construed against any of the Parties.

9      **28.    Invalidity of Any Provision.**

10          Before declaring any provision of this Agreement invalid, the District

11  Court shall first attempt to construe the provisions valid to the fullest extent possible

12  consistent with applicable precedents so as to define all provisions of this Agreement

13  valid and enforceable.

14      **29.    Named Plaintiffs' Waiver of Right to be Excluded and Object.**

15          The Named Plaintiffs agree that by signing this Agreement they become

16  bound by the terms herein stated and further agree not to request to be excluded from

17  the Damages Settlement Class and agree not to object to any of the terms of this

18  Agreement.  Noncompliance by the Named Plaintiffs with this paragraph shall be void

19  and of no force or effect.  Any such request for exclusion or objection shall therefore

20  be void and of no force or effect.

21

22  Date: _____, 2014        _____

23                              GINO MARAVENTANO

24  Date: May 23, 2014          _____

25                              NEESHA KURJI

26

27  Date: _____, 2014        _____

28                              GINA BALASANYAN

45.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1   orders and judgments entered in connection therewith, and the Parties and their

2   counsel hereto submit to the jurisdiction of the Court for purposes of interpreting,

3   implementing and enforcing the settlement embodied in this Agreement and all orders

4   and judgments entered in connection therewith.

5      **27.   Cooperation and Drafting.**

6         Each of the parties has cooperated in the drafting and preparation of this

7   Agreement. Hence, in any construction made to this Agreement, the same shall not be

8   construed against any of the Parties.

9      **28.   Invalidity of Any Provision.**

10       Before declaring any provision of this Agreement invalid, the District

11   Court shall first attempt to construe the provisions valid to the fullest extent possible

12   consistent with applicable precedents so as to define all provisions of this Agreement

13   valid and enforceable.

14      **29.   Named Plaintiffs' Waiver of Right to be Excluded and Object.**

15       The Named Plaintiffs agree that by signing this Agreement they become

16   bound by the terms herein stated and further agree not to request to be excluded from

17   the Damages Settlement Class and agree not to object to any of the terms of this

18   Agreement. Noncompliance by the Named Plaintiffs with this paragraph shall be void

19   and of no force or effect. Any such request for exclusion or objection shall therefore

20   be void and of no force or effect.

21

22   Date:MAY 23, 2014                            

23                                 GINO MARAVENTANO

24

25   Date:_____, 2014                     _____

26                                 NEESHA KURJI

27   Date:_____, 2014                     _____

28                                 GINA BALASANYAN

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

                                     45.

Date: _05/22_, 2014

_Hav_

NUNE NALBANDIAN

NORDSTROM, INC.

Date: _____, 2014

By: _____
Title: _____

Approved as to form and content.

DEASON & ARCHBOLD

Date: _____, 2014

_____
Matthew F. Archbold
Attorney for Gino Maraventano &

Neesha Kurji

BARNHILL & VAYNEROV, LLP

Date: _____, 2014

_____
Maxim Vaynerov
Attorney for Gino Maraventano &

Neesha Kurji

SCHWARCZ, RIMBERG, BOYD & RADER,

LLP

Date: _____, 2014

_____
Kathryn Lee Boyd
Attorney for Gina Balasanyan and Nune
Nalbandian

LITTLER MENDELSON, P.C.

Date: _____, 2014

_____
Julie A. Dunne
Attorney for Nordstrom, Inc.

LITTLER MENDELSON
A Professional Corporation
801 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

46.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

Date: _____, 2014

NUNE NALBANDIAN

NORDSTROM, INC.

Date: May 23, 2014

By: Sheryl Garland
Title: Vice President, Sr. Counsel

Approved as to form and content.

DEASON & ARCHBOLD

Date: _____, 2014

Matthew F. Archbold
Attorney for Gino Maraventano &
Neesha Kurji

BARNHILL & VAYNEROV, LLP

Date: _____, 2014

Maxim Vaynerov
Attorney for Gino Maraventano &
Neesha Kurji

SCHWARCZ, RIMBERG, BOYD & RADER,
LLP

Date: _____, 2014

Kathryn Lee Boyd
Attorney for Gina Balasanyan and Nune
Nalbandian

LITTLER MENDELSON, P.C.

Date: MAY 23, 2014

Julie A. Dunne
Attorney for Nordstrom, Inc.

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

Date: _____, 2014

_____
NUNE NALBANDIAN

NORDSTROM, INC.

Date: _____, 2014

_____
By: _____
Title:

Approved as to form and content.


DEASON & ARCHBOLD


Date: _____, 2014

_____
Matthew F. Archbold
Attorney for Gino Maraventano &
Neesha Kurji


BARNHILL & VAYNEROV, LLP


Date: _____, 2014

_____
Maxim Vaynerov
Attorney for Gino Maraventano &
Neesha Kurji


SCHWARCZ, RIMBERG, BOYD & RADER,
LLP

Date: May 23, 2014

_____
Kathryn Lee Boyd
Attorney for Gina Balasanyan and Nune
Nalbandian


LITTLER MENDELSON, P.C.


Date: _____, 2014

_____
Julie A. Dunne
Attorney for Nordstrom, Inc.

46.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

1

2    Date: _____ , 2014                  _____
                                             NUNE NALBANDIAN
3
                                             NORDSTROM, INC.
4

5    Date: _____ , 2014                  _____

6                                            By: _____
                                             Title:
7

8    Approved as to form and content.

9
                                             DEASON & ARCHBOLD
10
     Date: May 23 , 2014                     _____
11
                                                  Matthew F. Archbold
12                                                Attorney for Gino Maraventano &
                                                  Neesha Kurji
13

14
                                             BARNHILL & VAYNEROV, LLP
15

16   Date: _____ , 2014                  _____

17                                                Maxim Vaynerov
                                                  Attorney for Gino Maraventano &
18                                                Neesha Kurji

19                                           SCHWARCZ, RIMBERG, BOYD & RADER,
                                             LLP
20

21   Date: _____ , 2014                  _____

22                                                Kathryn Lee Boyd
                                                  Attorney for Gina Balasanyan and Nune
23                                                Nalbandian

24
                                             LITTLER MENDELSON, P.C.
25

26   Date: _____ , 2014                  _____

27                                                Julie A. Dunne
                                                  Attorney for Nordstrom, Inc.
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

                                             46.

Date: _____, 2014

_____
NUNE NALBANDIAN

NORDSTROM, INC.

Date: _____, 2014

_____
By: _____
Title:

Approved as to form and content.

DEASON & ARCHBOLD

Date: _____, 2014

_____
Matthew F. Archbold
Attorney for Gino Maraventano &
Neesha Kurji

BARNHILL & VAYNEROV, LLP

Date: *May 23*, 2014

_____
Maxim Vaynerov
Attorney for Gino Maraventano &
Neesha Kurji

SCHWARCZ, RIMBERG, BOYD & RADER,
LLP

Date: _____, 2014

_____
Kathryn Lee Boyd
Attorney for Gina Balasanyan and Nune
Nalbandian

LITTLER MENDELSON, P.C.

Date: _____, 2014

_____
Julie A. Dunne
Attorney for Nordstrom, Inc.

46.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1

## LIST OF EXHIBITS

2

3       1.    Class Notice

4       2.    Claim Form

5       3.    Sample Voucher Award

6       4.    Preliminary Approval Order

7       5.    Final Judgment and Order of Dismissal With Prejudice

8       6.    Maraventano First Amended Complaint

9       7.    Balasanyan Second Amended Complaint

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

47.

EXHIBIT  1

EXHIBIT  1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO MARAVENTANO; and<br>NEESHA KURJI,<br>　　　　　　　Plaintiffs,<br><br>v.<br>NORDSTROM, INC., a Washington Corporation;<br>and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants.<br>―――――――――――――――――<br>GINA BALASANYAN, an individual, and<br>NUNE NALBANDIAN, an individual, on behalf of<br>themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>v.<br>NORDSTROM, INC., a Washington Corporation;<br>and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Master Case No. 10cv2671 JM (JLB)<br><br>**NOTICE OF CLASS ACTION SETTLEMENT** |

<u>NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION; SETTLEMENT HEARING; AND
CLAIM AND EXCLUSION PROCEDURES</u>

Case  Name:  *GINO MARAVENTANO/ NEESHA KURJI/ GINA  BALASANYAN & NUNE
NALBANDIAN  v. NORDSTROM, INC.*, USDC Case No. 10CV-02671 JM (JLB)

TO:　　All persons who work or have worked for Nordstrom, Inc. ("Nordstrom") within the state of
California from October 20, 2006 through June XX, 2014 who were or are paid on a draw
commission basis (the "Settlement Class Member(s)"):

PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE CONTAINS IMPORTANT
INFORMATION REGARDING YOUR RIGHTS AS A SETTLEMENT CLASS MEMBER IN THIS
ACTION.

I.　　**INTRODUCTION**

　　　　Plaintiffs and Nordstrom, Inc. ("Nordstrom") have reached an agreement to settle the above-
captioned case on behalf of Plaintiffs and the Settlement Class (described below).  This agreement is
referred to below as the "Settlement," and is set forth in a Stipulation for Class Action Settlement on file
with the Clerk of the United States District Court for the Southern District of California.  You are being sent
this Notice because Nordstrom's records show that you are/were employed in a draw commission
position during the period from October 20, 2006 through June XX, 2014 (the "Class Period"), and thus,
may be eligible to participate in this Settlement.  The Settlement is a compromise of disputed claims and
is not to be construed as an admission of liability on the part of Nordstrom or anyone else.  The Court has
granted preliminary approval of the Settlement, and the parties are now seeking final Court approval,
which is required for the Settlement to become effective.  The Settlement includes a claims procedure for
eligible Settlement Class Members to file claims for recovery pursuant to the terms of the Settlement.
(See Section VII, Claim Procedure, below).  **<u>YOU MUST DELIVER A "CLAIM FORM," AS DESCRIBED
BELOW, IN ORDER TO RECEIVE A RECOVERY UNDER THIS SETTLEMENT.</u>**

1

## II.      DESCRIPTION OF THE LAWSUIT

On October 20, 2010, a Class Action was filed against Nordstrom by former Nordstrom Draw Commission Salespersons, Gino Maraventano and Neesha Kurji, on behalf of themselves and all similarly situated employees.  On April 5, 2011 a similar lawsuit was filed against Nordstrom by Gina Balasanyan and Nune Nalbandian.  Those two cases were subsequently consolidated.  Collectively, Mr. Maraventano, Ms. Kurji, Ms. Balasanyan and Ms. Nalbandian are referred to as "Plaintiffs" or "Named Plaintiffs."

Plaintiffs allege in this lawsuit that Nordstrom failed to pay Draw Commission Salespersons all of their minimum wage compensation for time spent working prior to the store opening and/or after the store closed.  Plaintiffs' principle allegation is that Nordstrom should have paid its Draw Commission Salespersons a separate hourly rate for all time worked prior to the store opening and/or after the store closing. Plaintiffs contend that for up to forty (40) minutes before the store opened and/or up to forty (40) minutes after the store closed, Nordstrom compensated its Draw Commission Salespersons via commissions, which Plaintiffs claim could only be earned during the periods the store was open to the public.  The action seeks recovery of unpaid minimum wage compensation incurred from October 20, 2006 to the current date, liquidated damages, penalties and attorneys' fees and costs.

Nordstrom denies Plaintiffs' allegations.    Nordstrom contends that it properly paid Draw Commission Salespersons at least minimum wage for all hours worked through its draw commission plan, which guaranteed an amount equal to or above the hourly minimum wage through commissions or a guaranteed minimum draw.  Nordstrom also contends that it properly paid commissions for the 40-minute windows of time before the store opened and after the store closed because salespeople were engaged in sales or sales-related work during those periods.

## III.     CLASS CERTIFICATION AND COMPOSITION OF THE SETTLEMENT CLASS

On August 12, 2013, the Honorable Jeffrey T. Miller certified a class of "All persons who work or have worked for Nordstrom, Inc. ("Nordstrom") within the state of California from October 20, 2006 through the present date who were or are paid on a draw commission basis, provided they were first employed in a draw commission position prior to distribution of the June 2011 Dispute Resolution Agreement." For purposes of this Settlement only, that class has been expanded to include draw commission salespersons first employed after distribution of the June 2011 Dispute Resolution Agreement through the date of the Court's preliminary approval of this Settlement, June XX, 2014.

If you are receiving this Notice, then you are a Settlement Class Member.  The class covers the "Released Claims" specified in Section VIII.A. below.    If you wish to pursue claims not included in the class, you must do so in your own separate lawsuit or arbitration.

## IV.     ARBITRATION RIGHTS

The certification of the Settlement Class is for purposes of this Settlement only.  By entering into this Settlement, neither Nordstrom nor any current or former employees subject to Nordstrom's June 2011 or August 2011 Dispute Resolution Agreements are waiving the right to seek enforcement of individual arbitration agreements between Nordstrom and any current or former Nordstrom employee.  However, individual members of the Settlement Class who do not opt out of the Settlement and thus become Settlement Class Members will be releasing all claims and causes of action covered by the Settlement regardless of whether they are parties to an enforceable arbitration agreement.  If the Settlement does not become effective, for whatever reason, or if final approval of the Settlement is not granted, Nordstrom and Members of the Settlement Class may seek to enforce applicable arbitration agreements under the same terms and to the same extent as they otherwise would have been able to do had no settlement discussions taken place and no settlement between the Parties been reached.  Nordstrom's rights and

responsibilities with respect to arbitration agreements applying to Settlement Class Members who elect to opt-out of this Settlement will not be affected by this Settlement.

## IV.    BACKGROUND OF THE SETTLEMENT

The parties and their attorneys have conducted investigations of the facts and law during the Action, including, among other things, an exchange of documents and written discovery and a review of time and payroll records, and sales transaction data.  The attorneys have analyzed the applicable law as it relates to the allegations of Plaintiffs, the defenses thereto, and the damages claimed by Plaintiffs. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual or legal allegations made against Nordstrom in this Action.

Plaintiffs and Class Counsel believe that the claims asserted in the Action have merit.  However, Class Counsel recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against Nordstrom through trial and possible appeals.  Class Counsel has also taken into account the uncertainty of the outcome and the risk of litigation.  Thus, Plaintiffs and Class Counsel engaged in intensive arm's length negotiations with Nordstrom and its attorneys.  After several mediation sessions before an experienced, neutral mediator, these negotiations eventually led to the Settlement.  Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class and Plaintiffs.

Nordstrom believes that the claims asserted in the litigation are without merit.  Thus, Nordstrom has denied and continues to deny Plaintiffs' claims and all charges of wrongdoing and liability.  Although Nordstrom vehemently contests Plaintiffs' allegations and denies that it committed any wrongdoing or violation of law, the company believes that further litigation of this case would be protracted, expensive, and contrary to the best interests of Nordstrom and its employees.  Substantial amounts of time, energy, and other resources have been devoted to defending against the litigation, and unless there is a settlement, that situation will continue.  In light of these realities, Nordstrom believes that the Settlement is the best way to resolve the litigation while minimizing further burden and expenditures.

## V.    SETTLEMENT CLASS MEMBER RECOVERY

The maximum total settlement amount available excluding attorney fees and costs is $5,300,000. The Settlement has two components: (1) monetary relief, and (2) a merchandise voucher award.  Each component is described below.

A.    Monetary Relief:

The monetary relief has a maximum potential value of $2,700,000.00 (the "Gross Monetary Settlement Fund").  The Gross Monetary Settlement Fund will be used to pay (1) monetary claims made by Settlement Class Members; (2) the Incentive Awards to each of the Named Plaintiffs in an amount not to exceed $12,500 for each Named Plaintiff; (3) the costs of administration of the settlement (estimated to be $150,000); and (4) Private Attorney General Act penalties in the amount of $10,000. The Gross Monetary Settlement Fund minus these four items is referred to in this Notice as the "Monetary Settlement Amount."

Each Settlement Class Member who timely submits a valid Claim Form and completed one or more pay periods during the Class Period in a draw commission position in which s/he did not misdraw will be entitled to a monetary recovery from the Monetary Settlement Amount.  Each Settlement Class Member's Individual Monetary Settlement Amount will be calculated as follows:

- First, the total number of weeks worked wherein Settlement Class members did not receive a misdraw during the Class Period will be divided into the Monetary Settlement Amount to determine the Initial Workweek Amount.

- Next, the Initial Workweek Amount will be multiplied by each individual Settlement Class Member's number of Workweeks during the Class Period in which s/he did not misdraw.

Therefore, your individual monetary recovery will be based on the number of non-misdraw weeks you were employed by Nordstrom in a draw commission position from October 20, 2006 through June XX, 2014.  All cash payments will be subject to standard deductions for employee payroll taxes and other withholdings.  The exact amount of your monetary payment may be increased if there is a Monetary Payout Deficiency as explained below.  Your individual monetary payment may also be decreased to pay a portion of employer-side taxes in the event that employer-side taxes are not satisfied through other means specified in the Settlement, including through unclaimed funds in the Monetary Settlement Amount. The parties estimate that the Initial Workweek Amount will be a minimum of $X.XX per Workweek.

This is a claims made settlement.  If a Settlement Class Member does not timely submit a valid Claim Form, their unclaimed share will be retained by Nordstrom.  Although this Settlement is claims made, the Parties have agreed that Nordstrom will pay at least 50% of the Gross Monetary Settlement Fund, in total, for Individual Monetary Settlement Amount payments to Participating Settlement Class Members, Incentive Awards, Claims Administrator Costs, payroll taxes as applicable, and Private Attorney General Act penalties.   A Monetary Payout Deficiency will result if the amount remaining in the Gross Monetary Settlement Fund is below the one million three hundred and fifty thousand dollar ($1,350,000) floor — i.e., 50% of the Gross Monetary Settlement Fund — after deducting the sum of the Individual Monetary Settlement Amounts, the Incentive Awards, Claims Administrator Costs, payroll taxes as applicable, and Private Attorney General Act penalties.  If applicable, a Monetary Payout Deficiency will be paid to Participating Settlement Class Members as a Supplemental Monetary Award. The Supplemental Monetary Award to be paid to Participating Settlement Class Members will be based on the number of non-misdraw Workweeks worked by each Settlement Class Member who timely submits a valid Claim Form.  This amount shall be added to each Settlement Class Member's original Individual Monetary Settlement Amount on a pro-rated basis depending on each Participating Class Member's number of non-misdraw Workweeks during the Class Period.  The sum of the Individual Monetary Settlement Amount and Supplemental Monetary Award, minus standard tax withholdings and deductions, will then be distributed to each Settlement Class Member who timely submits a valid Claim Form.

B.      Voucher Awards:
Nordstrom has agreed to make available a maximum of $2,600,000 in merchandise vouchers to Settlement Class Members.  The Voucher Award will be divided into two distinct funds: the Voucher Payout Fund A, and the Voucher Payout Fund B.  Whether Participating Settlement Class Members will receive a merchandise voucher from Voucher Payout Fund A or B will depend on the length of their employment in a draw commission position during the Class Period, as specified below.

(i)      Voucher Payout Fund A:      The face value of the Voucher Awards to be issued to Settlement Class Members who submit a valid Claim Form from Voucher Fund A will be determined by dividing 87.34% of the Voucher Award by the total number of Settlement Class Members employed for less than three years in a draw commission position between October 20, 2006 through June XX, 2014.  The resulting amount will be rounded to the nearest dollar. The parties estimate that the amount of the Voucher Payout Fund A Voucher Award will be approximately $XX.00.

(ii)      Voucher Payout Fund B:      The face value of the Voucher Awards to be issued to Settlement Class Members who submit a valid Claim Form from Voucher Fund B will be determined by dividing 12.66% of the Voucher Award by the total number of Settlement Class Members employed for three years or more in a draw commission position between October 20, 2006 through June XX, 2014.  The resulting amount will be rounded to the nearest dollar.   The parties estimate that the amount of the Voucher Payout Fund B Voucher Award will be approximately $XX.00.

This is a claims made settlement. To the extent a Settlement Class Member does not timely submit a valid Claim Form, his or her unclaimed share will be retained by Nordstrom.  However, although this Settlement is claims made, the Parties have agreed that Nordstrom will pay at least 50% of Voucher Award (i.e., $1,300,000 in merchandise vouchers) to Settlement Class Members who timely submit a valid Claim Form.  If the cumulative total of Voucher Awards actually claimed from both Voucher Payout Funds A and B is less than $1,300,000, the difference between the cumulative total of the Voucher

4

awards and $1,300,000 will be the Voucher Award Deficiency.  The Voucher Award Deficiency Amount will then be added equally as a set flat-rate supplemental amount to each individual voucher payment for each Participating Settlement Class Member regardless of whether the Participating Settlement Class Member will receive a merchandise voucher from Voucher Payout Fund A or B.

All merchandise vouchers will be subject to the terms and conditions listed on the vouchers, including, but not limited to, the following: (1) Vouchers may be used only for in-store, non-sale purchases at Nordstrom full-line stores in California; (2) Vouchers are not usable for services such as alterations, repairs, shipping, handling or other services, internet or telephone purchases, purchases at Nordstrom Rack Locations, or to pay part or all of any debit or credit card balances; (3) Vouchers are not transferable; (4) Vouchers are not cash or gift cards, and thus, may not be redeemed, in whole or in part, for cash or gift cards or consolidated with gift cards and may not be reloaded with tender or merchandise; and (5) Vouchers that are lost, stolen or damaged will not be replaced.

      C.      PAGA Penalties

In connection with this Settlement, Nordstrom has agreed to pay $10,000 in penalties to the California Labor and Workforce Development Agency.

## VI.     CLASS COUNSEL FEES AND COSTS

In connection with this Settlement, Nordstrom has agreed to pay all Class Counsel a total maximum of $2,300,000 in attorney fees and $50,000 in litigation costs.  The amount of attorney's fees awarded to Class Counsel will be subject to the Court's discretion, but in any event, will not exceed this amount.  As part of the Settlement, you will not be required to pay Class Counsel for their representation of you in the Action.  The amount of costs awarded to Class Counsel will be subject to the Court's discretion, but in any event, will not exceed $50,000.  As part of the Settlement, you will not be required to reimburse Class Counsel for the costs associated with their representation of you in the Action.

## VII.     MAKING A CLAIM FOR RECOVERY UNDER THE SETTLEMENT

All Settlement Class Members are eligible to receive payment under the Settlement.  As stated above, the monetary settlement payment is based upon each non-misdraw Workweek in which you worked for Nordstrom as a draw commission salesperson from October 20, 2006 through June XX, 2014.  As also specified above, the merchandise voucher award you receive will depend on whether you were employed in a draw commission position for less than three years or three or more years from October 20, 2006 through June XX, 2014. The actual monetary payment amount and merchandise voucher amount to each Settlement Class Member that submits a claim will not decrease based on the total number of eligible Settlement Class Members that submit claims in this settlement other than potentially affecting supplemental awards in the event that the 50% floors applying to the Gross Monetary Settlement Fund and/or Voucher Award are not reached.

**In order to file a claim for payment, you must sign the enclosed Claim Form, and mail it to the Claims Administrator via U.S. Mail at the address below, using the enclosed, prepaid postage envelope, postmarked no later than _____ XX, 2014.  If you fail to submit a Claim Form by this deadline, you will be disqualified from seeking relief under this Settlement, and unless you opt out (as described in Section IX below), your claims will be released (as set forth in Section VIII below).**

If you wish to receive assistance in completing the Claim Form, you may contact the Claims Administrator at the address and telephone number below.

      Rust Consulting, Inc.
      777 South Figueroa Street, Suite 4600
      Los Angeles, CA 90017
      Telephone: (XXX) XXX-XXXX
      Facsimile: (XXX) XXX-XXXX

**Claims Payment.**   Following the Effective Settlement Date, as defined in the Settlement, Nordstrom has agreed to pay all Valid Claims through the Claims Administrator in accordance with the terms of the Stipulation for Class Action Settlement.  The settlement payments to each Settlement Class Member that timely submits a Valid Claim will be distributed to Participating Settlement Class Members within twenty-one (21) days of the Effective Settlement Date.

## VIII.   BINDING EFFECT/RELEASE OF CLAIMS

A.   <u>Release of Claims as to all Settlement Class Members</u>.   As of the Effective Date, the Settlement Class Members release Nordstrom and each of its past, present and future officers, directors shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties") from the Released Claims through the date of the claims, objections and opt out deadline for this Settlement.  The Released Claims are claims that all Settlement Class Members who do not opt-out waive and release in exchange for the consideration provided for in the Settlement and include, the claims alleged, or that could have been alleged, by the Named Plaintiffs, on behalf of themselves and Settlement Class Members, based on the facts alleged in their complaints, including for: (1) alleged violations of California minimum wage law (including, without limitation, under California Labor Code sections 1194 and 1197); (2) alleged violations of California  Labor Code sections 201-203 for failing to pay all wages due upon separation; (3) alleged violations of California Labor Code section 226 for failure to provide accurate and complete wage statements; (4) alleged violations of California Business and Professions Code section 17200 *et seq.* based on an alleged failure to pay draw commission employees minimum wage or another contractually agreed wage for all hours worked; (5) breach of contract based on an alleged failure to pay draw commission employees for all hours worked; (6) declaratory relief based on an alleged failure to pay draw commission employees for all hours worked; (7) any claim under the Private Attorney General Act, California Labor Code section 2698 *et seq.* ("PAGA") based on an alleged failure to pay draw commission employees for all hours worked; (8) any other claims that were or could have been brought based on the factual allegations and claims in the Name Plaintiffs' complaints; and  (9) any claim that Nordstrom is liable for the attorneys' fees, costs or other expenses incurred to prosecute this action, including fees incurred for the services of Barnhill & Vaynerov, LLP, Deason & Archbold, and Schwarcz, Rimberg, Boyd & Rader LLP.   The Released Claims do not apply to minimum wage claims for non-draw commission salespeople, such as those in the *Nguyen vs. Nordstrom* case, OCSC Case No. 30-2011-00484903-CU-OE-CXC.

The Released Claims include a California Civil Code section 1542 waiver which applies to the Class Action Claims in this case.  With respect to the Released Claims, the Class Members stipulate and agree that, upon the Effective Date of the Settlement, the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542, or any other similar provision under federal or state law.  California Civil Code section 1542 provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Court's judgment finally approving the settlement shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

THE WAIVERS AND RELEASES ARE SET FORTH MORE SPECIFICALLY, AND IN MORE DETAIL, IN THE STIPULATION FOR CLASS ACTION SETTLEMENT, which is on file with the Clerk of the United States District Court for the Southern District of California.

## IX.    PROCEDURE FOR EXCLUSION FROM DAMAGES CLASS

Settlement Class Members may exclude themselves (i.e., "opt-out") from the Class Settlement by mailing to Rust Consulting, Inc., 777 South Figueroa Street, Suite 4600, Los Angeles, CA 90017, on or before _____ XX, 2014, a written statement expressing their desire to be excluded from the Agreement.   The written statement must include your full name (and former names, if any), current address, and last four digits of your social security number.   In addition, it must be postmarked on or before _____ XX, 2014.   Requests for exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective.   Persons who are eligible to and do submit valid and timely requests for exclusion from the Class Settlement will not receive monetary settlement awards or Voucher Awards, nor will they be bound by the terms of the proposed Class Settlement, if it is approved.

## X.    SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held before the United States District Court for the Southern District of California on _____ XX, 2014, at ___ [a.m./p.m.], at 221 West Broadway San Diego, CA 92101, Courtroom 5D (5th Floor - Schwartz), Suite 5190,  (the "Court"), to determine whether the proposed Settlement of the Action is fair, adequate and reasonable and should be finally approved by the Court and whether judgment should be entered fully and finally resolving the Action on the merits with prejudice.

Any Settlement Class Member may appear in person or through counsel at the Settlement Hearing and be heard as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a Final Judgment fully and finally resolving the Action against Nordstrom with prejudice should or should not be entered.   No Settlement Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such person shall be received or considered by the Court unless written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before _____ XX, 2014, or if by mail then postmarked no later than _____ XX, 2014, upon all of the following:

Matthew Archbold, Esq.                         Maxim Vaynerov, Esq.
Deason & Archbold                              Barnhill & Vaynerov LLP
3300 Irvine Avenue, Suite 245                  11400 W. Olympic Boulevard, Suite 200
Newport Beach, California  92660               Los Angeles, California 90064

Lee Boyd, Esq.                                 Julie Dunne, Esq.
Schwarcz, Rimberg, Boyd & Rader, LLP           Littler Mendelson, P.C.
6310 San Vicente Boulevard, Suite 360          501 West Broadway, Suite 900
Los Angeles, California  90048                 San Diego, California  92101

Any Settlement Class Member who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the Settlement.  Any Settlement Class Member who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.

## XI.    EXAMINATION OF PAPERS AND INQUIRIES

The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive.   For a more detailed statement of the matters involved in the Action and the

7

proposed Settlement, you may refer to the pleadings, the Stipulation and Settlement Agreement of Class Action Claims, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of California, Office of the Clerk 333 West Broadway, Suite 420, San Diego, CA 92101, during regular business hours of each Court day.

**XII.    HOW TO OBTAIN ADDITIONAL INFORMATION**

All inquiries by Settlement Class Members regarding this Notice and/or the Settlement should be directed to the Claims Administrator, Rust Consulting, Inc., or Class Counsel, Deason & Archbold, Barnhill & Vaynerov LLP, and Schwarcz, Rimberg, Boyd & Rader LLP.  The contact information for Claims Administrator and Class Counsel is provided below:

**Claims Administrator:**
Rust Consulting, Inc.
777 South Figueroa Street, Suite 4600
Los Angeles, CA 90017
Telephone: (XXX) XXX-XXXX
Facsimile: (XXX) XXX-XXXX

**Class Counsel:**

Matthew F. Archbold
DEASON & ARCHBOLD
Irvine Ave, Suite 245
Newport Beach, CA  92660
Newport Beach, CA  92660
Telephone:       (949) 794-9560
Facsimile:   (949) 794-9517

Kathryn Lee Boyd
SCHWARCZ, RIMBERG, BOYD & 3300
RADER LLP
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

Maxim Vaynerov
BARNHILL & VAYNEROV LLP
11400 W. Olympic Boulevard, Suite 200
Los Angeles, California 90064
Telephone: (310) 943-8989

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS CASE**

EXHIBIT  2

EXHIBIT  2

Maraventano, et al. v. Nordstrom, Inc.; Balasanyan, et al. v. Nordstrom, Inc.
United States District Court for the Southern District of California
Consolidated Case No. 10cv2671 JM (JLB)
(Consolidated with Case No. 11cv2609 JM (JLB))

**CLAIM FORM:  COMPLETE FOR MONETARY AND MERCHANDISE VOUCHER RECOVERY**

**YOU MUST COMPLETE, SIGN AND MAIL THIS FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS IN ORDER TO MAKE A CLAIM FOR A RECOVERY FROM THE PROPOSED SETTLEMENT:**

**NORDSTROM, INC. CLAIMS ADMINISTRATOR C/O RUST CONSULTING, INC.**
**777 SOUTH FIGUEROA STREET, SUITE 4600**
**LOS ANGELES, CA 90017**

| | |
|---|---|
| <Barcode> Claim #:<br><First Name> <Last Name><br><c/o><br><Address><br><City>, <State> <Zip>  <Country> | Name/Address Changes (if any):<br>_____<br>_____<br>_____<br>_____ |

If your name or address is different from those shown above, print the corrections on the lines to the right.

**INSTRUCTIONS:**

1.   **YOU MUST TIMELY COMPLETE, SIGN AND MAIL THIS FORM ON OR BEFORE _____, 2014 TO THE CLAIMS ADMINISTRATOR, RUST CONSULTING, INC., TO BE ELIGIBLE TO RECEIVE A RECOVERY FROM THE SETTLEMENT.**
2.   **IF YOU MOVE, PLEASE SEND YOUR NEW ADDRESS TO THE CLAIMS ADMINISTRATOR, RUST CONSULTING, INC., AT THE ABOVE ADDRESS.**
3.   **IF FOUND ELIGIBLE, YOU SHOULD NOT EXPECT TO RECEIVE ANY PAYMENT UNTIL THE SETTLEMENT IS FINAL, WHICH LIKELY WILL OCCUR NO EARLIER THAN THE FALL OF 2014 OR EARLY 2015.**

X_____          _____
(Sign your name here)                                           Date

_____          _____
Last 4 Digits of Social Security Number                    Former Names (if any)

(____)_____
Daytime Telephone Number (Optional)

EXHIBIT  3

EXHIBIT  3

Maraventano, et al. v. Nordstrom, Inc.; Balasanyan, et al. v. Nordstrom, Inc.
United States District Court for the Southern District of California
Consolidated Case No. 10cv2671 JM (JLB)

## EXHIBIT 3- SAMPLE VOUCHER AWARD

_____-DOLLAR ($XX.00) NORDSTROM MERCHANDISE VOUCHER

This Voucher is subject to the following terms and conditions: (1) Vouchers may be used only for in-store, non-sale purchases at Nordstrom full-line stores in California; (2) Vouchers are not usable for services such as alterations, repairs, shipping, handling or other services, internet or telephone purchases, purchases at Nordstrom Rack Locations, or to pay part or all of any debit or credit card balances; (3) Vouchers are not transferable; (4) Vouchers are not cash or gift cards, and thus, may not be redeemed, in whole or in part, for cash or gift cards or consolidated with gift cards and may not be reloaded with tender or merchandise; and (5) Vouchers that are lost, stolen or damaged will not be replaced.

[NAME] [VOUCHER NUMBER]

[ADDRESS 1]     [TRACKING NUMBER]     [BAR CODE]

[ADDRESS 2]

Signature:_____

EXHIBIT  4

EXHIBIT  4

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   GINO MARAVENTANO; and              Master Case No.  10cv2671 JM (WMc)
     NEESHA KURJI
11                                      **[PROPOSED] PRELIMINARY**
                 Plaintiffs,            **APPROVAL ORDER**
12
          v.                            **[This filing relates to original case**
13                                      **number 11cv2609]**
     NORDSTROM, INC., a Washington
14   Corporation; and DOES 1 through 10,
     inclusive,
15
                 Defendants.
16

17

18   GINA BALASANYAN, an individual,
19   and NUNE NALBANDIAN, an
     individual, on behalf of themselves and
20   all others similarly situated,

21                Plaintiffs,

22        v.

23   NORDSTROM, INC., a Washington
     Corporation; and DOES 1 through 10,
24   inclusive,

25                Defendants.

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1    WHEREAS, this consolidated action is pending before this Court as a class

2    action (the "Action"); and

3    WHEREAS, the Named Plaintiffs, Class Counsel, and Nordstrom, Inc. (the

4    "Parties") have applied to this Court for an order preliminarily approving the

5    settlement of the Action in accordance with a Stipulation and Settlement Agreement

6    of Class Action Claims (the "Stipulation" or "Settlement"), which, together with the

7    exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement

8    and dismissal of the Action with prejudice upon the terms and conditions set forth

9    therein; and

10    WHEREAS, the Court has read and considered the Parties' motions for

11    preliminary approval, Stipulation and the exhibits annexed thereto;

12    NOW, THEREFORE, IT IS HEREBY ORDERED:

13    1.    This Order incorporates by reference the definitions in the Stipulation,

14    and all terms defined therein shall have the same meaning in this Order as set forth in

15    the Stipulation.

16    2.    It appears to the Court on a preliminary basis that the Settlement is fair,

17    adequate and reasonable.   The monetary settlement awards and Voucher Award

18    provided to Settlement Class Members is fair, adequate and reasonable when balanced

19    against the probable outcome of further litigation relating to liability and damages

20    issues.   It further appears that extensive and costly investigation and research have

21    been conducted such that counsel for the Parties at this time are able to reasonably

22    evaluate their respective positions.   It also appears to the Court that settlement at this

23    time will avoid substantial additional costs by all Parties, as well as avoid the delay

24    and risks that would be presented by the further prosecution of the Action.   It further

25    appears that the Settlement has been reached as the result of intensive, serious and

26    non-collusive, arms-length negotiations.

27    3.    The Court previously certified a class in this case of all current and

28    former California Draw Commission Salespeople employed in a draw commission

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                                     1.                    Master Case No. 10cv2671 JM (WMc)

position at any time from October 20, 2006 up until the date of Nordstrom's June 2011 Dispute Resolution Agreement.  The certified class covered periods when Class Members (1) worked up to forty (40) minutes before the store opened and/or after the store closed and were compensated under Nordstrom's draw commission plan, and (2) did not receive misdraw.  For purposes of Settlement, the Parties have stipulated to the conditional certification of the broader Settlement Class, as set forth in the Stipulation. Based on the Parties' Stipulation, the Court hereby conditionally certifies the Settlement Class for settlement purposes only.   The Settlement Class shall be comprised of all persons employed by Nordstrom in a Draw Commission Position within the state of California at any time from October 20, 2006 through the date of this preliminary approval order who do not properly elect to opt out of this Settlement. Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to certification of the Settlement Class as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether the class previously certified should be decertified and/or what the scope of any class should be in a non-settlement context.

4.     Plaintiffs Gino Maraventano, Neesha Kurji, Gina Balasanyan and Nune Nalbandian ("Named Plaintiffs") are hereby preliminarily appointed and designated, for all purposes, as the representatives of the Settlement Class and the following attorneys are hereby preliminarily appointed and designated as counsel for the Named Plaintiffs and the Settlement Class ("Class Counsel"): Deason & Archbold, Barnhill & Vaynerov LLP, and Schwarcz, Rimberg, Boyd & Rader, LLP.

5.     Class Counsel is authorized to act on behalf of Settlement Class with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Settlement Class Member may enter an appearance through counsel of such individual's own choosing and at such individual's own expense.  Any Settlement

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                                    2.                    Master Case No. 10cv2671 JM (WMc)

Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

6. The Court hereby approves the definition and disposition of the Total Settlement Package and related matters provided for in the Stipulation.

7. The Court hereby preliminarily approves the collective Fees Award of up to $2,300,000.00 total, including up to $661,250.00 to Deason & Archbold; up to $661,250.00 to Barnhill & Vaynerov LLP; and up to $977,500.00 to Schwarcz, Rimberg, Boyd & Rader LLP

8. The Court hereby preliminarily approves the Cost Award of up to $50,000.00.

9. The Court hereby preliminarily approves Incentive Awards to the four Named Plaintiffs collectively totaling up to $50,000.00, with the four Named Plaintiffs receiving up to $12,500.00 each.

10. The Court hereby preliminarily approves costs of administration up to $150,000.00.

11. The Court finds on a preliminary basis that the Stipulation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes its significant value to the Settlement Class. The Court has also reviewed the Voucher Award that is being provided under the Settlement, which the Court also recognizes as having significant value to the Settlement Class.

12. By entering into this Settlement, neither Nordstrom nor any current or former employees subject to Nordstrom's June 2011 or August 2011 Dispute Resolution Agreements are waiving the right to seek enforcement of individual arbitration agreements between Nordstrom and any current or former Nordstrom employee. However, should the Settlement be finally approved, individual members of the Settlement Class who do not opt out of the Settlement and thus become

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                                    3.                    Master Case No. 10cv2671 JM (WMc)

1   Settlement Class Members will be releasing all claims and causes of action covered by
2   the Settlement regardless of whether they are parties to an enforceable arbitration
3   agreement.  If the Settlement does not become effective, for whatever reason, or if
4   final approval of the Settlement is not granted, Nordstrom and Members of the
5   Settlement Class may seek to enforce applicable arbitration agreements under the
6   same terms and to the same extent as they otherwise would have been able to do had
7   no settlement discussions taken place and no settlement between the Parties been
8   reached.   Nordstrom's rights and responsibilities with respect to arbitration
9   agreements applying to Settlement Class Members who elect to opt-out of this
10   Settlement will not be affected by this Settlement.

11      13.   A hearing (the "Settlement Hearing") shall be held before this Court on
12   _____, at _____ _.m. at 221 West Broadway San Diego, CA 92101,
13   Courtroom 5D (5th Floor - Schwartz), Suite 5190, to determine all necessary matters
14   concerning the Settlement, including: whether the proposed settlement of the Action
15   on the terms and conditions provided for in the Stipulation is fair, adequate and
16   reasonable and should be finally approved by the Court; whether a Judgment, as
17   provided in the Stipulation, should be entered herein; whether the plan of allocation
18   contained in the Stipulation should be approved as fair, adequate and reasonable to the
19   Settlement Class Members; and to finally approve Class Counsel's Fees Award and
20   Cost Award, and the Named Plaintiffs' Incentive Awards.

21      14.   The Court hereby approves, as to form and content, the Class Notice and
22   Claim Form and Sample Voucher Award to be distributed to Settlement Class
23   Members attached to the Stipulation as Exhibits 1, 2 and 3, respectively.  The Court
24   finds that that distribution of the Notice and Claim Form substantially in the manner
25   and form set forth in the Stipulation and this Order meets the requirements of due
26   process, is the best notice practicable under the circumstances, and shall constitute due
27   and sufficient notice to all persons entitled thereto.

28

ORDER                        4.            Master Case No. 10cv2671 JM (WMc)

15.   The Court hereby appoints Rust Consulting, Inc., 777 South Figueroa Street, Suite 4600, Los Angeles, CA 90017, as Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed to Settlement Class Members the Notice and Claim Form by first class mail within forty-five (45) days after the entry of this Preliminary Order (the "Notice Date") using the procedures set forth in the Stipulation.  Settlement Class Members who wish to participate in the settlement provided for by the Stipulation must complete and return the Claim Form pursuant to the instructions contained therein by first class mail or equivalent, postage paid, within sixty (60) days of the Notice Date.

16.   Any Settlement Class Member may choose to opt out of and be excluded from the Settlement Class as provided in the Notice by following the instructions for requesting exclusion from the Settlement Class that are set forth in the Notice.  Any such person who chooses to opt out of and be excluded from the Settlement Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.  Any written request to opt out must be signed by each such person opting out.  Settlement Class Members who have not requested exclusion shall be bound by all determinations of the Court, by the Stipulation and by the Final Judgment.

17.   Any Settlement Class Member may appear at the Settlement Hearing and may object to or express their views regarding the Settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice.  However, no Settlement Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before sixty (60) days after the Notice Date that person has served by hand or by first class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Settlement Class upon: (1) Maxim Vaynerov, Esq., Barnhill & Vaynerov, LLP, 11400

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                                      5.                    Master Case No. 10cv2671 JM (WMc)

W. Olympic Boulevard, Suite 200, Los Angeles, California 90064; (2) Lee Boyd, Esq., Schwarcz, Rimberg, Boyd & Rader, LLP, 6310 San Vicente Boulevard, Suite 360, Los Angeles, California 90048; (3) Matthew Archbold, Deason & Archbold, 3300 Irvine Avenue, Suite 245, Newport Beach, California 93660; and (4) Julie Dunne, Esq., Littler Mendelson, P.C., 501 W. Broadway, Suite 900, San Diego, CA 92101, and filed the objections, papers and briefs with the Clerk of this Court. In order to be valid, the papers must be filed with the Clerk of this Court and received by all of the above counsel on or before sixty (60) days after the Notice Date. Any Settlement Class Member who does not make his or her objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement.

18. All papers in support of the Settlement shall be filed with the Court and served on the Parties' Counsel no later than five (5) Court days before the Settlement Hearing.

19. To the extent permitted by law, pending final determination as to whether the settlement contained in the Stipulation should be approved, the Settlement Class Members whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any claim released in the Stipulation against the Released Parties.

20. The Settlement is not a concession or admission, and shall not be used against Nordstrom or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Nordstrom or any of the Released Parties. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be:

a. Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                                    6.                Master Case No. 10cv2671 JM (WMc)

concession, indication or admission by Nordstrom or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

b. Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of enforcing the settlement pursuant to the Stipulation.

21.     As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those pertaining to the administration of the Settlement of the Action.

22.     In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

23.     The Court reserves the right to adjourn or continue the date of the Settlement Hearing and all dates provided for in the Stipulation without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: _____          _____

Hon. Jeffrey T. Miller
United States District Court Judge

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                                         7.                    Master Case No. 10cv2671 JM (WMc)

EXHIBIT  5

EXHIBIT  5

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10   GINO MARAVENTANO; and          Master Case No.  10cv2671 JM (WMc)
     NEESHA KURJI
11                                  **[PROPOSED] FINAL JUDGMENT**
                Plaintiffs,         **AND ORDER**
12
          v.                       **[This filing relates to original case**
13                                 **number 11cv2609]**
     NORDSTROM, INC., a Washington
14   Corporation; and DOES 1 through 10,
     inclusive,
15
                Defendants.
16

17

18   GINA BALASANYAN, an individual,
     and NUNE NALBANDIAN, an
19   individual, on behalf of themselves and
     all others similarly situated,
20
                Plaintiffs,
21
          v.
22
     NORDSTROM, INC., a Washington
23   Corporation; and DOES 1 through 10,
     inclusive,
24
                Defendants.
25

26

27

28

LITTLER MENDELSON, P.C.
     501 W. Broadway
        Suite 900
San Diego, CA 92101.3577    ORDER                          Master Case No. 10cv2671 JM (WMc)
     619.232.0441

1    This matter having come before the Court for hearing pursuant to the Order of

2   this Court dated _____, 2014, for approval of the settlement set forth in the

3   Stipulation and Settlement Agreement of Class Action Claims ("Stipulation" or

4   "Settlement"), and the Court having considered all papers filed and proceedings had

5   herein and otherwise being fully informed of the premises and good cause appearing

6   therefore, it is

7        ORDERED, ADJUDGED AND DECREED THAT:

8        1.    All terms used herein shall have the same meaning as defined in the

9   Stipulation.

10        2.    This Court has jurisdiction over the subject matter of this litigation and

11   over all Parties to this litigation, including the Named Plaintiffs and the Settlement

12   Class.

13        3.    The Court finds that the Settlement has been reached as a result of

14   intensive, serious and non-collusive arms-length negotiations.  The Court further finds

15   that the Parties have conducted extensive and costly investigation and research and

16   counsel for the Parties are able to reasonably evaluate their respective positions.  The

17   Court also finds that settlement at this time will avoid additional substantial costs, as

18   well as avoid the delay and risks that would be presented by the further prosecution of

19   the Action.

20        4.    The Court finds that distribution of the Notice directed to the Settlement

21   Class Members as set forth in the Stipulation and the other matters set forth therein

22   have been completed in conformity with the Preliminary Approval Order, including

23   individual notice by first class mail to all Settlement Class Members who could be

24   identified through reasonable effort.  The Court finds the Notice provided due and

25   adequate notice of the proceedings and of the matters set forth therein, including the

26   proposed settlement set forth in the Stipulation, to all persons entitled to such Notice,

27   and the Notice fully satisfied the requirements of due process.  _____ Settlement

28   Class Members made claims under the Settlement.  _____ Settlement Class

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                                    1.                    Master Case No. 10cv2671 JM (WMc)

1  Members objected to the Settlement. _____ Settlement Class Members opted out
2  of the Settlement Class.

3       5.    This Court hereby approves the settlement set forth in the Stipulation and
4  finds that the Settlement is, in all respects, fair, adequate and reasonable and directs
5  the Parties to effectuate the Settlement according to its terms.  The Court has reviewed
6  the monetary and voucher recovery that is being granted as part of the Settlement and
7  recognizes the significant value to the Settlement Class Members of that monetary and
8  voucher recovery.

9       6.    For purposes of this Final Judgment and for settlement only, the Court
10  hereby certifies the Settlement Class.

11      7.    The Court hereby appoints the Named Plaintiffs as class representatives
12  for the Settlement Class Members.

13      8.    The Court hereby orders the Claims Administrator to distribute the
14  monetary settlement awards and Voucher Awards to Settlement Class Members in
15  accordance with the provisions of the Settlement.

16      9.    The Court hereby appoints Class Counsel as counsel for the Settlement
17  Class.

18      10.   As of the Effective Date, the Released Claims of each and every
19  Settlement Class Member are and shall be deemed to be conclusively released as
20  against the Released Parties through the date of the claims, objections and opt out
21  deadline for this settlement.  All Settlement Class Members as of the Effective Date
22  are hereby forever barred and enjoined from prosecuting Released Claims against the
23  Released Parties.

24      11.   The Court hereby awards attorneys' fees ("Fees Award") in the amount
25  of $_____ and costs ("Costs Award") in the amount of $_____.  The
26  court hereby Orders the Claims Administrator to distribute the Fees Award and the
27  Costs Award as follows: 28.75% of the total Fees Award distributed to Deason &
28  Archbold; 28.75% of the total Fees Award distributed to Barnhill & Vaynerov, LLP;

ORDER                             2.              Master Case No. 10cv2671 JM (WMc)

1   42.5% of the total Fees Award distributed to Schwarcz, Rimberg, Boyd & Rader LLP;

2   $_____ in costs distributed to Deason& Archbold; $_____ in costs distributed to

3   Barnhill & Vaynerov, LLP; and $_____ in costs distributed to Schwarcz,

4   Rimberg, Boyd & Rader LLP.   The Fees Award and Costs Award fully satisfy all

5   fees and costs incurred by the law firms that represented the Named Plaintiffs in this

6   proceeding, including Deason& Archbold, Barnhill & Vaynerov, LLP and Schwarcz,

7   Rimberg, Boyd & Rader LLP.  No other attorneys or law firms shall be entitled to any

8   award of attorneys' fees or costs from Nordstrom in any way connected with this

9   Action.  Any separate appeal from the portion of this Final Judgment as to the Fees

10  Award or Cost Award shall not operate to terminate or cancel the Stipulation or

11  otherwise affect the finality of this Final Judgment.

12       12.    The Court hereby approves an Incentive Award to the four Named

13  Plaintiffs in the amount of $_____ each, $_____ in total.    The Court

14  hereby orders the Claims Administrator to distribute the Incentive Awards to the four

15  Named Plaintiffs in accordance with the provisions of the Settlement.

16       13.    The Court hereby approves claims administration fees to the Claims

17  Administrator in an amount up to $_____.

18       14.    The Court hereby orders the Claims Administrator to distribute the

19  monetary settlement awards and Voucher Awards to Settlement Class Members in

20  accordance with the provisions of the Settlement.

21       15.    After administration of the Settlement has been completed in accordance

22  with the Stipulation and all amounts calculated, and in no event later than 180 days

23  after the Effective Date, Nordstrom shall file a report with this Court certifying

24  compliance with the terms of the Settlement.

25       16.    The Stipulation and Settlement are not an admission by Nordstrom or any

26  of the other Released Parties, nor is this Judgment a finding, of the validity of any

27  claims in the Action or of any wrongdoing by Nordstrom or any of the other Released

28  Parties.  Neither this Final Judgment, the Stipulation, nor any document referred to

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                                   3.                Master Case No. 10cv2671 JM (WMc)

herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Nordstrom or any of the other Released Parties of any fault, wrongdoing or liability whatsoever.  The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Nordstrom or any of the other Released Parties and shall not be offered in evidence against Nordstrom or any of the Released Parties in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Judgment, the Stipulation, or any related agreement or release.  Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding this Final Judgment, the Stipulation, or any other papers and records on file in the Action as evidence of the Settlement and to support a defense of *res judicata*, *collateral estoppel*, release, waiver or other theory of claim preclusion, issue preclusion or similar defense as to the Released Claims.

17.    By entering into this Settlement, neither Nordstrom nor any current or former employees subject to Nordstrom's June 2011 or August 2011 Dispute Resolution Agreements has waived the right to seek enforcement of individual arbitration agreements between Nordstrom and any current or former Nordstrom employee.  However, individual members of the Settlement Class who did not opt out of the Settlement and thus became Settlement Class Members have released all claims and causes of action covered by the Settlement regardless of whether they are parties to an enforceable arbitration agreement.  If the Settlement does not become effective for whatever reason, Nordstrom and Members of the Settlement Class may seek to enforce applicable arbitration agreements under the same terms and to the same extent as they otherwise would have been able to do had no settlement discussions taken place and no settlement between the Parties been reached.  Nordstrom's rights and responsibilities with respect to arbitration agreements applying to Settlement Class

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                                      4.                       Master Case No. 10cv2671 JM (WMc)

Members who elect to opt-out of this Settlement will not be affected by this Settlement.

18.    Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

19.    If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the Total Settlement Package to Nordstrom consistent with the terms of the Settlement, then this Judgment and all orders entered in connection herewith, including the order certifying the Settlement Class, shall be rendered null and void and shall be vacated.


Dated: _____          _____
                                        Hon. Jeffrey T. Miller
                                        United States District Court Judge

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER                          5.              Master Case No. 10cv2671 JM (WMc)

EXHIBIT  6

EXHIBIT  6

Matthew F. Archbold (CA SBN 210369)
e-mail: matthew@yourlaborlawyers.com
David D. Deason (SBN 207733)
e-mail: david@yourlaborlawyers.com
DEASON & ARCHBOLD
3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
Telephone: (949) 794-9560
Facsimile: (949) 794-9517

BARNHILL & VAYNEROV LLP
Steven M. Barnhill, Bar No. 123000
Maxim Vaynerov, Bar No. 177520
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone: (310) 943-8989

Attorneys for Individual and Representative Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO MARAVENTANO; and NEESHA KURJI,<br><br>        Plaintiffs,<br>   vs.<br><br>NORDSTROM, INC., a Washington Corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 10-CV-02671-JM (WMC)<br><br>[CLASS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23]<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>1.  Violation of Labor Code Section 1197;<br>2.  Violation of Labor Code Sections 201, 202 & 203;<br>3.  Violation of Labor Code Section 226; and<br>4.  Violation of Business and Professions Code §17200, et seq. |

**JURISDICTION**

1.       On or about October 20, 2010, Plaintiff Gino Maraventano filed the original Complaint San Diego County Superior Court.

2.       Defendant removed this action to the United States District Court for the Southern District of California based on the Class Action Fairness Act of 2005, 28 U.S.C. §§1332(d), 1441 and 1446, alleging that:

> This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. §§1332(d).  In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, the aggregate number of proposed plaintiff is 100 or greater, and where the amount in controversy for a putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *Id*.

3.       This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§1332(d), because it meets the aforementioned CAFA requirements, in that:  (1) this is a class action, alleging California state law claims, was originally filed in the Superior Court of the State of California for the County of San Diego, and timely removed by Defendant to the United States District Court for the Southern District of California; (2) Plaintiffs are citizens of California, and Defendant is incorporated and in the State of Washington, and its executive and administrative offices are located in Seattle, Washington; (2) the aggregate number of proposed plaintiffs exceeds 100; and (3) the amount in controversy for a putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.

////

////

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## VENUE

4.    Venue is proper in this Court because it covers the district where the state court action is pending. *See*, 28 U.S.C. §1441(a).

## PARTIES

5.    Individual and representative Plaintiff, Gino Maraventano (hereinafter "MARAVENTANO"), is a resident of San Diego County, in the State of California.  He was employed by Defendant from approximately April, 2003 through June, 2009.  Plaintiff brings his claims on behalf of himself and the California class, as set forth below.

6.    Individual and representative Plaintiff, Neesha Kurji (hereinafter "KURJI" or collectively with MARAVETANO as "Plaintiffs"), is a resident of Orange County, in the State of California.  She was employed by Defendant from approximately May, 2010 through December, 2010.  Plaintiff brings her claims on behalf of herself and the California class, as set forth below.

7.    Plaintiffs are informed and believe, and thereon allege, that Defendant NORDSTROM, INC. (hereinafter "NORDSTROM" or "Defendant") was and is a Washington corporation doing business under and by virtue of the laws of the State of California.

8.    Each of the DOES 1 through 10, inclusive, is so named because Plaintiffs do not know their true names and/or capacities at this time.  Plaintiffs will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

9.    Plaintiffs are informed and believe, and on the basis of such information and belief, allege that each defendant was an agent, employee, partner, joint enterprise, and/or alter ego of or with each of the other remaining defendants, and in doing the things herein alleged were acting within the scope and course of such agency and/or employment.  Upon information and belief, each of the

2

fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries as herein alleged, as well as the injuries of the putative class, were proximately caused by such defendants.

10.    The defendants, and each of them, save and except Defendant NORDSTROM, which is being sued as an entity, are sued in their individual and official capacities.

11.    The acts of defendants were in accordance with, and represent the official policies of NORDSTROM, or those whose edicts or acts may fairly be said to represent official policies hereinafter set forth.

12.    Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## CLASS ACTION ALLEGATIONS

13.    Plaintiffs bring this action as a class action pursuant Federal Rule of Civil Procedure 23 on behalf of all current and former employees that worked for Defendant as commissioned salespeople or in a substantially similar position under a different title, within the state of California, who were not paid the state mandated minimum wage for all hours worked within the four-year period prior to the filing of this Complaint through the final disposition of this action ("Class Members").  Such persons have been denied their minimum wages for all hours worked in violation of the California Labor Code.

14.    Defendant's failure to pay Plaintiffs and Class Members all of their state mandated minimum wages for all hours worked, violates California Labor Code Section 1197.  Defendant's failure to pay Plaintiffs and Class Members all of their unpaid minimum wages in a timely manner upon resignation or termination for such hours worked also violated California Labor Code Section 203. Defendant's failure to properly record the hours worked and rates of pay for Plaintiffs and Class Members also violated California Labor Code Section 226.

3

Defendant's failure to properly compensate Plaintiffs and Class Members in accordance the California Labor Code constitutes an unlawful business practice in violation of California Business and Professions Code Section 17200 *et seq.*

15.    There is a well defined community of interest in the litigation and the class is easily ascertainable:

a.    Numerosity:  Plaintiffs are informed and believe, and thereon allege, that the proposed Class is so numerous as to make joinder impracticable. Plaintiffs are informed and believe, and thereon allege, that the total number of putative class members, as defined above, exceeds 10,000 and that such persons are located in all parts of the state of California and throughout the various United States.

b.    Common questions predominate:  This action is maintainable by Plaintiffs under Federal Rule of Civil Procedure 23 as a class action because the questions of law and fact common to the class predominate over any questions affecting individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy. The rights which are the subject of this action are common to all Class Members who worked for Defendant within California, and Plaintiffs' claims, as hereinafter set forth, are typical of the claims of all Class Members including, but not limited to:

i)    Whether Defendant failed to properly compensate Plaintiffs and Class Members the state mandated minimum wage for all hours worked in violation of the California state wage and hour laws;

ii)    Whether Defendant failed to properly record and keep adequate records of all of the hours worked by Plaintiffs and Class Members, and whether Defendant provided a proper itemized statement of minimum wages earned and hours worked, as required under state law; and

iii)    Whether Plaintiffs and Class Members are entitled waiting time penalties pursuant to Cal. Labor Code Section 203.

c.    Typicality:  Plaintiffs' claims, as well as Defendant's defenses to such claims, are typical of the claims and defenses of the putative class. Plaintiffs and Class Members all sustained damages arising out of Defendant's common practices of requiring its Commissioned Salespeople and other employees who worked in a substantially similar position under a different title, to work certain hours without paying the state mandated minimum wage for all such hours worked; and failing to provide and accurate itemized statement of wages earned, hours worked and rates of pay for each Commissioned Salesperson.  Plaintiffs had the same, or substantially similar, duties and job responsibilities, and were compensated under the same policy as Class Members.

d.    Adequacy:  Plaintiffs are adequate representative of the class in that their claims are typical of each class member and they have no interests antagonistic to or in conflict with the interests of other Class Members.  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member.  Moreover, to represent their interests and the interests of the proposed class, Plaintiffs have retained counsel experienced in nationwide, and statewide, wage and hour collective and class action litigation.

e.    Superiority:  Class action adjudication is superior to other available methods because a class action will achieve economies of time, effort, and expense as compared to separate lawsuits, and avoid inconsistent outcomes, because the same issues can be adjudicated in the same manner for the entire class. Plaintiffs are currently unaware of any pending litigation commenced by any other class member involving the same issues in this Complaint.  Further, it is desirable to concentrate the litigation of such claims in this forum, and there are no difficulties likely to be encountered in the management of the class action.

f.    Public Policy Consideration:  Employers throughout the state violate wage and hour laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are

fearful of bringing actions because they perceive that their former employers can damage their future endeavors through negative references and other means. Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights.

16.     This action is also maintainable as a class because filing separate actions may result in varying or contradictory adjudications, thus establishing incompatible standards of conduct for defendants. Further, Plaintiffs are informed and believe, and thereon allege, that Defendant acted, or failed to act, on grounds that generally affected the entire class as a whole. Moreover, the damages suffered by individual class members are small by comparison to the cost and expense of individual prosecution of the action. Filing as a class will also obviate the need for duplicative litigation, and thus, is the most efficient and cost effective means by which to adjudicate these claims.

17.     Plaintiffs request that absent class members be notified by the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

## STATEMENT OF FACTS

18.     At all times herein set forth, Defendant was an employer within the definition of California State Law; and Plaintiffs and Class Members were at all times herein set forth employees of Defendant within the definition of California State Law.

19.     As set forth above, Defendant employed Plaintiffs as a "Commissioned Salesperson" during all relevant statutory periods.

20.     Plaintiff MARAVENTANO was employed by Defendant at their 270 East Via Rancho Parkway, Escondido, CA 92025 location (store #364) from April, 2003 to June, 2009; and Plaintiff KURJI was employed by Defendant at their 101 Fortune Drive, Irvine, CA 92618 (store #330) location from May, 2010 to December, 2010.

21.    Defendant maintained a policy whereby Plaintiffs and Class Members were not paid for hours spent on what Defendant termed "stocking time" or "stocking duties" unless they failed to meet their minimum commission draw. This "stocking time" was spent off the sales floor, and performed prior to the store opening, during certain shifts, and/or after a sales shift.  Defendant did not, and would not, pay Plaintiffs and Class Members any compensation for "stocking time" if the employee's minimum draw was reached.

22.    Throughout Plaintiffs' employment, and because of Defendant's failure to pay minimum wages due for all hours worked performing stocking duties, Defendant did not accurately reflect all of Plaintiffs and Class Members' hours worked and rates of compensation on their pay stubs.

23.    After Plaintiffs' employment with Defendant ended, they were not paid for their unpaid minimum wages, and remain uncompensated.

24.    Defendant knew or should have known that Plaintiffs and Class Members were not paid minimum wages for all hours worked in that Defendant, or its agents, officers and employees, required Plaintiffs to work such hours and were responsible for establishing the policies that prohibited Plaintiffs, and the other Class Members, from receiving minimum wage compensation for all of their hours worked performing "stocking duties".  Defendant knowingly accepted the benefits of Plaintiffs' labor, and the labor of Class Members, without providing lawful compensation.

25.    Plaintiffs are informed and believe, and thereon allege, that at all times set forth herein, Defendant was advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California employment and wage laws.  Plaintiffs are further informed and believe, and thereon allege, that at all times relevant to this Complaint, Defendant knew or should have known that Plaintiffs and other Commissioned Salespeople were not

////

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

being properly compensated minimum wage for all of their hours worked under California law.

26.     These actions by Defendant amount to blatant and willful violations of the California labor code.  Therefore, Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, Defendant knew that it had a duty to pay Plaintiffs and Class Members minimum wage for each and every hour worked.

27.     Plaintiffs are informed and believe that Defendant willfully, knowingly and intentionally failed to comply with California law all in order to increase Defendant's profits.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE § 1197

28.     Plaintiffs reassert and reallege paragraphs 1 through 27, inclusive, as though fully set forth and incorporate said paragraphs herein by reference.

29.     Due to Defendant's policy whereby Plaintiffs and Class Members were not paid for hours spent on what Defendant termed "stocking time" or "stocking duties" unless they failed to meet their minimum commission draw. Plaintiffs and Class Members were not paid minimum wage for each and every hour they worked for Defendant.

30.     The Defendant's conduct described in this Complaint violates the provisions of California Labor Code § 1197 which provides that the payment of a wage less than the minimum so fixed is unlawful.

31.     Defendant has failed, and continues to fail, to pay Plaintiffs and Class Members their minimum wages due.  Therefore, Plaintiffs and Class Members are entitled to recover the unpaid balance of minimum wage compensation Defendant owes, plus interest on that amount, liquidated damages, reasonable attorney's fees, and costs of this suit pursuant to California Labor Code § 1194(a) and §1194.2.

////

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 AND 203

32. Plaintiffs reassert and reallege paragraphs 1 through 31, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

33. The Defendant's conduct, as described in this Complaint, violates the provisions of California Labor Code § 203 which provides that "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days . . . . Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

34. Defendant's failure to pay Plaintiffs and/or any Class Members their minimum wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ, violated California Labor Code Section 201 and/or Section 202.

35. Therefore, Plaintiffs and/or any Class Members who are no longer employed by Defendant are entitled to recover from Defendant the statutory penalty for each day that they were not paid at their regular rate of pay up to a thirty (30) day maximum pursuant to California Labor Code § 203.

## THIRD CAUSE OF ACTION

## WILLFUL VIOLATION OF CALIFORNIA LABOR CODE § 226

36. Plaintiffs reassert and reallege paragraphs 1 through 35, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

37. Defendant either recklessly or knowingly and intentionally failed to provide Plaintiffs and Class Members an accurate itemized statement of all

/ / / /

9

minimum wages earned and all hours worked, as required under state law for each workday and each workweek.

38.     Therefore, Plaintiffs and Class Members are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4000), and an award of costs and reasonable attorney's fees pursuant to Labor Code § 226(e).

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS**

**CODE SECTIONS 17200 *et seq***

**UNFAIR BUSINESS PRACTICES**

39.     Plaintiffs reassert and reallege paragraphs 1 through 38, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

40.     Plaintiffs bring this cause of action on behalf of all current and former employees that worked for Defendant as "Commissioned Salespeople," or in a substantially similar position under a different title, within the state of California and who were not paid the state mandated minimum wage for all hours worked within the four-year period prior to the filing of this Complaint through the final disposition of this action.

41.     Defendant's failure to pay the legally mandated wages as discussed above in violation of California law constitutes an unlawful business act and practice in violation of Business and Professions Code §17200 *et seq.*

42.     Pursuant to Business and Professions Code Section 17200 *et seq.*, Plaintiffs and Class Members employed by Defendant are entitled to restitution of their uncompensated minimum wages accrued, which have been withheld and retained by Defendant during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendant to properly compensate "Commissioned Salespeople" for all of their minimum wages due; an award of

attorney fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law; and costs.

## **PRAYER FOR RELIEF**

### Certification

1.    That this action be certified as a Class pursuant to Federal Rules of Civil Procedure 23;

2.    That Plaintiffs be appointed as the representatives of the Class; and

3.    That Counsel for Plaintiffs be appointed as Counsel for the Class.

WHEREFORE, Plaintiffs and Class Members pray for relief against Defendant as follows:

### As to the First Cause of Action

1.     For general unpaid wages at minimum wage rates, and such general and special damages as may be appropriate;

2.    For reasonable attorney's fees pursuant to California Labor Code § 1194(a);

3.    For pre-judgment interest on any unpaid minimum wage compensation due from the day such amounts were due;

4.    For liquidated damages pursuant to California Labor Code § 1194.2(a) in an amount equal to the minimum wages unpaid and interest on that amount;

5.    For costs of suit incurred herein; and

### As to the Second Cause of Action

1.    For all actual, consequential, and incidental losses and damages, according to proof;

2.    For statutory penalties pursuant to California Labor Code § 203;

3.    For reasonable attorney's fees;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court may deem appropriate.

////

<u>As to the Third Cause of Action</u>

1.     For all actual, consequential, and incidental losses and damages, according to proof;

2.     For statutory penalties pursuant to California Labor Code § 226(e);

3.     For reasonable attorney's fees pursuant to California Labor Code § 226(e);

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem appropriate.

<u>As to the Fourth Cause of Action</u>

1.     For all actual, consequential, and incidental losses and damages, according to proof;

2.     For restitution of uncompensated minimum wages and accrued interest to all Class Members employed by Defendants in California;

3.     For a permanent injunction requiring Defendants to properly compensate all Class Members employed by Defendants in California for all of their minimum wages due;

4.     For reasonable attorney's fees, pursuant to Code of Civil Procedure § 1021.5;

5.     For costs of suit incurred herein; and

6.     For such other and further relief as the Court may deem appropriate.

DATED: January 25, 2011                    DEASON & ARCHBOLD


                                    By:    <u>/s/   David D. Deason</u>
                                           David D. Deason
                                           Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: January 25, 2011                    DEASON & ARCHBOLD


                                    By:    <u>/s/   David D. Deason</u>
                                           David D. Deason
                                           Attorneys for Plaintiffs

EXHIBIT  7

EXHIBIT  7

KATHRYN LEE BOYD, ESQ. (SBN 189496)
lboyd@srbr-law.com
DARCY R. HARRIS, ESQ. (SBN 200594)
dharris@srbr-law.com
JEFF D. NEIDERMAN, ESQ. (SBN 203818)
jneiderman@srbr-law.com
SHERLI SHAMTOUB, ESQ. (SBN 270022)
sshamtoub@srbr-law.com
SCHWARCZ, RIMBERG, BOYD & RADER LLP
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488
Fax: (323) 931-4990
*Attorneys for Plaintiffs Gina Balasanyan and
Nune Nalbandian and the Plaintiff Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA BALASANYAN, an individual, and NUNE NALBANDIAN, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NORDSTROM, INC., a Washington corporation; DOES 1-100, inclusive,<br><br>Defendants. | Case No.:  11cv2609 JM (WMc)<br><br>**[PROPOSED] SECOND AMENDED COMPLAINT FOR:**<br><br>**1. NONPAYMENT OF WAGES [Cal. Labor Code § 1194];**<br>**2. NONPAYMENT OF WAGES [29 U.S.C. § 206];**<br>**3. BREACH OF CONTRACT;**<br>**4. DECLARATORY RELIEF [Cal. Civ. Code Proc. 1060];**<br>**5. UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200 et seq.];**<br>**6. PRIVATE ATTORNEY GENERAL ACT ("PAGA") PENALTIES [Cal. Labor Code § 2699]**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

1       Individual and representative plaintiffs GINA BALASANYAN and NUNE

2 NALBANDIAN, (collectively, "Plaintiffs"), on their own behalf and on behalf of

3 all others similarly situated, upon personal knowledge as to themselves and upon

4 information and belief as to other matters, hereby allege as follows:

5                   **NATURE OF THE ACTION**

6 1.     For four (4) years prior to the filing of this Complaint (the "Liability

7 Period"), Defendant Nordstrom, Inc. ("Nordstrom" or "Defendant") has

8 systematically failed to compensate Gina Balasanyan and Nune Nalbandian and all

9 other salespeople currently or formerly employed on a commission basis ("Plaintiff

10 Class" or "Class Members") for the full amount of time they have worked at

11 Nordstrom. Nordstrom has also breached its employment contract with Class

12 Members by requiring Plaintiffs and Class Members to spend more than thirty

13 minutes per shift on non-commission work. Thus, this action seeks a nationwide

14 class action to recover unpaid wages, interest, statutory penalties, attorneys' fees

15 and costs, and all other damages owed to Ms. Balasanyan and Ms. Nalbandian and

16 the Plaintiff Class for the economic injury they have suffered.

17                       **JURISDICTION**

18 2.     Plaintiffs filed this action in the Superior Court of the State of California for

19 the County of Los Angeles on April 5, 2011 (Case No. BC458600). On July 11,

20 2011, Defendant Nordstrom removed this action to the United States District Court,

21 Central District of California, alleging jurisdiction pursuant to the Class Action

22 Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d) as well as federal question

23 jurisdiction pursuant to 28 U.S.C. 1331 and supplemental jurisdiction of California

24 state law claims pursuant to 28 U.S.C. § 1367.

25                         **VENUE**

26 3.     Plaintiffs originally filed this action in Los Angeles Superior Court, where

27 venue was proper because a substantial part of the events or omissions giving rise

28 to the claims occurred in Los Angeles County, Nordstrom maintains numerous

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

stores that employ a substantial number of Class Members in Los Angeles County,

and Representative Plaintiffs work at Nordstrom stores in Los Angeles County.

Defendant Nordstrom then removed this action from Los Angeles Superior Court to

the Central District of California, the district where the state court action was

pending, pursuant to 28 U.S.C. §1441(a). *See* Notice of Removal, July 11, 2011.

Subsequently, Honorable Dean D. Pregerson of the Central District of California

entered an order on November 9, 2011, granting Defendant's Motion to Transfer

Venue and ordering the action transferred to the Southern District of California.

## <u>PARTIES</u>

4.      Representative Plaintiffs Gina Balasanyan and Nune Nalbandian bring this

action on their own behalf and on behalf of all others similarly situated.

5.      Plaintiff Gina Balasanyan ("Balasanyan") is, and was at all times relevant

hereto, a resident of Los Angeles County. Gina Balasanyan has worked as a

commissioned salesperson for Nordstrom in Los Angeles County from 2003

through the present day.

6.      Plaintiff Nune Nalbandian ("Nalbandian") is, and was at all times relevant

hereto, a resident of Los Angeles County. Nalbandian has worked as a

commissioned salesperson for Nordstrom in Los Angeles County from 2003

through the present day.

7.      Plaintiffs are informed and believe and thereon allege that Defendant

Nordstrom is a Washington corporation with its principal place of business in

Seattle, Washington. Plaintiffs are further informed and believe and thereon allege

that Nordstrom operates at least 204 retail stores in 28 states, including numerous

retail stores within Los Angeles County.

8.      The true names or capacities of the Defendants sued herein under the

fictitious names DOES 1 through 100, inclusive, are unknown to Plaintiffs, who

therefore sue such Defendants by such fictitious names. Plaintiffs shall amend this

Complaint to allege their true names and capacities when the same have been

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

- 3 -

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

1    ascertained.

2    9.     Plaintiffs are informed and believe and thereon allege that each of the said

3    Defendants are in some manner intentionally, negligently, or otherwise responsible

4    for the acts, occurrences and transactions alleged herein.

5    10.    Plaintiffs are informed and believe and thereon allege that in performing the

6    unlawful acts alleged herein, each Defendant was the agent, employee, and

7    representative of each of the remaining Defendants, and in doing the unlawful

8    things alleged, was acting within the course, purpose, scope and authority of such

9    agency, employment or representation.

10    **GENERAL ALLEGATIONS**

11    11.    Plaintiffs and Class Members are retail sales staff who work at Defendant

12    Nordstrom and are paid commission wages based on net sales. Plaintiffs and Class

13    Members are required to clock in and out at the beginning and end of each work

14    shift.

15    12.    Pursuant to Nordstrom's written policy in its Employee Policy and Procedure

16    handbooks and manuals, Plaintiffs and Class Members may be required to spend up

17    to thirty (30) minutes off the sales floor during each work shift performing stock

18    assignments (hereinafter "Policy Period"). *See* Defendant Nordstrom's stock

19    assignment policy, a true and correct copy of which is attached hereto as <u>Exhibit A</u>.

20    Even though, by definition, Plaintiffs and Class Members are unable to earn any

21    commission during the Policy Period, Defendant treats the non-commission

22    yielding Policy Period as sell time.  By improperly categorizing the Policy Period

23    as "selling time", Defendants are denying Plaintiffs and Class Members *any*

24    compensation for the work performed during the Policy Period.

25    13.    Nordstrom also regularly requires Plaintiffs and Class Members to spend as

26    much as forty-five (45) minutes on stock assignments during any one work shift.

27    Stock assignments are not carried out on the sales floor, and can include activities

28    such as checking and inventorying merchandise, dusting, opening and closing the

- 4 -

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

cash register, putting away and taking out merchandise for the sales floor, and picking up alterations. Stock assignment activities may be carried out at any time during a salesperson's shift, but often occur before or after business opening hours.

14.    In addition, Plaintiffs and Class Members spend at least thirty (30) minutes during each work shift engaging in required marketing activity, often conducted away from the sales floor, including, but not limited to, contacting Nordstrom customers regarding new product lines and promotions, and writing thank you notes.  The required marketing activity cannot result in direct sales for Plaintiffs and Class Members because they cannot consummate a sale over the telephone. Also, similar to stock assignments, the required marketing activity restricts Plaintiffs and Class Members from carrying-out floor sales.

15.    Furthermore, Plaintiffs and Class Members are regularly required to be away from the sales floor to attend fifteen (15) to twenty (20) minutes evening staff meetings.  Plaintiffs and Class Members are clocked-in as commission employees during these staff meetings in violation of Nordstrom's employment handbook and policy.

16.    The combined time Plaintiffs and Class Members are required to engage in non-commission producing activities totals approximately one (1) hour and thirty (30) minutes per work shift (hereinafter "Non-Sale Period"), for which Plaintiffs and Class Members are not compensated.

17.    Although Plaintiffs should be compensated at a set hourly rate for work performed in the Non-Sell Period, they are not.  Aside from staff meetings, Nordstrom counts the Non-Sell Periods as "selling time" and does not compensate Plaintiffs for the Non-Sell Periods other than by commission. *See* Ex. A.

18.    Per the terms of Nordstrom's employment handbook and policy, during staff meetings, commission sales staff are instructed to clock in as hourly staff.  In fact, this meeting time is not included in the calculation of selling hours or commission, and salespeople are paid an hourly wage for such time.  Defendant is therefore

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

aware that time not spent on the sales floor should be compensated at the set hourly rate. Defendant has provided a mechanism for compensating Plaintiffs for such time. However, as noted above, Nordstrom has violated its own employment handbook and policy by conducting regular staff meetings without allowing commission employees to clock-in at their set hourly rates.

19. The applicable hourly rate in effect for Plaintiffs Balasanyan and Nalbandian is $10.85.

20. All Class Members have a set applicable hourly rate.

21. Because there is no possibility of Plaintiffs and Class Members making sales and earning commission during a Non-Sell Period, Plaintiffs and Class Members, in fact, are not compensated for any of the time spent during a Non-Sell Period.

22. As a result of Nordstrom's unfair and unlawful policies regarding the Policy Period and Non-Sell Periods, neither the Plaintiffs and Class Members' total number of selling hours, nor the sales-per-hour figure, is calculated based on an 8-hour sales shift. Plaintiffs and Class Members earn a lower commission than they would if they were allowed to actually make and close sales during the Non-Sell Period. Plaintiffs are informed, believe and thereupon allege that the Policy Period and Non-Sell Period are applied systematically throughout all of Nordstrom's store branches across the United States.

23. Nordstrom's policy and practice of counting the Non-Sell Period in the calculation of Plaintiffs and Class Members' commission wages violates the California *Labor Code* and the FLSA, both of which require employers to compensate employees for all hours worked. Further, the failure to pay full and accurate compensation to Plaintiffs and Class Members has created a benefit and windfall to Nordstrom to the detriment of Plaintiffs and Class Members, and constitutes an unlawful and unfair business practice in violation of the California *Bus. & Prof. Code*.

24. By denying commission employees their hourly rates for the time spent in

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

staff meetings, Nordstrom is not only violating labor laws but also breaching the

terms of its own employment handbook and policy. Further, Nordstrom is

breaching the terms of its employee handbook and policy by requiring commission

employees to spend additional time per shift engaged in Non-Sale Activity

including stock assignments above and beyond the maximum thirty (30) minutes

set forth in the employee handbook.

25.     Nordstrom failed to pay all wages earned by Plaintiffs and Class Members,

thus entitling them to back wages and statutory penalties under *Labor Code* § 1194;

*Bus. & Prof. Code* § 17200 et seq; and the FLSA. Plaintiffs seek to recover unpaid

wages earned, including the interest thereon, statutory penalties, reasonable

attorneys' fees, and litigation costs, on behalf of themselves and all other similarly

situated salespeople employed on commission at Nordstrom and its parents,

subsidiaries, affiliates, agents, successors, predecessors, and any entity acting or

purporting to act on its behalf pursuant to California Law.

## CLASS ALLEGATIONS

26.     This action is being maintained as a nationwide class action pursuant to Cal.

*Code Civ. Proc*. § 382 and/or Federal Rule of Civil Procedure 23 as to claims for

unpaid compensation, unfair and unlawful business practices, statutory penalties,

attorneys' fees, and costs. The Class Members have been denied compensation

during the Liability Period. Plaintiffs are representatives of those other employees

and are acting on behalf of their interests, as well as Plaintiffs' own interests in

bringing this action. These similarly-situated employees are known to Defendant

and are readily identifiable and locatable through Defendant's own records.

27.     The Plaintiff Class is defined as:

   All retail sales staff presently and formerly employed by Defendant in

   the United States during the Liability Period who are paid commission

   wages, and whose work time spent during any Non-Sell Period is

   compensated only by commission.

- 7 -

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

28. Plaintiffs reserve the right to amend or modify the Plaintiff Class description to include subclasses.

29. <u>Numerosity</u>. The employees in the Plaintiff Class are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, the facts upon which the calculation of that number could be ascertained are located within records presently under the sole control of Defendant. Plaintiffs are informed and believe and thereupon allege that there are thousands of class members. Furthermore, upon application by Plaintiffs' counsel for certification of the Class, the Court may be requested to also incorporate subclasses in the interests of justice and judicial economy. All Plaintiffs working within the Liability Period have been denied wages and payments due because of the unlawful policies and practices of Defendant.

30. <u>Commonality</u>. Common questions of law and fact exist as to the Class Members that predominate over any questions only affecting them individually, and include, but are not limited to, the following:

a. Whether Defendant violated California law by failing to compensate Class Members for their time spent working during any Non-Sell Period;

b. Whether Defendant violated federal law by failing to compensate Class Members for their time spent working during any Non-Sell Period;

c. Whether Defendant's Policy Period is in violation of public policy;

d. The nature and extent of class-wide injuries and the measure of damages and disgorgement to be paid by Defendant;

e. Whether Nordstrom breached the terms of its employment handbook and policy by requiring commission employees to attend staff meetings without clocking-in at their set hourly rates, and by requiring Class Members to spend more than thirty (30) minutes of selling time per shift away from the sales floor in Non-Sell activity.

31. <u>Typicality</u>. The claims of the Representative Plaintiffs are typical of the

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

claims of the Plaintiff Class. Each of the Representative Plaintiffs was subjected to the same violations of their rights under California law and seeks the same type of damages, restitution, and other relief, on the same theories and legal grounds, as those of the Class Members they seek to represent. The damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendant's unlawful and unfair practices.

32. <u>Adequacy of representation</u>. The Representative Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs' counsel are competent and experienced in litigating employment class actions and other complex litigation matters, including wage and hour cases for unpaid hours worked, as in this case.

**FIRST CAUSE OF ACTION**

**NONPAYMENT OF WAGES**

**[Cal. *Labor Code* § 1194]**

**[On behalf of Plaintiffs and the Class]**

33. Plaintiffs hereby incorporate by reference paragraphs 1 to 33 as though fully set forth herein.

34. During the Liability Period, Plaintiffs and Class Members have been employed by and performed work for Nordstrom and Does 1-100 as described above.

35. During the Liability Period, Plaintiffs and Class Members were and are required to spend as much as (1) hour and thirty (30) minutes per shift performing stock assignment and marketing activities. The Non-Sell Period often occurs before or after Nordstrom's operating hours. At no time during the Non-Sell Period is it

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

1   possible for Plaintiffs and Class Members to sell and earn commission.

2   36.     Defendant considers the Non-Sell Period as selling time, and includes it in

3   the calculation of commission.  Plaintiffs and Class Members earn commission

4   based on the net volume of sales they make. Accordingly, because Plaintiffs and

5   Class Members are prevented from selling during the Non-Sell Period, there is no

6   possibility of earning any commission for that period of time.

7   37.     As a result, Plaintiffs and Class Members receive no compensation for each

8   Non-Sell Period.

9   38.     *Labor Code* § 1182.12 provides for payment of minimum wage of not less

10  than $7.50 per hour on and after January 1, 2007, and not less than $8.00 per hour

11  on and after January 1, 2008. The California Department of Industrial Relations

12  implemented Section 1182.12 with the issuance of Minimum Wage Order MW-

13  2007.

14  39.     Pursuant to *Labor Code* § 1197, payment of less than the minimum is

15  unlawful. In violation of *Labor Code* § 1197, Defendant has failed and continues to

16  fail to pay Plaintiffs and Class Members *any* compensation for the work performed

17  during the Non-Sell Period.

18  40.     Defendant therefore owes Plaintiffs and Class Members the entire amount of

19  minimum wages due for each year worked during the Liability Period, because

20  Plaintiffs were not paid any compensation whatsoever for time worked during Non-

21  Sell Periods.

22  41.     In addition, during other work periods when Plaintiffs and Class Members

23  are unable to sell, for example, during staff meetings, Defendant pays them

24  applicable individual hourly rates. Given that Defendant has already set hourly rates

25  for each Plaintiff and Class Member, Defendant should be required to apply the

26  same applicable hourly rate to all Non-Sell Periods.

27  42.     Plaintiffs and Class Members are therefore entitled to recover the individual

28  hourly rates currently used by Nordstrom, or in the alternative, the applicable

- 10 -

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

minimum wage, to compensate Plaintiff and Class Members for all Non-Sell Periods worked during the Liability Period, plus interest on the amount owing.

43.     Pursuant to *Labor Code* § 1194(a), Plaintiffs are also entitled to their reasonable attorney's fees and costs incurred in this action.

44.     Pursuant to *Labor Code* § 203(a), Class Members who are no longer employed at Nordstrom, and who have not been compensated for the Non-Sell Period, are entitled to waiting time penalties.

## SECOND CAUSE OF ACTION

### NONPAYMENT OF WAGES

### [29 U.S.C. § 206]

### [On behalf of Plaintiffs and the Class]

45.     Plaintiffs hereby incorporate by reference paragraphs 1 to 44 as though fully set forth herein.

46.     Federal law also mandates payment of wages to employees for hours worked. Pursuant to the FLSA, Defendant is required to provide minimum levels of compensation to Plaintiffs and Class Members. Defendant Nordstrom is an enterprise engaged in interstate commerce through the sale of goods and merchandise in 28 states with aggregate revenues in excess of $500,000 per year.

47.     During the Liability Period, all Plaintiffs and Class Members have been employed by and performed work for Nordstrom and Does 1-100, as described above.

48.     During the Liability Period, Plaintiffs and Class Members were and are required to spend as much as (1) hour and thirty (30) minutes per shift performing stock assignment and marketing activities. The Non-Sell Period often occurs before or after Nordstrom's operating hours. At no time during the Non-Sell Period is it possible for Plaintiffs and Class Members to sell and earn commission. Defendant considers the Non-Sell Period as selling time, and includes it in the calculation of commission. Plaintiffs and Class Members earn commission based on the net

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

volume of sales they make. Thus, because Plaintiffs and Class Members are prevented from selling during the Non-Sell Period, there is no possibility of earning any commission for that period of time.

49.     As a result, Plaintiffs and Class Members receive and have received no compensation for each Non-Sell Period.

50.     29 U.S.C. § 206 provides for payment of minimum wage of not less than $5.85 per hour beginning on the 60th day after May 25, 2007, or July 24, 2007; $6.55 per hour beginning twelve (12) months after the 60th day, or July 24, 2008; and $7.25 per hour beginning twenty-four (24) months after the 60th day, or July 24, 2010. Defendant therefore owes Plaintiffs and Class Members the entire amount of minimum wages due for each year worked during the Liability Period, because Plaintiffs were not paid any compensation whatsoever for time worked during Non-Sell Periods. Nordstrom and Does 1-100 have failed and continue to fail to pay the amount due.

51.     In addition, during other work periods, when Plaintiffs and Class Members are unable to sell, for example, during staff meetings, Defendant pays them applicable individual hourly rates. Given that Defendant has already set hourly rates for each Plaintiff and Class Member, Defendant should be required to apply the same applicable hourly rate to all Non-Sell Periods.

52.     Plaintiffs and Class Members are therefore entitled to recover the individual hourly rates currently used by Nordstrom, or in the alternative, the applicable minimum wage, to compensate Plaintiff and Class Members for all Non-Sell Periods worked during the Liability Period, plus interest on the amount owing.

53.     Accordingly, Defendant violated 29 U.S.C. § 206, requiring payment of at least federal minimum wage.

///

///

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

# THIRD CAUSE OF ACTION

## BREACH OF CONTRACT

### [On behalf of Plaintiffs and the Class]

54.     Plaintiffs hereby incorporate by reference paragraphs 1 to 53 as though fully set forth herein.

55.     Nordstrom's employee handbook and policy constitutes an agreement with its commission employees, and provides that commission employees may be required to spend a maximum of thirty (30) minutes of selling time per shift, inclusive of any time before or after store hours, away from the sales floor.

56.     Nordstrom's employee handbook and policy further provides that commission employees must be compensated at their set hourly rates for their attendance at any meeting.

57.     Plaintiffs and Class Members have performed all their obligations under the agreement as set forth in Nordstrom's employee handbook and policy.

58.     Nordstrom has breached the agreement as set forth in its employee handbook and policy by requiring commission employees to spend an additional time per shift engaged in Non-Sale Activity including stock assignments above and beyond the maximum thirty (30) minutes set forth in the employee handbook and policy.

59.     Nordstrom has further breached the agreement by regularly requiring commission employees to attend staff meetings without allowing them to clock-in at their hourly rates.

60.     As a result of Nordstrom's breaches, Plaintiff and Class Members have been damaged in an amount to be established at the time of trial.

///

///

///

///

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

## FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF

### [Cal. Civ. Code Proc. 1060

### [On behalf of Plaintiffs and the Class]

61.     Plaintiffs hereby incorporate by reference paragraphs 1 to 60 as though fully set forth herein.

62.     An actual controversy exists regarding the validity of Defendant's Policy Period.  Plaintiffs allege that Defendant's Policy Period is in violation of public policy because, pursuant to the Policy Period, Defendant has denied, and continues to deny, Plaintiffs and Class Members compensation for work performed during Non-Sell Periods.  Defendant has been implementing the Policy Period throughout the Liability Period and up to the date of filing this complaint.

63.     Accordingly, Plaintiffs and Class Members request that the Court declare that the Policy Period is in violation of public policy, and therefore, void and unenforceable.

## FIFTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### [Cal. *Bus. & Prof. Code* § 17200 et seq.]

### [On behalf of Plaintiffs and the Class]

64.     Plaintiffs hereby incorporate by reference paragraphs 1 to 63 as though fully set forth herein.

65.     Defendant's failure to compensate Plaintiffs and Class Members for the Non-Sell Periods, as alleged herein, is in violation of California and federal law, and constitutes an unlawful business practice under Cal. *Bus. & Prof. Code* § 17200 et seq.

66.     Plaintiffs and Class Members are entitled to injunctive relief pursuant to Cal. *Bus. & Prof. Code* § 17203 to enjoin Defendant from continuing its unlawful practice of denying commission based employees compensation for work

- 14 -

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

performed during the Non-Sell Period.

67.     Plaintiff and Class Members are also entitled to restitution pursuant to Cal. *Bus. & Prof. Code* § 17203 of their uncompensated hourly rate, or minimum wage, which Nordstrom has unlawfully withheld and retained during the Liability Period.

68.     Moreover, the conduct of Defendant as alleged herein has been and continues to be deleterious to Plaintiffs, Class Members and the general public, and Plaintiffs are seeking to enforce important rights affecting the public interest within the meaning of *Code Civ. Proc*. § 1021.5.

69.     Defendant's unfair business practices have injured and will continue to injure Plaintiffs, Class Members and members of the general public in amounts according to proof. Unless they are restrained from so doing, Defendant will continue to engage in the unlawful business practices alleged herein and will continue to cause irreparable injury to Plaintiffs and/or to members of the general public, who have no adequate remedy at law.

70.     As a result of Defendant's acts as alleged herein, Plaintiffs are entitled to reasonable attorneys' fees and costs of suit as provided by *Bus & Prof. Code* § 17200 et seq.

<u>**SIXTH CAUSE OF ACTION**</u>

**PRIVATE ATTORNEYS GENERAL ACT PENALTIES**

**[*Labor Code* § 2699]**

**[On behalf of Plaintiffs and the Class]**

71.     Plaintiffs hereby incorporate by reference paragraphs 1 to 70 as though fully set forth herein.

72.     Under the Private Attorneys General Act of 2006 ("PAGA"), Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees, may recover penalties under any provision of the Labor Code that provides for civil penalties.  These penalties are in addition to any other relief available under the Labor Code.

- 15 -

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.

73.     As set forth above, Defendants have committed violations for which the Labor Code provides penalties, including sections 201, 202, 203 and 1194.

74.     Plaintiffs have provided written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case.

75.     Plaintiffs have exhausted their administrative remedies.  Plaintiffs have received notification from the LWDA, pursuant to a letter dated October 25, 2011, that it does not intend to investigate the alleged violations.

76.     As a direct result of Defendant's conduct as described, Plaintiffs are entitled to recover, on their own behalves and on behalf of others similarly situated, the maximum civil penalties permitted by the Private Attorneys General Act from Defendant for all violations of Labor Code §§ 201, 202, 203 and 1194, as well as reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, and requests relief as follows:

1.     For compensatory damages in an amount to be determined at trial for unpaid wages owed to Plaintiffs and Class Members;

2.     For interest on the amount of compensatory damages owed to Plaintiffs and Class Members in an amount to be determined at trial;

3.     For waiting time penalties, pursuant to Cal. *Labor Code* § 203, in an amount to be determined at trial;

4.     For penalties pursuant to PAGA in an amount to be determined at trial;

5.     For reasonable attorneys' fees pursuant to Cal. *Labor Code* § 1194(a) and/or Cal. *Code Civ. Proc.* § 1021.5;

6.     For disgorgement of profits and/or other revenue from the illegal actions of Defendant;

7.     For liquidated damages pursuant to 29 U.S.C. § 216(b);

- 16 -

8.　　For equitable relief, including but not limited to, a preliminary injunction and/or permanent injunction against Defendant enjoining them from continuing the unfair business practices and/or unfair trade practices described herein; Ordering Defendant to post signs at each of its retail stores announcing that Defendant has been found by a court of law to have engaged in unfair business practices and/or unfair trade practices in their business, that Defendant is under court order to cease all such unfair business practices and/or unfair trade practices, and that any persons believing that Defendant is continuing to engage in unfair business practices and/or unfair trade practices should contact the state Attorney General to report the incident;  Establishing reasonable monitoring procedures to ensure that Defendant does not engage in unfair business practices and/or unfair trade practices in the future; and other appropriate injunctive relief;

9.　　For costs of suit and reasonable attorneys' fees incurred herein;

10.　　For prejudgment interest according to law; and

11.　　For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury on all issues to which they are entitled to have tried by jury.

Dated: March 5 2012　　　SCHWARCZ, RIMBERG, BOYD & RADER LLP


By: /s/ KATHRYN LEE BOYD
KATHRYN LEE BOYD
DARCY HARRIS
JEFF D. NEIDERMAN
SHERLI SHAMTOUB
Attorneys for Plaintiffs, on their own behalf
and on behalf of all others similarly situated

- 17 -

[PROPOSED] SECOND AMENDED COMPLAINT
Balasanyan et al. v. Nordstrom, Inc.